Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
Kelsey M. Schultz, SBN 328159
kelsey@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879
Attorneys for Plaintiff
POCKETBOOK INT'L SA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POCKETBOOK INT'L SA;<br><br>          Plaintiff,<br><br>vs.<br><br>DOMAIN ADMIN/SITETOOLS, INC.;<br>and PHILIP ANCEVSKI aka FILIP<br>ANCEVSKI;<br><br>          Defendants. | Case No.:  2:20-cv-8708<br><br>**COMPLAINT FOR:**<br>1. **Federal Trademark Infringement under Sections 32, 34, and 35 of the Lanham Act 15 U.S.C. §§ 1114, 1116, and 1117**<br>2. **Trademark Dilution under Section 43(c) of the Lanham Act 15 U.S.C. § 1125(c)**<br>3. **Unfair Competition Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)**<br>4. **Anti-Cybersquatting Piracy Act under Section 43(d) of the Lanham Act 15 U.S.C. § 1125(d)**<br>5. **Common Law Unfair Competition/Trademark Infringement**<br>6. **Violation of California Consumer Protection Act Cal. Bus. & Prof. Code §§ 17200 et seq.**<br>7. **Cancellation of the U.S. Registration No.: 4,099,793 15 U.S.C. §§ 1064 and 1119**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Pocketbook International SA ("Pocketbook" or "Plaintiff"), by its counsel, hereby demands a jury trial and complains of Defendants Domain Admin/SiteTools, Inc. and Philip Ancevski aka Filip Ancevski (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.      This is a civil action for (i) direct trademark infringement and false designation of origin of Plaintiff's federally-registered trademarks in violation of Section 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 et seq.; (ii) cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (iii) unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and (iv) related state and common law claims.  As set forth below, through their use of the internet domain name "POCKETBOOK.COM" ("Domain Name"), Defendants have willfully and knowingly infringed Plaintiff's federally-registered trademarks for POCKETBOOK, and have acted as cybersquatters by profiting from the goodwill associated with Plaintiff's marks and unfairly diverted consumers from Plaintiff's websites to Defendants' own website at "POCKETBOOK.COM" by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendants' website located at the Domain Name "POCKETBOOK.COM."

2.      As a result of Defendants' infringing conduct, Plaintiff seeks a declaratory judgment of infringement, permanent injunctive relief, transfer of the domain name "POCKETBOOK.COM" to Plaintiff, the recovery of actual damages, Defendants' profits, trebled damages, statutory damages, costs, attorneys' fees, and such other relief as the Court deems just and proper.

## PARTIES

3.      Plaintiff Pocketbook International SA is a company organized under the laws of Switzerland and located at Crociccio Cortogna, 6, 6900 Lugano, Switzerland. Pocketbook International SA operates all business associated with the POCKETBOOK

products.

4.     On information and belief, Domain Admin/SiteTools, Inc., is a company organized under the laws of the State of California and located at 1101 Lincoln Boulevard, Santa Monica, CA 90403. On information and belief, Domain Admin/SiteTools, Inc. owns, operates and administers the domain POCKETBOOK.COM.

5.     On information and belief, Philip Ancevski aka Filip Ancevski ("Mr. Ancevski") is a resident of the State of California and a sole owner/director of the Domain Admin/SiteTools, Inc. It is further believed that Mr. Ancevski is conscious, dominant and active force behind the wrongful acts of the Domain Admin/SiteTools, Inc., in which Domain Admin/SiteTools, Inc. has engaged in as set forth below for the benefit of Mr. Ancevski and for his own individual gain and benefit.

## JURISDICTION AND VENUE

6.     This action arises under federal trademark laws, 35 U.S.C. §§ 1051 *et seq.*, and thus this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

7.     This Court has personal jurisdiction over Defendants because Defendants reside in the State of California and are directly engaging in the infringing conduct within the States of California, as alleged herein.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because Defendants conduct, transact and/or solicit business in this judicial district such that its contacts with this district subject them to personal jurisdiction with respect to this action and, upon information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims, specifically the infringement of Plaintiff's Trademark POCKETBOOK, has occurred, and continues to occur in this judicial district, causing damage to Plaintiff in this judicial district.

# FACTS

## Pocketbook Trademark Rights

9.     Pocketbook is a well-known and recognized leader in the field of e-readers, and was established as early as 2008. *See* Exhibit A-1.  Pocketbook offers e-reader devices, variety of reading software applications, and cloud-based services that allow users to maintain and manage their e-libraries, synchronize e-books and bookmark their reading materials across all of their devices. *See* Exhibit A-2. Many of the Pocketbook e-readers have been certified by the Federal Communication Commission (FCC). The Pocketbook e-reader has been described as a "super comfortable e-book reading app from one of the world's leading experts in e-reading." *See* Exhibit A-3. The Pocketbook application has been installed almost four million times on Google Play market and has been installed in excess of two hundred twenty thousand times on iOS market. *See* Exhibit A-3.

10.     Pocketbook has sold its products on four continents, including North America, South America, Europe and Asia. Pocketbook has offices in Lugano, Switzerland; Moscow, Russia; Dresden, Germany; Kyiv, Ukraine; and Shenzhen, China. Pocketbook has produced and sold over fifty (50) different models of e-readers and has sales in excess of forty countries, including most European countries, Russia, eastern Europe, Brazil, and the United States. *See* Exhibit B.

11.     Pocketbook's products are sold at various partner locations in the United States and around the world, including on-line marketplaces, such as amazon.com, amazon.de, amazon.es, amazon.it, alzsa.cz, newegg.com, eprice.it; and in retail stores such as Carrefour, MediaMarkt, Power (Dixon Group), Technopolis, Cultura, Auchan, Conrad, PC components, Euronics, Interdiscount, France Luiser, Apollo, Decitre, Conad, Eldorado and many others. The vast superiority of the Pocketbook's products resulted in sales of millions of units. In 2017 alone, Complainant shipped approximately 836,000 units, the third largest number of units shipped by any e-reader company worldwide. *See*

Exhibit C.

12.     The recognition of high quality and popularity of the Pocketbook's products and services are demonstrated by the consistent and constant reviews, and third-party articles regarding Pocketbook's products. *See* Exhibits D-1 to D-3.

13.     Pocketbook has attended numerous industry events where it received overwhelming recognition from its peers and consumers, for example, Consumer Electronics Show (CES) in Las Vegas Nevada, IFA show in Germany, Distree EMEA at Monaco, Salon du Livre in Paris, The Electronics Retail Summit in Maryland, USA, Distree Brazil & LatAm in Brazil, Vilnius Book Fair, Microsoft NT Conference in Slovenia, and Distree APAC in Singapore and other.  Pocketbook products have received numerous awards and recognition certificates. For example, since 2009 the Pocketbook products have received POCKETBOOK 360 - Lesen.net, 2009 (Germany); POCKETBOOK 302 - "Best Product of the Year", June, 2009 (Russia); Brand "PocketBook" - Product of the Year, 2009 (Russia); POCKETBOOK 301 – the IXBT "Original Design" in November, 2009 (Russia); POCKETBOOK 360 New - by DigiMedia Portal as Editorial Choice, Russia, 2010; POCKETBOOK A10 - the RedDot Award 2012; POCKETBOOK Touch Lux 2 – Red Dot Award 2014; POCKETBOOK Reader Flex – Red Dot Award 2015; and POCKETBOOK Touch Lux 3 – selected by Altroconsumo as best e-reader in Italy, 2019; Best Design PocketBook Touch HD 3 and PocketBook Touch Lux 4 - RedDot Award 2019. In fact, Pocketbook's products have received a prestigious Red Dot Award four times. Further, Pocketbook received the DISTREE EMEA 2016 and 2017 Diamond Award in the PCs, Tablets & E-Readers category. *See* Exhibit E.

14.     Plaintiff owns all rights, title and interest in U.S. Trademark Registrations Nos.: 3,675,976 and 4,820,128, which are design trademarks that include word element "pocketbook" for Pocketbook's products and services, including, in part, portable and handheld digital electronic devices and downloadable computer programs for transmitting, sharing, receiving, downloading, displaying and transferring content

("Pocketbook Marks"). True and correct copies of the registration certificate, renewal notice, and abstracts of title for the Pocketbook Marks are attached hereto as <u>Exhibits F-G</u> and incorporated herein by reference. The Pocketbook Marks were registered with the U.S. Patent and Trademark Office ("USPTO") on September 01, 2009 (No. 3,675,976) and September 29, 2015 (No. 4,820,128), and are currently in force.

15. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Pocketbook's federal registration certificates for the Pocketbook Marks are prima facie evidence of the validity of the Pocketbook Marks.

16. Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, one of the Pocketbook Marks (U.S. Reg. No.: 3,675,976) has become incontestable. Copies of the USPTO Trademark Status and Document Retrieval (TSDR) status page showing acknowledgment of Incontestability under Section 15 for U.S. Reg. No.: 3,675,976 is attached hereto as <u>Exhibit F</u> and incorporated herein by reference. Based on its incontestability under Section 15 of the Lanham Act, 15 U.S.C. § 1065, the federal registration of this mark is conclusive evidence of Pocketbook's exclusive right to use this marks in commerce in connection with the goods identified in the registration.

17. To create and maintain goodwill among its customers, Pocketbook and its subsidiaries and/or licensees have taken significant steps to assure that all products and services bearing the Pocketbook Marks are of the highest quality. The Pocketbook Marks are extremely valuable to Pocketbook because consumers purchase Pocketbook readers and services based on the goodwill and quality that Pocketbook Marks signify.

18. As set forth above, the Pocketbook Marks are famous and are widely recognized both by the public and trade, and has built up extensive goodwill.

19. The Pocketbook Marks are also inherently distinctive trademarks to both the public and trade in connection with the products and services offered under the marks. Moreover, the Pocketbook Marks serve as a designator of origin of products and services originating from or sponsored or licensed by Pocketbook.

20. Pocketbook has never authorized the Defendants to use the Pocketbook

Marks, or any confusingly similar marks on any e-readers or software applications.

## **Defendants Business Model**

21.     On information and belief, Defendants engage in a business model of registering domains of well-known brands with intent to sell the domains to the lawful owners of the brands or, alternatively, to divert the internet traffic from the legitimate websites to the Defendants' own websites by creating a confusion as to the source and sponsorship. On information and belief, Defendants' have registered over four hundred twenty-seven domains.

22.     On information and belief, in order to legitimize the ownership of the domains, Defendants attempt to fraudulently register trademarks with the USPTO that are similar to the domain names they register.

## **Defendants Infringing Conduct**

23.     Upon information and belief, Defendants, have registered the Domain Name "POCKETBOOK.COM" after the Pocketbook has been consistently and with great success selling its products and services under the Pocketbook Marks. That is, at the time of the registration of the Domain Name, the Pocketbook was well established and well known in the marketplace for its e-readers and associated services.

24.     Pocketbook's use of the Pocketbook Marks in commerce began prior to Defendant's registration of the Domain name.

25.     Upon information and belief, Defendants initially used the Domain Name to link the Domain Name to third-party websites for e-readers. That is, the Domain Name was used to connect the users of the Domain Name with the direct competitors of the Pocketbook, so that the user can purchase the competing products. Moreover, the Pocketbook Marks have been prominently displayed on the websites associated with the Domain Name. *See* <u>Exhibit H</u>.

26.     The Domain Name subsequently was redirected to a link website for

financial products, and finally to the website *refinancemortgage.com* that provides "an online application to manage and share your financial goals and needs." *See* <u>Exhibit H</u>. The Pocketbook Mark continues to be prominently displayed on the webpage of the domain name *refinancemortgage.com. Id.* It is clear that the only rationale for registering the Domain Name is to capitalize on the consumers' awareness of Pocketbook's products and services associated with the Pocketbook Marks by diverting the Pocketbook consumers to Defendants' products and services, or Pocketbook competitors' products and services.

27.   On information and belief, Defendants previously have misappropriated internet traffic of Pocketbook by using Pocketbook Marks to advertise and purchasing advertisements for the Domain Name on various news websites that publish information about e-readers. However, Defendants latest illicit strategy is to use the popularity of Pocketbook's products and Pocketbook Marks to attract consumers seeking Pocketbook products by causing confusion amongst consumers. For example, Pocketbook released a new product (color e-reader) that became very successful, and as a result the internet traffic to the Domain Name has increased in correlation with the release of the new color e-reader. *See* <u>Exhibit I</u>.

28.   Moreover, genuine and actual confusion exists in the marketplace as a result of the Defendants' infringing conduct. For example, Pocketbook's partner IT Reseller[1] inadvertently used the Domain Name (owned by Defendants) when placing an advertisement for Pocketbook's new color e-reader. [2]

29.   On information and belief, Defendants fraudulently filed for and obtained the United States trademark registration for POCKETBOOK.COM (U.S. Reg. No.: 4,099,793) for website design and publishing, as well as computers services. *See* <u>Exhibit J</u>. However, on information and belief, Defendants have not used the POCKETBOOK.COM with the designated in the registration services, but rather use

---

[1] itreseller.es
[2] https://drive.google.com/drive/folders/1DByUFqNyBMcuRKDKmMezoiAxHD-f9NIT

their improperly obtained trademark to legitimize their infringing use of the Domain Name. In fact, the website *refinancemortgage.com* displays Pocketbook Mark (i.e. POCKETBOOK), rather than Defendants' mark POCKETBOOK.COM. *See* <u>Exhibit J</u>.

30.    Defendants are well aware that they infringe Pocketbook's intellectual property rights and are causing significant harm to Pocketbook. Defendants, however, have not resolved or addressed these issues, despite having knowledge, opportunity and means to do so. For example, Pocketbook has offered to purchase the Domain Name from the Defendants, but Defendants refused to come to an agreement by callously offering to sell the Domain Name for "six figures" despite the Domain Name being used only for infringing and illicit purposes. *See* <u>Exhibit K</u>.

31.    Defendants' aforementioned conduct is in bad faith and with intent to profit on the goodwill symbolized by the Pocketbook Marks by causing likelihood of confusion, mistake and deception as to the source and sponsorship of the Domain Name.

32.    Defendants' aforementioned conduct causes likelihood of confusion, mistake and deception as to the source of the Domain Name, and inflcts irreparable harm on the goodwill symbolized by the Pocketbook Marks.

33.    As a result of Defendants' unlawful infringing activities, Pocketbook has suffered irreparable harm, and, unless this Court enjoins Defendants, will continue to suffer irreparable harm for which there is no adequate remedy at law.

## **FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement under Sections 32, 34, and 35 of the Lanham Act (15 U.S.C. §§ 1114, 1116, and 1117))**

34.    Pocketbook repeats and incorporates by reference the allegations in the preceding paragraphs.

35.    Defendants with knowledge of Pocketbook's well-known and prior rights in the Pocketbook Marks, intentionally and willfully used and/or continuing to use the Pocketbook Marks in connection with advertisement, promotion and sale of the

Defendants' infringing products, third-party product and services without authorization.

36.     Defendants' of the Pocketbook Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression among the general public and is likely to deceive consumers, the public, and the trade into believing that Defendants' Domain Name, goods and/or services are associated or connected with Pocketbook, or have the sponsorship, endorsement, or approval of Pocketbook.

37.     As a result of Defendants' infringing activities, Pocketbook has suffered and/or is likely to suffer actual monetary damages, while Defendants have been and continue to be unjustly enriched.

38.     As a direct and proximate result of Defendants' infringing actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Pocketbook, its business, reputation, and valuable rights in and to the Pocketbook Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Pocketbook has no adequate remedy at law.

39.     Defendants infringement of the Pocketbook Marks has been and remains intentional and knowing, entitling Pocketbook to treble the actual damages and an award of attorneys' fees under 35 U.S.C. § 1117.

40.     Each and every separate act of federal trademark infringement by Defendants constitutes a separate claim herewith.

## SECOND CAUSE OF ACTION

**(Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. §1125(c))**

41.     Pocketbook repeats and incorporates by reference the allegations in the preceding paragraphs.

42.     The Pocketbook Marks are distinctive and famous, and have been since prior to Defendants' unauthorized use of the Pocketbook Marks.

43.     The Pocketbook Marks have powerful consumer associations such that even non-competing uses can impair their value.

44.    Defendants' infringing activities have diluted the distinctive quality of the Pocketbook Marks in violation of 15 U.S.C. § 1125(c).

45.    Defendants' willfully intended to trade on Pocketbook's reputation or cause dilution of the Pocketbook Marks, and continues to do so, entitling Pocketbook to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

### THIRD CAUSE OF ACTION

### (Unfair Competition under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a))

46.    Pocketbook repeats and incorporates by reference the allegations in the preceding paragraphs.

47.    Defendants unauthorized use of the Pocketbook Marks in interstate commerce wrongly and falsely designates, describes, or represents the Defendants' infringing products and services, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Defendants' infringing products and services with Pocketbook, or as to the sponsorship or approval of this product by Pocketbook.

48.    Defendants' actions therefore violate Pocketbook's rights in its distinctive Pocketbook Marks in violation of 15 U.S.C. § 1125(a).

49.    Defendants' conduct with respect to the Pocketbook Marks has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, while unjustly enriching Defendants, for which there is no adequate remedy at law.

### FOURTH CAUSE OF ACTION

### (Anti-Cybersquatting Piracy Act under Section 43(d) of the Lanham Act (15 U.S.C. §1125(d))

50.    Pocketbook repeats and incorporates by reference the allegations in the preceding paragraphs.

51.    Upon information and belief, Defendants have a bad faith intent to profit

from the registration and use of the Domain Name (pocketbook.com) by creating an association with Pocketbook's famous Pocketbook Marks as to source or sponsorship.

52.    The Internet Domain is confusingly similar to the Pocketbook Marks, and dilutes the distinctive qualities of the Pocketbook Marks.

53.    Defendants' actions therefore violate Pocketbook's rights in its distinctive Pocketbook Marks in violation of 15 U.S.C. § 1125(d).

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition/Trademark Infringement)

54.    Pocketbook repeats and incorporates by reference the allegations in the preceding paragraphs.

55.    Defendants' unauthorized use of the Pocketbook Marks constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Pocketbook of the use of the Domain Name. Consumers are, for example, likely to believe that the services and products advertised or sold through Defendants' websites originate with Pocketbook, are licensed by Pocketbook, and/or are sponsored by, connected with, or related to Pocketbook.

56.    Defendants infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California. Defendants' actions with respect to the Pocketbook Marks have caused and will continue to cause serious and irreparable injury to Pocketbook, unless enjoined by this Court, including within this State, for which it has no adequate remedy at law.

/ / /

/ / /

/ / /

## SIXTH CAUSE OF ACTION

### (Violation of California Consumer Protection Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*))

57.     Pocketbook repeats and incorporates by reference the allegations in the proceeding paragraphs.

58.     Defendants' unauthorized use of the Pocketbook Marks wrongly and falsely designates, describes, or represents the Defendants' infringing products and services on the Domain Name, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Domain Name with Pocketbook, or as to the sponsorship o approval of the Domain Name by Pocketbook.

59.     Defendants' actions as detailed above violate Pocketbook's rights in its distinctive Pocketbook Marks and constitute unlawful, unfair, or fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

60.     Defendants' conduct with respect to the Pocketbook Marks have caused and will continue to cause serious and irreparable injury to Pocketbook, unless enjoined by this Court, while unjustly enriching Defendants, for which it has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

### (Cancellation of the U.S. Registration No.: 4,099,793 (15 U.S.C. §§1064 and 1119))

61.     Pocketbook repeats and incorporates by reference the allegations in the proceeding paragraphs.

62.     Defendants claim ownership of the U.S. Registration No.: 4,099,793 to the term "POCKETBOOK.COM." *See* <u>Exhibit J</u>.

63.     Defendants have not used the "POCKETBOOK.COM" mark with the services designated in the registration, but rather use their improperly obtained trademark to legitimize their infringing use of the Domain Name. For example, the website *refinancemortgage.com* displays Pocketbook Mark (i.e. POCKETBOOK), rather than

Defendants' mark POCKETBOOK.COM.  In fact, Defendants submitted the specimen to the United States Patent and Trademark Office that shows the Defendants' use of the Pocketbook's mark "POCKETBOOK", and not the "POCKETBOOK.COM" mark for which the specimen was submitted. *See* <u>Exhibit J</u>.

64.　　Accordingly, Defendants have abandoned the U.S. Registration No.: 4,099,793 for term "POCKETBOOK.COM."

65.　　Pursuant to the Lanham Act, the Court has jurisdiction to order the United States Patent and Trademark Office to make appropriate entries on the Federal Register with respect to the U.S. Registration No.: 4,099,793, and its inability to serve as a proper indicator of origin, due to its abandonment.

## **PRAYER FOR RELIEF**

WHEREFORE, Pocketbook respectfully requests the Court grant the following relief:

A.　　Entry of a judgment that Defendants have infringed the Pocketbook Marks in violation of Pocketbook's rights under 15 U.S.C. § 1114 and under common law;

B.　　Entry of a judgment that Defendants have competed unfairly with Pocketbook in violation of Pocketbook's rights under 15 U.S.C. § 1125(a) and the common law;

C.　　Entry of a judgment that Defendants have violated Cal. Bus. & Prof. Code §§ 14200 *et seq.* and §§ 17200 *et seq*;

D.　　Ordering Defendants to relinquish all rights in the Domain Name (pocketbook.com); and directing Defendants or any other party in position to do so, to transfer the Domain Name to Pocketbook;

E.　　Ordering Defendants to relinquish all rights in the Defendants' trademark POCKETBOOK.COM (U.S. Reg. No.: 4,099,793);

F.　　Entry of a judgment against Defendants for monetary damages in an amount

to be proven at trial, including but not limited to, statutory damages and/or all amounts necessary to compensate Pocketbook for Defendants' wrongful use of the Pocketbook Mark, including reasonable attorneys' fees and costs;

G.    Entry of a judgment against Defendants for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendants' unlawful acts alleged herein with respect to the Pocketbook Marks, said award to equal at least treble Defendants' actual damages under 15 U.S.C. § 1117; and

H.    Such other and further relief as the Court may deem just and proper.

Dated:  September 22, 2020        Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
POCKETBOOK INT'L SA

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, through their attorneys of record, hereby demand trial by Jury.

Dated:  September 22, 2020

Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

<u>/s/ Milord A. Keshishian</u>
Milord A. Keshishian
Attorneys for Plaintiff
POCKETBOOK INT'L SA

**COMPLAINT**