Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
Kelsey M. Schultz, SBN 328159
kelsey@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879
Attorneys for Plaintiff
POCKETBOOK INT'L SA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| POCKETBOOK INT'L SA; | ) Case No.: 2:20-cv-8708 DMG (PDx) |
| | ) |
| Plaintiff, | ) **POCKETBOOK INT'L SA'S** |
| | ) **OPPOSITION TO DEFENDANTS'** |
| vs. | ) **MOTION TO DISMISS PURSUANT** |
| | ) **TO FED. R. CIV. P. 12(b)(6)** |
| DOMAIN ADMIN/SITETOOLS, INC.; | ) |
| and PHILIP ANCEVSKI aka FILIP | ) |
| ANCEVSKI; | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.      Introduction

Defendant SiteTools' motion should be stricken because it has been a suspended corporation since at least 2017 and without standing to participate in either this motion or the Uniform Domain-Name Dispute-Resolution Proceeding ("UDRP") proceeding. Request For Judicial Notice ** ("RFJN").

Defendants' Motion fails to cite a single controlling case dismissing a Section 1125(d) cybersquatting claim based on res judicata stemming from a Uniform Domain-Name Dispute-Resolution Proceeding ("UDRP") decision.  No such authority exists because the UDRP itself provides that its panel's ruling may be litigated in federal court, *de novo*.  *See* UDRP ¶ 4(k).  Numerous courts have also denied similar baseless arguments as those presented here.  *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 26–27 (1st Cir. 2001) ("UDRP explicitly contemplates independent [*de novo*] review in national courts" of UDRP panel decisions); *Loblaw Companies Ltd. v. Azimi*, No. C 00 3591 WHO, 2001 WL 36028016, at *4 (N.D. Cal. Oct. 17, 2001) ("As the UDRP expressly permits the Court to independently resolve the parties' disputes, the Court finds that it may conduct a *de novo* review of the issues, without further consideration of the arbitrator's decision.").

Because a party to a UDRP proceeding may seek *de novo* review in federal court, as Pocketbook has done here, Defendants' lengthy analysis of collateral estoppel and issue preclusion elements are meritless.  Thus, Defendants' motion to dismiss must be summarily denied.

## II.     Statement of Facts

Pocketbook Int'l SA ("Pocketbook") is a well-known and recognized leader in the field of e-readers, and was established as early as 2008.  Pocketbook offers e-reader devices, variety of reading software applications, and cloud-based services that allow users to maintain and manage their e-libraries, synchronize e-books and bookmark their reading materials across all of their devices.  The Pocketbook application has been

installed almost four million times on the Google Play market and has been installed in excess of two hundred twenty thousand times on the iOS market.  Pocketbook owns all rights, title and interest in U.S. Trademark Registrations Nos. 3,675,976 and 4,820,128, which are design trademarks with the word element "pocketbook" for Pocketbook's products and services, including, in part, portable and handheld digital electronic devices and downloadable computer programs for transmitting, sharing, receiving, downloading, displaying and transferring content.

Long after Pocketbook's trademark rights were established, Defendants – notorious cybersquatters – acquired the pocketbook.com domain name in bad faith and tried to sell it to Pocketbook for an exorbitant sum.  Defendants are experienced cybersquatters who also file trademark applications for the domain name to cloak themselves with an air of legitimacy.  Defendants' cybersquatting misconduct is detailed in paragraphs 21 to 33 and 50 to 53 of the Complaint.  ECF No. 1.  In August 2019, Pocketbook filed a UDRP complaint with the FORUM and the three-member panel returned an incorrect decision allowing Defendants to maintain the illicitly obtained domain name.  As provided under paragraph 4(k) of the UDRP, Pocketbook filed this lawsuit to seek de novo review of the decision, besides trademark infringement and unfair competition claims.  Thus, because the panel's decision is tentative and does not constitute a final appealable decision, it does not provide preclusive effect and Defendants' motion to dismiss should be denied.

## III.    Rule 12(b)(6) Motion to Dismiss Standard

Rule 12(b)(6) motions are viewed with disfavor.  *Broam v. Bogan*, 320 F3d 1023, 1028 (9th Cir. 2003).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, (2007).  Further, the court must draw all reasonable inferences from those allegations including construing the complaint in the light most favorable to the plaintiff.  *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006).  But the court is "not

bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (alteration in original; citation omitted).

A complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## IV.   Legal Argument

### A.   SiteTools is a Suspended Corporation and Barred from Pursuing this Motion to Dismiss

SiteTools remains a suspended corporation and cannot appear in this Court. Under Federal Rule of Civil Procedure 17(b)(2), the "[c]apacity to sue or be sued is determined" for corporations "by the law under which [the corporation] was organized." Fed.R.Civ.P. 17(b)(2). Because SiteTools is a California corporation, a suspended California corporation may not participate in any litigation activities. *Palm Valley Homeowners Assn., Inc. v. Design MTC*, 85 Cal. App. 4th 553 (App. 4th Dist. 2000). Even filing a demurrer is "an unauthorized act by a suspended corporation" and subject to strike. *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (App. 1st Dist. 1999). Similarly, in federal court, a suspended corporation may not pursue a motion to dismiss and it should be stricken. *Semi-Materials Co. v. SunPods, Inc.*, No. 11-CV-06719-LHK, 2012 WL 3962487, at *3 (N.D. Cal. Sept. 10, 2012). Thus, SiteTool's motion to dismiss should be stricken, or at the very least, SiteTool stricken from participating in the motion.

Defendant Ancevski was not a party to the UDRP proceeding, and would lack standing to bring the motion to dismiss either, and the motion should be denied.

### 1. UDRP Arbitration Agreement is Voidable Based on SiteTools' Corporate Suspension

SiteTools was also a suspended corporation during the UDRP proceeding, but falsely asserted that it was "temporarily suspended, pending consideration of documents which have been filed with the appropriate California authority," as adopted in the UDRP Decision. ECF No. 15-1. Pocketbook relied on SiteTools assertion in agreeing to the UDRP proceedings, but SiteTools' continued and current suspended status renders the agreement to arbitrate voidable, which Pocketbook seeks here. *Performance Plastering v. Richmond Am. Homes of Cal., Inc.*, 153 Cal. App. 4th 659, 669 (App. 3rd Dist. 2007) ("A contract entered into by a suspended corporation is … voidable by the other party."). SiteTools' attempt to establish good corporate standing and cure its suspension would be of no moment because "the fact of reinstatement does not deprive the other party of the right to avoid the contract." *Schwartz v. Magyar House, Inc.,* 168 Cal. App. 2d 182, 190 (App. 2nd Dist. 1959). Because the agreement to arbitrate is voidable, the UDRP panel's decision is also void.

### 2. The Court Determines SiteTools Improper Participation in the UDRP Proceeding Because the UDRP Panel has no Jurisdiction

Although the UDRP Decision acknowledges Pocketbook's argument that SiteTools is a suspended corporation and could not participate in the proceeding, also reciting SiteTools assertion that it was curing the suspension, the Decision did not address the legality of the argument because it has no jurisdiction to do so. Another UDRP panel has held that it cannot address such legal issues, which are reserved for the courts:

> Complainants corporate status is a question of California state law which the Panel is neither equipped nor willing to address.  Issues which peculiarly involve individual country and/or state laws are best reserved for adjudication by a court of competent jurisdiction, and the parties are free to raise this issue in any subsequent litigation, as contemplated by Paragraph 4(k) of the ICANN Policy.

*Elec. v. Taos Mountain*, Claim No. FA0008000095344, 2000 NAFDD LEXIS 3979, *10 (October 11, 2000).  Aside from confirming the propriety of this Court's *de novo* review of the UDRP decision, it also surrenders to this Court's exclusive jurisdiction to determine SiteTools' lack of standing to participate in the UDRP proceeding.  Thus, SiteTools' continued refusal to cure its corporate suspension – as it falsely informed the Panel – warrants this Court's vacatur of the UDRP decision because of SiteTools' suspended status barred participation, as it does here.

## B.      UDRP Decisions Have No Preclusive Effect on ACPA Litigation

Any party to a UDRP decision – which is not a final judgment – may bring a new court action under the Anticybersquatting Consumer Protection Act ("ACPA").  UDRP ¶4(k), *available at* http://www.icann.org/en/dndr/udrp/policy.htm.  A UDRP decision "is no more than an agreed-upon administration that is not given any deference under the ACPA." *Barcelona.com,* 330 F.3d at 622.  In fact, the UDRP process is recognized as "'adjudication-lite' as a result of its streamlined nature and its loose rules regarding applicable law," which is why it "contemplates judicial intervention, which can occur before, during, or after the UDRP's dispute resolution process is invoked." *Id*. at 624.  Thus, "a federal court's interpretation of the ACPA supplants a WIPO panel's interpretation of the UDRP," *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 28 (1st Cir. 2001), because the "courts are not bound in any way by the outcome of proceedings brought under the UDRP." *Loblaw Companies Ltd. v. Azimi*, No. C 00 3591 WHO, 2001 WL 36028016, at *4 (N.D. Cal. Oct. 17, 2001); see also *Retail Services v. Freebies Publishing,* 247 F. Supp. 2d 822, 828 (E.D. Va. 2003) ("Decisions made by arbitration panels under the UDRP are not afforded deference by the district court").

Other federal courts have deemed UDRP decisions inadmissible.  *See, e.g.*, *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft,* 213 F. Supp. 2d 612, 617 (E.D. Va. 2002).

Although there is no Ninth Circuit authority that UDRP decisions cannot ground collateral estoppel in a later district court case, many sister circuits have held that subsequent court action "is independent of, and involves neither appellate-like review of nor deference to, the underlying [UDRP] proceeding."  *Hawes v. Network Sols., Inc.*, 337 F.3d 377, 386 (4th Cir. 2003).  District courts within the Ninth Circuit have followed the sister circuits' holding, finding that "authority from every other court to have addressed this issue [of collateral estoppel] persuasive and conclude[ing] that the UDRP arbitration decision is not entitled to deference in this case.  The pending claims will be reviewed *de novo.*"  *Stenzel v. Pifer*, No. C06-49Z, 2006 WL 1419016, at *5 (W.D. Wash. May 22, 2006); *AIRFX.com v. AirFX LLC*, 2011 WL 5007919, at *2 (D. Ariz. 2011) ("federal courts do not defer to UDRP decisions").

### 1.     The Policy Behind the UDRP Provides De Novo Review

The World Intellectual Property Organization's report provides that UDRP administrative dispute resolution procedures "should not have (and cannot have) the effect of binding precedent in national courts."  *See The Management of Internet Names and Addresses: Intellectual Property Issues: Final Report of the WIPO Internet Domain Name Process,* ¶ 150(v) (https://www.wipo.int/amc/en/processes/process1/report/finalreport.html) (last accessed November 12, 2020).  The policy statement provides explicitly that parties should be able to seek "*de novo* review of a dispute that has been the subject of the administrative procedure."  *Id.* ¶ 150(iv).  *See Sallen,* 273 F.3d at 26-27 ("The ability of the parties to a UDRP proceeding to seek independent resolution of the issues was part of the compromise codified in the UDRP.") (emphasis added).

"Congress has defined in the ACPA what it means to lack a legitimate interest in a

domain name under U.S. law.  For that reason, should a federal court declare that [registrant] is in compliance with the ACPA, that declaration would undercut the rationale of the WIPO panel decision."  *Sallen,* 273 F.3d at 28 (emphasis added).  Indeed, courts have articulated that an ACPA claim does not "requir[e] ... review of the UDRP panel's application of the UDRP's cybersquatting standard, but instead trumps the panel's finding of noncompliance" altogether.  *Storey v. Cello Holdings L.L.C.,* 347 F.3d 370, 382 (2d Cir. 2003).

### 2.      Defendants' Reliance on Noncontrolling Authority Should be Rejected

Abandoning this long list of precedent, Defendants rely on a single non-controlling and unpublished Florida district court case for their issue preclusion argument, without disclosing the defendant's failure to oppose the summary judgment motion, rendering it essentially a default judgment.  In *Fuccillo v. Silver*, Fuccillo received a UDRP decision transferring the billyfuccillo.com domain name from Silver.  2020 WL 5758001 (M.D. Fla. Sept. 28, 2020).  Afterwards, Fuccillo sued Silver in district court seeking monetary damages only – not transfer of the domain name.  The court denied Fuccillo's first motion for summary judgment and on the second motion for summary judgment Defendant Silver – appearing pro se – failed to file an opposition.  As a result, Fuccillo's statements of undisputed facts, which included the UDRP findings, were adopted by the court.  *Id*. at 3 (to the extent that Fuccillo's "motion requests the Court to accept their statement of facts as undisputed, the Court grants the motion as to any fact submitted by Plaintiffs which is supported by evidence.").

Even if the case were controlling and not incorrectly decided without an opposition, it is inapposite to the wealth of authority holding a UDRP decision cannot ground issue preclusion because it is subject to *de novo* court review.  *See also, e.g.*, *Strong College Students Moving Inc. v. College Hunks Hauling Junk Franchising LLC*, 2015 WL 12602438, at *8 (D. Ariz. 2015) ("this Court will give no deference to the

-7-

UDRP's decision and findings"); *Dynamis, Inc. v. Dynamis.com*, 780 F. Supp. 2d 465, 472 (E.D. Va. 2011) ("a UDRP Panel's conclusion is inadmissible hearsay that cannot be considered in resolving [a] case"); *Sabin v. Curt Mfg. Company*, 2009 WL 10673588, at *8 (D. Ariz. 2009) ("The NAF decision is not entitled to any deference with respect to Sabin's claim for declaratory relief under the ACPA."); *Eurotech, Inc. v. Cosmos European Travels Akt.*, 213 F. Supp. 2d 612, 617 n.10 (E.D. Va. 2002) ("[T]he result reached in the WIPO proceeding is neither admissible, nor entitled to any deference, with respect to the merits issues presented in this suit.  Review here must be de novo and independent of any WIPO panel conclusion.").

### 3.    UDRP Decision is Not a Final Judgment and Cannot Form Basis for ACPA Issue Preclusion

The "general rule" for issue preclusion provides that a "determination [in a prior case] is conclusive in a subsequent action between the parties" only "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment."  *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (concluding that TTAB proceedings with a final judgment can have preclusive effect).  Here, however, "[t]he [UDRP] decision has no collateral estoppel or *res judicata* effect and is entitled to no deference from the district court" because it is not a final judgment and either party may submit the decision to the district court under UDRP ¶ 4(k).  *Maruti.Com v. Maruti Udyog Ltd.*, 447 F. Supp. 2d 494, 496 n. 10 (D. Md. 2006) (citing *Barcelona.com*, 330 F.3d at 626).  Since the UDRP panel's decision is not binding, it is not a final adjudication with collateral estoppel effect.  *Parisi v. Netlearning, Inc.*, 139 F. Supp. 2d 745, 752 (E.D. Va. 2001) (comparing the Federal Arbitration Act's ability to enter a final judgment and finding no similar authority in the UDRP which "not only countenances parallel litigation; it mandates a judicial forum for challenges to UDRP decisions.").

Defendants cite only inapplicable and distinguishable TTAB decisions in support

of their argument that issue preclusion should be imported from the UDRP decision. Motion at 7. After listing the four mandated prongs of the issue preclusion test, they then fail to meet many requirements thereof. Defendants cite *Silberstein v. Fox Entm't Grp., Inc.*, to show that the issue was actually litigated, however they cannot meet at least the first and fourth factors of "(1) whether the decision was not avowedly tentative" and "(4) whether the decision was subject to appeal." 2016 WL 5380928, at *2 (C.D. Cal. Feb. 1, 2016), *aff'd*, 732 F. App'x 517 (9th Cir. 2018). For the decision to be "not avowedly tentative," "[t]he ultimate question is whether the 'prior adjudication ...is determined to be sufficiently firm to be accorded conclusive effect.'" *Crockwell v. Dart*, No. 15-cv-825, 2016 WL 6124446, at *2 (N.D. Ill. Oct. 20, 2016).

There can be no serious argument, based on the UDRP policy mandate that either party can seek de novo court review because the UDRP decision is "avowedly tentative." UDRP ¶ 4(k); *Weber–Stephen Prods. Co. v. Armitage Hardware & Bldg. Supply, Inc.*, 2000 WL 562470, 2000 U.S. Dist LEXIS 6335 (N.D. Ill. May 3, 2000) (concluding that the UDRP considers the possibility of parallel litigation in federal court, and that federal courts are "not bound by the outcome of the administrative proceedings"). And because there is no mechanism to appeal a UDRP decision, instead of seeking *de novo* court review, Defendants fail to meet the fourth factor. Many circuit and district courts have agreed that an arbitrator's decision under the UDRP are not binding on federal court proceedings and can have no issue preclusion effect. *E.g.*, *Barcelona.com*, 330 F.3d 617; *Dluhos v. Strasberg*, 321 F.3d 365, 373-74 (3rd Cir. 2003) (citing *Sallen*, 273 F.3d at 26-27 (1st Cir. 2001) (discussing "judicial outcome will override the UDRP one"). The UDRP proceeding does not provide a full and fair opportunity to litigate the issues. "Rather, the UDRP contemplates truncated proceedings. It 'is fashioned as an 'online' procedure administered via the Internet, [ ] which does not permit discovery, the presentation of live testimony (absent exceptional circumstances), or any remedy other than the transfer or cancellation of the domain name in question." *Dluhos*, 321 F.3d at

371–72.

Defendants cannot meet the necessary prongs of the issue preclusion test and their motion to dismiss Pocketbooks ACPA claim must be denied.

**V.     Conclusion**

Defendants' Motion to Dismiss should be denied because SiteTools is a suspended corporation and lacks standing to pursue this litigation and the UDRP proceeding.  Further, many courts have held that UDRP decisions have no preclusive effect on ACPA litigation and Pocketbook is entitled to *de novo* review of its ACPA claim.

Dated:  November 13, 2020                    **MILORD & ASSOCIATES, P.C.**

                                                            /s/ Milord A. Keshishian
                                                            Milord A. Keshishian
                                                            Attorneys for Plaintiff
                                                            POCKETBOOK INT'L SA