Michael L. Rodenbaugh (California Bar No. 179059)
Marie E. Richmond (California Bar No. 292962)
LOZA & LOZA LLP
305 N. Second Ave., #127
Upland, CA 91786

*Attorneys for SiteTools, Inc. and Philip Ancevski*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POCKETBOOK INT'L SA,<br><br>Plaintiff,<br><br>vs.<br><br>DOMAIN ADMIN/SITETOOLS, INC., and PHILIP ANCEVSKI,<br><br>Defendants. | Case No.: 2:20-CV-8708<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12((b)(6)] AND ISSUE PRECLUSION**<br><br>**Date:** December 4, 2020<br><br>**Time:** 9:30 a.m.<br><br>**Location:**<br>United States Courthouse<br>350 West 1st Street<br>Los Angeles, CA, 90012<br><br>**Judge:**<br>Honorable Dolly M. Gee<br>Courtroom 8C, 8th Floor |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ...............................................................................1

II. RELEVANT FACTS .........................................................................1

III. ARGUMENT ...................................................................................2

    A. Site Tools Should Not Be Precluded from Participating in This Proceeding, Nor Should the Motion to Dismiss Be Stricken as a Result of SiteTools' Administrative Error .......................2

    B. UDRP Decision Precludes Plaintiff's Cybersquatting Claim ...............................................................3

        1. UDRP Does Not Provide For A Review By A District Court...................................................................5

        2. Even If Claims Arising Under the ACPA Were Meant to "Review" UDRP Decisions, Which They Are Not, a De Novo Standard of Review Does Not Prohibit a Finding of Issue Preclusion .........................................................9

        3. A UDRP Decision Is A Final Decision.........................11

IV. CONCLUSION ...............................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**U.S. Supreme Court**

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
    575 U.S. 138 (2015) ..................................................................6-7,9

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) ..........................................................................3

**Circuit Courts**

*Media Rights Techs., Inc. v. Microsoft Corp.*,
    922 F.3d 1014 (9th Cir. 2019) ...........................................................3

*Sallen v. Corinthians Licenciamentos LTDA*,
    273 F.3d 14 (1st Cir. 2001) ...............................................................8

**District Courts**

*Acosta v. Idaho Falls Sch. Dist. No. 91*,
    291 F. Supp. 3d 1162 (D. Idaho 2017) .............................................7

*Ahmad v. Johnson*,
    2017 WL 6945395 (N.D. Cal. Oct. 10, 2017) ..................................9

*Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*,
    330 F.3d 617 (4th Cir. 2003) ............................................................8

*Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*,
    213 F. Supp. 2d 612 (E.D. Va. 2002) ...............................................9

*Loblaw Companies Ltd. v. Azimi*,
    2001 WL 36028016 (N.D. Cal. Oct. 17, 2001) .............................8-9

*Retail Services v. Freebies Publishing*,
    247 F. Supp. 2d 822 (E.D. Va. 2003) ...............................................9

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants SiteTools, Inc. ("SiteTools") and Philip Ancevski ("Ancevski") (collectively, "Defendants") hereby reply to Plaintiff Pocketbook International SA's ("Plaintiff") opposition to Defendants' motion to dismiss the Fourth Cause of Action from Plaintiff's Complaint, alleging cybersquatting, because it has already been fully and fairly adjudicated by a unanimous panel of three cybersquatting law experts who decided that very issue after a recent UDRP arbitration process initiated by Plaintiff. Plaintiff should not get a second bite at that apple now.

## I. INTRODUCTION

Plaintiff's opposition is almost enritely predicated on the premise that the UDRP decision cannot ground issue preclusion because district courts may "review" such decisions *de novo*. See ECF No. 19 ("Response"). Plaintiff's arguments are misguided for a number of reasons, primarily because administrative decisions and arbitration decisions may undoubtedly ground issue preclusion in subsequent federal court cases, and Plaintiff conflates a tribunal's deference (or lack thereof) to such a decision, with its ability to "review" an administrative decision.

## II. RELEVANT FACTS

Defendants reference the facts as stated in their Motion to Dismiss, filed October 30, 2020 ("Motion"). ECF No. 15, and Exhibits thereto.

**Defendant Site Tools, Inc.'s Corporate Standing**

Defendant SiteTools Inc. ("SiteTools"), has cured any defects as to its corporate status and is currently in good corporate standing with the California Secretary of State. *See* Declaration of Philip Ancevski ("Decl. Ancevski"), ¶2;

*see also,* Defendants' Request for Judicial Notice, Exhibit A (a true and correct copy of a screenshot from the California Secretary of State website, taken on November 18, 2020). SiteTools was temporarily listed as suspended as the result of an administrative error by Defendant Ancevski, which has now been completely cured. Decl. Ancevski, ¶ 3.

### III. ARGUMENT

#### A. Site Tools Should Not Be Precluded From Participating In This Proceeding, Nor Should The Motion To Dismiss Be Stricken As A Result Of SiteTools' Administrative Error

SiteTools is currenty recognized by the California Secretary of State as being in good standing. *Ibid*. Any suspension has now been cured and is therefore moot for the purposes of this motion and proceeding, as any defects concerning corporate status are cured once the corporation's status is revived. *See, e.g., Californians for Alternatives to Toxics v. Kernen Constr. Co.*, 2017 WL 35515, at *3 (N.D. Cal. Jan. 4, 2017) (finding plaintiff's notice requirements were retroactively satisfied because its corporate status was revived); *Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1557, 94 Cal. Rptr. 3d 74, 84 (2009) (stating that "revivor cures defects in the complaint related to corporate disability, it follows that it would cure such a technical defect as it affects the notice letter").

In any event, Plaintiff initiated this suit, naming **both** Defendants SiteTools and Philip Ancevski, in its claim for cybersquatting under the ACPA (the claim at issue in this Motion). *See,* ECF No. 1. Moreover, Plaintiff knows that Defendant Ancevski owns all of the shares in Defendant SiteTools, and that SiteTools is the owner of the <pocketbook.com> domain name property at issue in this litigation. Decl. Ancevski, ¶1. SiteTools thus was defendant in the underlying UDRP arbitration process, and was required to pay $1300 to have a

three-person expert panel to adjudicate Plaintiff's UDRP complaint. SiteTools also paid counsel thousands of dollars for the successful defense of its valuable property, and will seek that amount via a reverse domain name hijacking Counterclaim that SiteTools will file against Plaintiff herein.

Plaintiff has not moved for default against SiteTools, but instead continues to actively pursue claims against that Defendant and its valuable property. Thus, Plaintiff cannot complain that SiteTools is defending itself, yet again, against Plaintiff's previously adjudicated cybersquatting claim.

**B.     UDRP Decision Precludes Plaintiff's Cybersquatting Claim**

As outlined in Defendants' Motion, the doctrine of issue preclusion is designed to protect against "'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (*quoting Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (alterations in original)). Defendants are simply attempting to avoid costly relitigation of an issue that has already been thoroughly and fairly litigated and decided by a specialized expert UDRP Panel of three arbitrators.

The practical effect of Plaintiff's argument is to discourage participation in UDRP proceedings, and instead encourage federal court litigation of cybersquatting claims -- claims that the UDRP was specifically designed to handle efficiently, fairly and completely. The UDRP policy and arbitration process has been used to adjudicate at least 100,000 cases since its enactment in

1999.[1]  Only a small fraction[2] of those involve factual circumstances such as in this case, where the parties paid $2600 for a three-person expert panel of arbitrators from The Forum, each party was represented by competent counsel, and each party provided two full rounds of argument and evidence to the expert panel.  Plaintiff's cybersquatting claim was fully and fairly litigated, and was expensive for Defendants to win.

Plaintiff forced Defendants to pay $1300 to The Forum in order to have a three-person panel arbitrate and adjudicate Plaintiff's UDRP complaint, as well thousands of dollars in attorneys' fees to successfully defend Defendants and their valuable domain name property in that arbitration.  Decl. Ancevski, ¶¶6-7.  Plaintiff unfairly seeks a second bite at the apple here, even though their cybersquatting claim was fully and fairly litigated and adjudicated already.

Plaintiff's only argument is that a UDRP decision may not ground issue preclusion because the UDRP allegedly provides for *de novo* **review** of any decision by the district court.  *See* Response, *seriatim*.  But the UDRP does no

---

[1] Decl. Ancevski, Ex. B & C.  WIPO, a specialized UN agency and the largest of five ADR providers accredited by ICANN to decide UDRP cases, provides statistics showing it has decided 50,000 cases in total since 1999.  https://www.wipo.int/amc/en/domains/statistics/cases.jsp.  The Forum, a US-based ADR provider, is the second largest provider and as of 2011 had adjudicated more than 16,000 cases.  https://www.prnewswire.com/news-releases/national-arbitration-forum-reports-a-24-percent-increase-in-domain-name-dispute-filings-in-2010-119391289.html

[2] *Id.*, Ex. D.  One expert panelist and researcher has cited a WIPO statistic that just 5.5% of UDRP cases were decided by three panelists, as of 2016.  He also noted The Forum's $2600 fee for a 3-person panel, that must be split by the parties and thus 50% paid by the domain owner.  https://giga.law/blog/2016/10/26/8-facts-about-three-member-panels-in-udrp-cases#:~:text=7.,conducted%20by%20three%2Dmember%20panels.

such thing, nor can it. Only Congress or the higher courts can provide for a district court's review of anything. Plaintiff repeatedly conflates the concepts of "review" and deference. And that is an important distinction.

Thus, Plaintiff's argument is fatally flawed for two reasons: (1) the UDRP does not, and cannot, actually provide for *de novo* **review** of a UDRP decision; and (2) even if it did, the Supreme Court has held that the *de novo* review standard does not prohibit issue preclusion as to Lanham Act claims. Both points will be addressed in turn.

### 1. UDRP Does Not Provide For A Review By A District Court.

The Uniform Dispute Resolution Policy ("UDRP") provides that either party (or prospective party) may seek "independent resolution" of the issues outlined therein by a court of competent jurisdiction. The UDRP ¶ 4(k) states (emphasis added):

> The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for **independent resolution** before such mandatory administrative proceeding is commenced or after such proceeding is concluded.

The UDRP's permissive text mentions nothing of a district court review, *de novo* or otherwise. Rather, the text explicitly states that any court action would be an "independent resolution" -- not a "review". This point is highlighted by the fact that the UDRP allows a party to initiate such an independent action ***prior*** to the commencement of a UDRP proceeding. Thus, subsequent district court proceedings are not a review (i.e. appeal) of the UDRP decision, and therefore are capable of grounding issue preclusion.

The procedural posture of this case also makes clear that Plaintiff has (as contemplated by the UDRP) initiated a federal court lawsuit to achieve

independent resolution of Plaintiff's cybersquatting claim, rather than a "review" of the UDRP decision denying Plaintiff's cybersquatting claim. Plaintiff has initiated a separate proceeding entirely, though again raising the same cybersquatting claim it has already loat. Because the issues of bad faith domain name registration and use are essentially identical under the ACPA and UDRP (*see* Motion, pp.8-9), the doctrine of issue preclusion applies and herein bars Plaintiff from raising the cybersquatting claim a second time.

### a) The relevant case law similarly does not support Plaintiff's assertions that a district court proceeding is a "review" of a UDRP decision.

The Supreme Court has specifically addressed the issue of whether administrative proceedings, such as those decided before the TTAB, may ground issue preclusion. The Court in *B & B Hardware* stated:

> The Lanham Act's text certainly does not forbid issue preclusion. Nor does the Act's structure. Granted, one can seek judicial review of a TTAB registration decision in a de novo district court action, and some courts have concluded from this that Congress does not want unreviewed TTAB decisions to ground issue preclusion. *See, e.g., American Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 9–10 (C.A.5 1974). But that conclusion does not follow. Ordinary preclusion law teaches that if a party to a court proceeding does not challenge an adverse decision, that decision can have preclusive effect in other cases, even if it would have been reviewed de novo. *See* Restatement (Second) of Judgments § 28, Comment a and Illustration 1 (explaining that the failure to pursue an appeal does not undermine issue preclusion and including an example of an apparently unappealed district court's dismissal for failure to state a claim); *cf. Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (noting "the res judicata consequences of a final, unappealed judgment on the merits").

*B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 151–52, (2015). In other words, issue preclusion may not apply when a subsequent case is a direct appeal of the administrative decision in question. *See id.* An administrative decision may, however, ground issue preclusion in other cases.

The UDRP does not, and cannot, provide for direct appellate review or a "challenge" to the findings of the UDRP, discussed *supra*. *Cf. Acosta v. Idaho Falls Sch. Dist. No. 91*, 291 F. Supp. 3d 1162, 1167 (D. Idaho 2017) ("Because Congress has explicitly provided for de novo review of claims under AHERA, it has thus limited the preclusive effect of previous agency determinations on such claims."). This point was discussed at length by the Fourth Circuit many years ago, in a seminal case upon which Plaintiff inappropriately relies. The court held:

> The ACPA recognizes the UDRP only insofar as it constitutes a part of a policy followed by registrars in administering domain names, and the UDRP is relevant to actions brought under the ACPA in two contexts. First, the ACPA limits the liability of a registrar in respect to registering, transferring, disabling, or cancelling a domain name if it is done in the "implementation of a reasonable policy " (including the UDRP) that prohibits registration of a domain name "identical to, confusingly similar to, or dilutive of another's mark." 15 U.S.C. § 1114(2)(D)(ii)(II) (emphasis added). Second, the ACPA authorizes a suit by a domain name registrant whose domain name has been suspended, disabled or transferred under that reasonable policy (including the UDRP) to seek a declaration that the registrant's registration and use of the domain name involves no violation of the Lanham Act as well as an injunction returning the domain name.
>
> Thus, while a decision by an ICANN-recognized panel might be a condition of, indeed the reason for, bringing an action under 15 U.S.C. § 1114(2)(D)(v), its recognition *vel non* is not jurisdictional. Jurisdiction to hear trademark matters is conferred

on federal courts by 28 U.S.C. §§ 1331 and 1338, and a claim brought under the ACPA, which amended the Lanham Act, is a trademark matter over which federal courts have subject matter jurisdiction.

*Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 625 (4th Cir. 2003). Any independent action brought under the ACPA, therefore, is not at all a review or appeal of a UDRP decision. Accordingly, the Supreme Court's reasoning and decision in *B&B Hardware* indicates that issue preclusion may apply ot Lanham Claims (including ACPA claims) where the conditions are met – as they all are clearly met in this case.

Other case law cited by Plaintiff is inapposite, does not control and/or is so outdated that it simply cannot support Plaintiff's argument. *See* Response, pp. 5-6. The court in *Sallen* analyzed the case in the context of a domain name registrant's right to pursue an independent cause of action, and cited to the section of the ACPA concerning the same. *See, Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 18 (1st Cir. 2001) ("Section 1114(2)(D)(v) grants domain name registrants who have lost domain names under administrative panel decisions applying the UDRP an affirmative cause of action in federal court for a declaration of nonviolation of the ACPA and for the return of the wrongfully transferred domain names. Accordingly, we reverse and remand to the district court."). The court in no way suggested that an ACPA claim was a "review" of a UDRP decision.

The court in *Loblow* explicitly acknowledged that the parties had not even briefed what level of deference, if any, should be afforded to a UDRP decision. *Loblaw Companies Ltd. v. Azimi*, 2001 WL 36028016, at *4 (N.D. Cal. Oct. 17, 2001) ("Neither party makes much effort to explain to the Court whether, and to what degree, the Court must consider the arbitrator's decision. . . . Neither party

cites any law on the issue."). Even still, the *Loblaw* court recognized that the "UDRP expressly permits the Court to independently resolve the parties' disputes . . ." *Id.*

The court in *Retail Services* acknowledged that subsequent district court proceedings were an independent process. *Retail Services v. Freebies Publishing*, 247 F. Supp. 2d 822, 828 (E.D. Va. 2003) ("Decisions made by arbitration panels under the UDRP are not afforded deference by the district court."). And finally, the court in *Eurotech* held long ago (as Plaintiff cites and quotes in its response) that UDRP decisions are inadmissible in subsequent district court proceedings. *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*, 213 F. Supp. 2d 612, 617 (E.D. Va. 2002). Such decisions could not, therefore be "reviewed" at all. Even if such case law were not so outdated , and was controlling on this court, it still does not help Plaintiff.

The Supreme Court has been clear as to Lanham Act such as Plaintiff's ACPA cybersquatting claim -- so long as the elements of issue preclusion are met, as they are here, an administrative decision may ground issue preclusion.

### 2. Even If Claims Arising Under the ACPA Were Meant to "Review" UDRP Decisions, Which They Are Not, a *De Novo* Standard of Review Does Not Prohibit a Finding of Issue Preclusion.

The Supreme Court has been clear that agency decisions may ground issue preclusion, even when such decisions would be reviewed *de novo*. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 152 (2015) ("Ordinary preclusion law teaches that if a party to a court proceeding does not challenge an adverse decision, that decision can have preclusive effect in other cases, even if it would have been reviewed de novo."); *Ahmad v. Johnson*, 2017 WL 6945395, at *10 (N.D. Cal. Oct. 10, 2017) (same).

REPLY ISO DEFENDANTS'
MOTION TO DISMISS
Case No. 2:20-CV-8708

9

Here, all of the elements required to ground issue preclusion are met: (1) the UDRP decision is an administrative arbitration decision, a point that Plaintiff does not dispute; and (2) even if a *de novo* standard of review does apply, issue preclusion may still be applicable. Thus, the UDRP is not prohibited from grounding a claim for issue preclusion. And in this case, the fully and fairly litigated UDRP arbitration process led to a unanimous, expert, three-person panel's reasoned decision which denies Plaintiff's cybersquatting claim. Issue preclusion bars Plaintiff from any second bite at that apple now.

To be sure, Defendants in no way argue that issue preclusion applies in every instance. Defendants merely assert that issue preclusion applies **in this instance** for the reasons outlined in their Motion (reasons which Plaintiff wholly fails to address in its Response). There is no question that a determination as to whether issue preclusion applies can only be decided on a case-by-case basis. That being said, for the reasons outlined in the Motion, issue preclusion applies in this case, and Plaintiff's claim for cybersquatting must be dismissed.

### a) *Fuccillo* is thoroughly reasoned and persuasive

Plaintiff makes much of the fact that *Fuccillo* is an out of circuit district court case. *See* Response, pp.7-8 ("Defendants' Reliance on Noncontrolling Authority Should be Rejected"). This despite the fact that Plaintiff relies entirely upon out-of-circuit (and outdated, inapposite) case law for its substantive argument. The *Fuccillo* opinion is well-reasoned, and grounded in the federal law of issue preclusion as set very recently by the Supreme Court in *B&B Hardware* and its progeny. Each point was supported with apposite case authorities as to the law of issue preclusion.

Plaintiff further argues, without any relevant case law to support its assertions, that *Fuccillo* was wrongly decided and that there is a "wealth of

authority holding a UDRP decision cannot ground issue preclusion because it is subject to de novo court review". *Id.* However, Plaintiff itself does not cite to even one case from anywhere that actually states that the UDRP cannot have a preclusive effect on ACPA claims. Indeed, Plaintiff explicitly admits there is no such authority in the Ninth Circuit. Response, pp. 5-6; *Id*. at pp. 6 ("Although there is no Ninth Circuit authority that UDRP decisions cannot ground").

While some courts have refused to give deference to UDRP decisions for various reasons, none of them have considered the Supreme Court's decision in *B&B Hardware* nor were based in the law of issue preclusion. Plaintiff's attack on *Fuccillo* has no basis in recent or controlling case law.

### 3. A UDRP Decision Is A Final Decision

Rather than actually addressing the elements of issue preclusion, Plaintiff makes the unsupported, self-serving declaration that a UDRP decision is not final and is therefore incapable of grounding issue preclusion. *See* Response, p. 2 ("Thus, because the panel's decision is tentative and does not constitute a final appealable decision, it does not provide preclusive effect and Defendants' motion to dismiss should be denied."). There is no basis for that premise in the UDRP, statute or case law.

As discussed at length above, the UDRP is capable of grounding issue preclusion so long as the proceeding meets the requirements thereof. Here, as argued in the motion and barely refuted by Plaintiff, the UDRP arbitration process -- initiated by Plaintiff -- provided a fair and fully litigated adjudication of Plaintiff's cybersquatting claim. Plaintiff caused great expense to Defendants in the UDRP case, and Plaintiff lost. They cannot retry that case here now.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants request dismissal with prejudice of Plaintiff's Fourth Cause of Action under the ACPA.

Dated: November 20, 2020

LOZA & LOZA LLP

By: *Mike Rodenbaugh*
    Mike Rodenbaugh

*Attorneys for SiteTools, Inc. and Philip Ancevski*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

By: /s/ Marie Richmond
Marie E. Richmond (292962)