UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-8708-DMG (PDx) | Date | April 13, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/SiteTools, Inc. and Philip Ancevski* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS SITETOOLS, INC. AND PHILIP ANCEVSKI'S MOTION TO DISMISS [15]**

Plaintiff Pocketbook International SA ("Pocketbook") filed a Complaint on September 20, 2020 against Defendants Domain Admin/SiteTools, Inc. ("SiteTools") and Philip Ancevski aka Filip Ancevski, alleging violations of the Lanham Act, the Anti-Cybersquatting Consumer Protection Act ("ACPA"), and California's Unfair Competition Law ("UCL"), as well as common law unfair competition, based on Defendants' use of the "POCKETBOOK" trademark and "pocketbook.com" domain name. [Doc. # 1.]

On October 30, 2020, Defendants filed the instant Motion to Dismiss ("MTD") the fourth cause of action under the ACPA pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. # 15.] The motion has since been fully briefed. Opp. [Doc. # 19]; Reply [Doc. # 20]. For the reasons set forth below, the MTD is **DENIED**.

I.
JUDICIAL NOTICE AND EVDENTIARY OBJECTIONS

Plaintiff filed a Request for Judicial Notice ("RJN") of the California Secretary of State's website listing for SiteTools, Inc. indicating the status of the corporation as "SOS SUSPENDED." [Doc. # 19-1]. The capture timestamp of this document is November 12, 2020. *Id*. Defendants also requested judicial notice of the California Secretary of State's website listing for SiteTools, Inc. indicating the status of the corporation as "ACTIVE." Reply at 2[1]; Reply, Ex. A [Doc. # 20-2].

The Court may take judicial notice of a fact "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be

---
[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | April 13, 2021 |

| | | | |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admin/SiteTools, Inc. and Philip Ancevski* | Page | 2 of 6 |

questioned." Fed. R. Evid. 201(b). Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies such as the California Secretary of State. *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015). The Court therefore **GRANTS** both requests. In addition, the Court *sua sponte* takes judicial notice of the decision rendered by the dispute resolution panel accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN") to adjudicate complaints under its Uniform Domain Name Dispute Resolution Policy ("UDRP"), because neither party questions the authenticity of the decision, which is central to Defendants' MTD. *See* MTD at 6; *id.*, Ex. A (FORUM Decision) [Doc. # 15-1].

In response to Ancevski's declaration attached to Defendants' Reply, Pocketbook also filed Evidentiary Objections and a Motion to Strike Ancevski's Declaration or Notice of Request to Cross Examine Ancevski. [Doc. # 21]. When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may review only allegations in the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019); *see U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Ancevski's declaration thus cannot be considered without converting the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. In any event, because the Court need not rely on the declaration to render its decision, the Court **OVERRULES** Pocketbook's objections **as moot** and **DENIES** its Motion to Strike Ancevski's Declaration or Request to Cross Examine Ancevski **as moot**.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

Pocketbook is a Swiss company that offers e-reader devices, a variety of reading software applications, and cloud-based services for e-books and e-libraries. Compl. ¶¶ 3, 9. Its products are sold in over 40 countries, including the United States. *Id.* at ¶ 10-11. Defendant SiteTools is a company organized under the laws of the State of California and located in Santa Monica, CA that owns, operates, and administers the domain "Pocketbook.com." *Id.* at ¶ 4. Defendant Ancevski is a California resident and a sole owner/director of SiteTools. *Id.* at ¶ 5.

On September 1, 2009, Pocketbook registered a design trademark for the word element "pocketbook" for portable handheld, digital electronic devices with the U.S. Patent and Trademark Office ("USTPO") under U.S. Trademark Registration No. 3,675,976. *Id.* at ¶ 14; *id.*, Ex. F [Doc. # 1-2]. On September 29, 2015, Pocketbook registered with the USPTO design

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-8708-DMG (PDx) | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admin/SiteTools, Inc. and Philip Ancevski* | Page | 3 of 6 |

trademarks for its downloadable computer programs for transmitting, sharing, receiving, downloading, displaying, and transferring content under U.S. Trademark Registration No. 4,820,128. *Id.* at ¶ 14; *id.*, Ex. G [Doc. # 1-2]. Pocketbook has never authorized SiteTools or Ancevski to use Pocketbook's design trademarks on any e-readers or software applications. *Id.* at ¶ 20.

Pocketbook alleges that Defendants' business model is based on registering the domain names of well-known brands with the intent to sell the domains to the lawful owners or to divert the internet traffic to those sites to Defendants' own websites. *Id.* at ¶ 21. Defendants registered the domain name "www.pocketbook.com" (hereinafter "the Domain Name") after Pocketbook was already well established in the market for its products under its design trademarks. *Id.* at ¶ 23. Defendants initially used the Domain Name to link to third-party websites for e-readers—*i.e.*, Pocketbook's direct competitors—on which Pocketbook's trademarks were also displayed. *Id.* at ¶ 25. Later, the Domain Name was redirected to a website for financial products and then to the website refinancemortgage.com, a financial services website. *Id.* at ¶ 26. Pocketbook alleges Defendants fraudulently filed for and obtained the U.S. Trademark Registration No. 4,099,793 for "Pocketbook.com," which included website design and publishing and computer services. *Id.* at ¶ 29; *id.*, Ex. J [Doc. # 1-2].

Since 2000, ICANN has required all global top level domain name registrars to adopt its UDRP as part of every domain name contract. *See* 5 McCarthy on Trademarks and Unfair Competition § 25A:21 (5th ed.). All those who reserve a domain name in the top level domains impacted by the ICANN UDRP procedure must agree to abide by this dispute resolution policy. *Id.*

On August 13, 2019, Pocketbook submitted a UDRP Complaint to the FORUM, ICANN's approved entity for resolution of UDRP disputes. *See* FORUM Decision at 2. Defendant SiteTools filed a timely response, and both parties subsequently filed additional submissions. *Id.* On October 3, 2019, the three-member panel unanimously decided that Pocketbook failed to prove that SiteTools lacked a right or legitimate interest in the Domain Name or had registered or used the Domain Name in bad faith. Accordingly, the UDRP Complaint was terminated, and SiteTools retained ownership of the Domain Name. *Id.* at 4.

Pocketbook now alleges, *inter alia*, that Defendants' use of the pocketbook.com Domain Name violates the Anti-Cybersquatting Consumer Protection Act ("ACPA") because Defendants have a "bad faith intent to profit from the registration and use of the Domain Name (pocketbook.com) by creating an association with Pocketbook's famous Pocketbook Marks as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | April 13, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/SiteTools, Inc. and Philip Ancevski* | Page | 4 of 6 |

source or sponsorship." Compl. at ¶¶ 50-53. In their MTD, Defendants argue that the ACPA claim is precluded by the FORUM's decision on the UDRP dispute. MTD at 4-5.

### III.
### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

### IV.
### DISCUSSION

Defendants move to dismiss Pocketbook's claim for cybersquatting under the ACPA, which added to the Lanham Act that a user of a trademark shall be liable if it "has a bad faith intent to profit from that mark" and "and registers, traffics in, or uses a domain name that in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark" or is a statutorily protected trademark, such as the Red Cross mark. 15 U.S.C. § 1125(d)(1). Defendants assert that Pocketbook's claim is barred by the doctrine of collateral estoppel because a bad faith claim relating to their use of the pocketbook.com domain name has been fully litigated and decided by the UDRP panel. MTD at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | April 13, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/SiteTools, Inc. and Philip Ancevski* | Page | 5 of 6 |

The parties do not dispute that Pocketbook is entitled to bring a case in this Court under the ACPA. *See* 15 U.S.C.A. §1114(2)(D)(v) (permitting domain name registrants whose domain name has been suspended, disabled, or transferred under the UDRP to file a civil action); *see also Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 24-26 (1st Cir. 2001) (explaining the ACPA private cause of action). The UDRP itself states that:

> The mandatory administrative proceeding requirements . . . shall not prevent either [party] from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded.

Uniform Domain Name Dispute Resolution Policy ¶ 4(k), ICANN (October 24, 1999), https://www.icann.org/resources/pages/policy-2012-02-25-en (last accessed March 25, 2021). This language unambiguously permits a dispute about domain name ownership to proceed in district court, even after a UDRP panel issues its decision.

The issue is whether the UDRP panel's decision can have any issue preclusive effect. In order to determine whether issue preclusion applies, the Ninth Circuit applies a four-pronged test: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019). In some circumstances, "[c]ollateral estoppel may also apply to the final decision of an administrative agency acting in a judicial capacity." *Alberto-Culver Co. v. Trevive, Inc.*, 199 F. Supp. 2d 1004, 1008 (C.D. Cal. 2002). Defendants argue that a UDRP panel decision is the type of administrative decision that may have preclusive effect.

Although the Ninth Circuit has not taken up this issue before, several other circuits have rejected that argument and found that a judicial decision will "override" UDRP panel decisions. *Sallen*, 273 F.3d at 26; *see also Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 628 (4th Cir. 2003) (noting that a UDRP panel decision "is relevant only to serve as the reason for [registrant's] bringing an action under § 1114(2)(D)(v)"); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 381 (2d Cir. 2003) (same). As the Second Circuit held, citing UDRP Paragraph 4(k), "[u]nlike traditional binding arbitration proceedings, UDRP proceedings are structured specifically to permit the domain-name registrant two bites at the apple." *Storey*, 347 F.3d at 381. Indeed, the UDRP merely "contractually empower[s]" administrative dispute resolution panels to adjudicate domain name disputes under the UDRP while permitting "independent" judicial resolution of the same disputes. *Sallen*, 273 F.3d at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-8708-DMG (PDx) | Date | April 13, 2021 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admin/SiteTools, Inc. and Philip Ancevski* | Page | 6 of 6 |

The Fourth Circuit refers to the UDRP administrative proceeding as "adjudication lite," and concludes that "[a]s ICANN recognized in designing the UDRP, allowing recourse to full-blown adjudication under a particular nation's law is necessary to prevent abuse of the UDRP process." *Barcelona.com*, 330 F.3d at 624.

The Court agrees with the First, Second, and Fourth Circuits that the UDRP does not contemplate that its alternative dispute resolution panels shall make final decisions that have preclusive effect on contemporaneous or subsequent civil actions. *See id.* at 626; *Sallen*, 273 F.3d at 126; *Storey*, 347 F.3d at 383. Defendants' citation to an unpublished district court case giving collateral estoppel effect to the findings of a UDRP panel is unpersuasive. MTD at 9 (citing *Fuccillo v. Silver*, No. CV 18-1236-T-36-AEP, 2020 WL 5758001, at *4 (M.D. Fla. Sept. 28, 2020). That case—decided on an unopposed motion for summary judgment—relied on Eleventh Circuit precedent giving preclusive effect to arbitration proceedings with adequate adjudicatory procedures, but did not refer whatsoever to the UDRP Paragraph 4(k). *Fuccillo*, 2020 WL 5758001, at *4. In light of the UDRP's clear language providing for "independent resolution" of domain name disputes, the Court will not give any weight to the UDRP panel decision in deciding Pocketbook's ACPA claim.[2]

## V.
## CONCLUSION

In light of the foregoing, SiteTools and Ancevski's MTD Plaintiff's fourth cause of action under the ACPA is **DENIED**. Defendants shall file their Answer to Plaintiff's Complaint within **15 days** of the date of this Order.

**IT IS SO ORDERED**.

---

[2] Because the Court does not rely on the UDRP decision, the Court need not decide whether it is voidable due to SiteTool's suspended status at the time of the UDRP proceeding.