Michael L. Rodenbaugh (California Bar No. 179059)
Marie E. Richmond (California Bar No. 292962)
LOZA & LOZA LLP
305 N. Second Ave., #127
Upland, CA 91786

*Attorneys for SiteTools, Inc. and Philip Ancevski*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| POCKETBOOK INT'L SA,<br><br>Plaintiff,<br><br>vs.<br><br>DOMAIN ADMIN/SITETOOLS, INC., and PHILIP ANCEVSKI,<br><br>Defendants. | : | Case No.: 2:20-CV-8708<br><br>SITETOOLS, INC., AND PHILIP ANCEVSKI'S ANSWER AND COUNTERCLAIMS<br><br>**DEMAND FOR JURY TRIAL** |

# DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants SiteTools, Inc. ("SiteTools", incorrectly sued as DomainAdmin/SiteTools, Inc.) and Philip Ancevski ("Ancevski") (collectively, "Defendants"), by and through their undersigned counsel, hereby responds to the numbered allegations in Plaintiff Pocketbook Intl. SA's ("Pocketbook" or "Plaintiff") complaint, dated September 22, 2020 (the "Complaint"), as set forth below. Unless specifically admitted, Defendants' deny each of the allegations in Plaintiff's Complaint.

1. Defendants admit that Plaintiff has brought claims for trademark infringement, false designation of origin, cybersquatting, unfair competition, and related state and common law claims. Defendants deny the remaining allegations contained in the Paragraph 1.

2. Defendants admit that Plaintiff seeks a declaratory judgment of infringement, permanent injunctive relief, transfer of the domain name and recovery of damages. Defendants deny the remaining allegations contained in the Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3, and therefore deny the allegations of Paragraph 3.

4. Defendant SiteTools admits that it is a company organized under the laws of the State of California. Defendant SiteTools admits that it is the owner of the pocketbook.com domain name. Defendants deny the remaining allegations contained in Paragraph 4.

5. Defendant Ancevski admits that he is a resident of the State of California and the sole shareholder of SiteTools, Inc. Defendants deny the remaining allegations contained in Paragraph 5.

6. Paragraph 6 states legal conclusions, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 6.

7. Defendants admit that they reside in the state of California. The remainder of Paragraph 7 states legal conclusions, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 7.

8. Defendants admit that they conduct business within and maintain a physical business presence in the Central District of California. The remainder of Paragraph 8 states legal conclusions, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 8.

9. Defendants deny that Pocketbook is a well-known and recognized leader in the field of e-readers. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9, and therefore deny the allegations of Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore deny the allegations of Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore deny the allegations of Paragraph 11.

12. Defendants deny that Plaintiff can demonstrate "recognition of high quality and popularity of the Pocketbook's products and services" in the United States. Defendants lack knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations of Paragraph 12, and therefore deny the allegations of Paragraph 12.

13. Defendants deny that Plaintiff has “received “overwhelming recognition from its peers and consumers” in the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13, and therefore deny the allegations of Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore deny the allegations of Paragraph 14.

15. Paragraph 15 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 15.

16. Paragraph 16 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17, and therefore deny the allegations of Paragraph 17.

18. Paragraph 18 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 18.

19. Paragraph 19 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 19.

20. Paragraph 20 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Paragraph 31 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 31.

32. Paragraph 32 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 32.

33. Paragraph 33 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 33.

34. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

35. Defendants deny the allegations of Paragraph 35.

36. Paragraph 36 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 36.

37. Paragraph 37 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 37.

38. Paragraph 38 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 38.

39. Paragraph 39 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 39.

40. Paragraph 40 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 40.

41. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

42. Paragraph 42 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Paragraph 44 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 44.

45. Paragraph 45 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants lack deny the allegations of Paragraph 45.

46. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

47. Paragraph 47 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 47.

48. Paragraph 48 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 48.

49. Paragraph 49 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 49.

50. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

51. Paragraph 51 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 51.

52. Paragraph 52 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 52.

53. Paragraph 53 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 53.

54. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

55. Paragraph 55 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 55.

56. Paragraph 56 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 56.

57. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

58. Paragraph 58 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 58.

59. Paragraph 58 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 59.

60. Paragraph 60 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 60.

61. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

62. Defendant Site Tools admits that it is the owner of U.S. Registration No. 4,099,793.

63. Defendants deny the allegations of the first sentence to Paragraph 63. Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations of Paragraph 63, and therefore deny the remaining allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Paragraph 65 states a legal conclusion, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 65.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny the allegations set forth in Plaintiff's "Prayer for Relief", and contend that Plaintiff is not entitled to the relief prayed for therein, or any relief whatsoever.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to Police)**

1. Defendants allege that Plaintiff has failed to appropriately and timely police its trademark, because, upon information and belief, Plaintiff only filed a UDRP concerning the Domain some nine years after Defendant SiteTools acquired the Domain. Further, upon information and belief, Plaintiff has not filed any other similar actions despite rampant use of the POCKETBOOK-formative trademarks and domain names by third parties.

### SECOND AFFIRMATIVE DEFENSE

**(Laches)**

2. Defendants allege that Plaintiff's claims are barred by the doctrine of laches. Plaintiff delayed asserting and/or bringing its claims for an unreasonable length, specifically over ten years after Defendant SiteTools acquired the Domain, and such delay has prejudiced Defendants.

3.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4. Defendants allege that Plaintiff's claims are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5. Defendants allege that Plaintiff's has waived any and all rights or claims it had, or may have had, against Defendant by its conduct, errors, and omissions.

**FIFTH AFFIRMATIVE DEFENSE**

**(Innocent Intent)**

6. Defendants allege that Plaintiff's damages, if any, are limited by Defendant's innocent intent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification/Acquiescence)**

7. Defendants allege that Plaintiff consented to, ratified, and or acquiesced in the matters of the underlying Complaint, barring Plaintiff from any recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

8. Defendants allege that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

**EIGTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

9. Defendants allege that Plaintiff's allegations fail to state a claim upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

10. Defendants allege that any conduct averred by Plaintiff to constitute wrongful acts, if any such occurred, were undertaken by Defendant in good faith, for valid and legitimate purposes, and pursuant to the exercise of good and reasonable judgment.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

11. Defendants allege that Plaintiff did not sustain any cognizable damages, whatsoever, and did not sustain any act from any damages from any act of omission attributable to Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

12. Defendants allege that any such relief as alleged by Plaintiff in its Complaint, or any relief whatsoever, would amount to unjust enrichment and is therefore barred.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Frivolous Claims)**

13. Defendants allege that each and every cause of action stated in Plaintiff's Complaint is not brought in good faith and without reasonable cause and is frivolous in nature, thereby subjecting Defendant to possible sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Right to Amend)**

14. Defendants allege that Defendant reserves the right to amend this Answer to Plaintiff's Complaint and to add other affirmative defenses.

# DEFENDANTS' COUNTERCLAIMS

Defendants/Counter-claimants SiteTools, Inc. ("SiteTools") and Philip Ancevski ("Ancevski") (collectively, "Defendants"), by and through their undersigned counsel, hereby bring the following counterclaims (the "Counterclaims") against Plaintiff/Counter-defendant Pocketbook Intl. SA ("Pocketbook" or "Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff has repeatedly attempted to bully Defendants into relinquishing control of the <pocketbook.com> domain name (the "Domain") to Plaintiff by falsely claiming that Defendants registered and/or use the Domain in bad faith. Such repeated claims are made despite the fact that Plaintiff cannot demonstrate any actual bad faith on the part of Defendants. Indeed, a three-judge panel of domain name dispute expert arbitrators flatly rejected Plaintiff's cybersquatting claim in 2020, specifically finding that Plaintiff failed to prove that Defendants registered or used the Domain in bad faith.

Defendants have owned the Domain registration and corresponding trademark registration (U.S. Registration No. 4,099,793), since 2010 and 2012, respectively. Moreover, Plaintiff's earliest pleaded U.S. Registration No. 3,675,976, disclaims the term "POCKETBOOK" entirely. Thus, Plaintiff has no prior and protectable rights in such name vis a vis Defendants. Moreover, because the term "pocketbook" has a descriptive meaning in Defendants' industry, it cannot be used to infringe Plaintiff's mark. Moreover, Plaintiff failed to use its own POCKETBOOK marks in U.S. commerce for at least 7 years, and thus has abandoned any rights it may have had here, if any. Accordingly, Defendants bring the following counterclaims for trademark cancellation, reverse domain name hijacking, and unfair competition.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over Defendants' claims pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1125, giving this Court original and exclusive jurisdiction in a civil action arising under the trademark laws of the United States. Pendent jurisdiction exists over the state law claim.

2. Court has personal jurisdiction over Plaintiff because Plaintiff has consented thereto.

3. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Plaintiff and because Defendants' claims arise from Plaintiff's activities in this District.

## THE PARTIES

4. Defendant SiteTools, Inc. is a corporation organized under the laws of the State of California.

5. Defendant Philip Ancevski is an individual who resides in California.

6. Upon information and belief, Pocketbook International SA is a company organized under the laws of Switzerland and located at Crociccio Cortogna, 6, 6900 Lugano, Switzerland.

## FACTUAL BACKGROUND

**Defendant's Business**

1. Defendant SiteTools, Inc. acquired the <pocketbook.com> domain in 2010.

2. That same year, in July 2010, Defendants applied to register the trademark POCKETBOOK.COM, for "Application service provider (ASP)

featuring software to enable blogging and link building of electronic media and user generated content or information over the Internet or other communications network for use in website design and publishing; Computer service, namely, acting as an application service provider in the field of knowledge management to host computer application software for searching and retrieving information from databases and computer networks; Computer service, namely, acting as an application service provider in the field of knowledge management to host computer application software for the collection, editing, organizing, modifying, book marking, transmission, storage and sharing of data and information; Computer services in the nature of customized web pages featuring user-defined information, personal profiles and information; Providing a website that gives users the ability to create customized web pages featuring user-defined information; Providing customized on-line web pages featuring user-defined information, which includes search engines and on-line web links to other web sites".

3. The date of Defendants' first use of the POCKETBOOK.COM mark in commerce was December 10, 2010.

**4.** The Domain currently redirects to the website and domain name <refinancemoretgage.com>. Therein, "Pocketbook" is described as "an online application to manage and share your financial goals and needs

**Plaintiff's Business and Trademarks**

5. Upon information and belief, Plaintiff produces and sells a line of e-readers under various "PocketBook" logo marks.

6. On information and belief, Plaintiff did not use the POCKETBOOK mark in U.S. commerce from at least 2012 to at least sometime in 2018.

**Plaintiff's Offer to Purchase the Domain**

7. On or about July 26, 2017, a representative of Plaintiff contacted Defendants offering to purchase the domain name for $5,000.

8. That same day, Mr. Ancevski refused the offer, stating, "This seems like ill-attempt to procure an expensive .com domain and we refuse your offer."

9. After receiving several emails from Plaintiff, who requested that Mr. Ancevski provide a "price". Mr. Ancevski informed Plaintiff that the domain was not for sale.

**Plaintiff's UDRP Complaint; Decision in Favor of Defendants**

10. Two years, later, on August 15, 2019, Plaintiff submitted a Uniform Dispute Resolution Policy ("UDRP") complaint concerning the Domain, alleging that Defendants registered and used the Domain in bad faith.

11. That complaint contained knowing and material misrepresentations by Plaintiff, including without limitation the following:

- "With the exception of the initial use directing consumers to e-readers, at no time was any trademark ever used on the website associated with the Domain Name." (UDRP Complaint, p. 4.)
- The use of this mark has been continuous and consistent by Complainant and its prior owners since at least as early as May 5, 2008, to the present, …. Accordingly, in light of the continuous use of the mark, common law rights were well established from at least as early as May 5, 2008, until the filing date of the U.S. application on February 11, 2009, at which time Complainant firmly established nationwide priority of rights. (*Id.*, p.5.)
- Rights in the POCKETBOOK trademark were acquired long prior to the registration date of the domain name pocketbook.com by the Respondent in 2011, or possibly 2010. Although the owners have

changed, the trademark rights acquired by Complainant and the use of the trademark have been continuously consistent for e-readers since at least as early as May 5, 2008, to the present, long prior to any registration of the domain name pocketbook.com in 2011 or 2010. (*Id.*)

- A comparison of the domain name and the registered trademark illustrate that the Domain Name is identical to the registered trademark in which Complainant has rights. (*Id.*)
- At the time of the registration of pocketbook.com, the Complainant was well established and extremely well known in the marketplace. (*Id.*, p.6.)
- There is absolutely *no other* reason or purpose for the use and registration of this domain name. (*Id.*, p.14 (emphasis in original.)

12. Plaintiff's filing of the complaint, including Plaintiff's knowing and material misrepresentations therein, directly and immediately caused Defendants' domain name registrar to temporarily disable Defendants' ability to update or transfer the Domain registration for so long as the UDRP proceeding remained pending.

13. Defendants were forced to hire expert defense counsel to defend this valuable property. Then the parties engaged in robust arbitration concerning Plaintiff's claims. The three-member expert domain dispute resolution panel unanimously denied Plaintiff's complaint, holding specifically that Defendants did <u>not</u> act in bad faith, concluding:

> This is a rather unusual UDRP case where Respondent has owned a corresponding trademark registration since 2012; the registration remains valid and apparently has not been subject to any challenge brought by

> Complainant (whether in court or before the trademark office). Respondent acquired the domain name in 2010, nearly 10 years ago. The parties are engaged in different fields of business. Complainant's earliest trademark registration is subject to a disclaimer of the textual element "pocketbook". Respondent also argues that "pocketbook" has a descriptive meaning in relation to financial matters which mitigates or precludes any finding of bad faith. These are all factors which mitigate a finding of bad faith. In such circumstances, the Panel would require to see very clear evidence of bad faith on the part of Respondent if the Panel were to find in favor of Complainant.

**Third Party Use of Opposed Application**

14. Upon information and belief, there is a significant number of third parties that have registered and used POCKETBOOK-formative marks in association with their business and/or in their associated domain names, and Plaintiff has failed to take any action to police such use.

15. Instead, Plaintiff again seeks in this honorable court to misappropriate Defendant SiteTools' valuable Domain property through meritless legal action.

**FIRST CAUSE OF ACTION**

**(Cancellation of Trademark Registration – Abandonment)**

16. Defendants reallege each and every allegation contained above with the same force and effect as if fully set forth herein.

17. Upon information and belief, Plaintiff failed to use Plaintiff's Marks in U.S. Commerce from at least 2012 though 2018, and thus abandoned any rights in such Marks.

18. Upon information and belief, Plaintiff did not intend to resume use in U.S. commerce as demonstrated by, *inter alia*, its complete failure to police its mark for at least some seven years.

19. Accordingly, Plaintiff's U.S. Registration Nos. 4,820,128 and

3,675,976, should be cancelled on the basis of abandonment.

**SECOND CAUSE OF ACTION**

**(Reverse Domain Name Hijacking -- 15 U.S. Code § 1114(2)(D))**

20. Defendants reallege each and every allegation contained above with the same force and effect as fully set forth herein.

21. The <pocketbook.com> Domain was suspended by the domain name registrar for the pendency of the UDRP proceeding.

22. Defendants have not registered or used the Domain in bad faith or otherwise in any unlawful manner.

23. Accordingly, Defendants are entitled to a declaration that their registration and use of the Domain is not unlawful, and Plaintiff is liable for Defendants' damages incurred as a result of Plaintiff's action, including Defendants' costs and attorneys' fees.

**THIRD CAUSE OF ACTION**

**(Unfair Competition -- Cal. Bus. and Prof. Code 17200 *et seq.*)**

24. Defendants realleges each and every allegation contained above with the same force and effect as fully set forth herein.

25. Plaintiff's wrongful acts, as described in these Counterclaims, are unlawful and unfair, and have caused damage to Defendant and substantial injury to its business, in violation of section 17200 *et seq.* of the California Business and Professions Code.

26. As a result of Plaintiff's' past and continued wrongful acts, Defendant has incurred damages in an amount to be proved at trial, including compensation for Defendant's time, effort, costs and attorneys' fees.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

A. That Plaintiff's U.S. Trademark Registrations, nos. 4,820,128 and 3,675,976, be cancelled;

B. That the Court declare that Defendants' registration and use of the pocketbook.com Domain is lawful;

C. That the Court order Plaintiff to pay damages incurred by Defendants as a result of Plaintiff's misconduct, in an amount to be proved and/or in an amount not less than $1,000 and not greater than $100,000 as statutory damages under the Anti-cybersquatting Consumer Protection Act;

D. That Defendants be awarded their attorneys' fees, costs and expenses incurred herein and incurred in defense of Plaintiff's UDRP Complaint; and,

E. For such other and further relief as the Court deems just and proper.

Dated: April 28, 2021

LOZA & LOZA LLP

By: [signature]
Mike Rodenbaugh

*Attorneys for SiteTools, Inc. and Philip Ancevski*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

By: /s/ Marie Richmond
Marie E. Richmond (292962)