1  Milord A. Keshishian, SBN 197835
   milord@milordlaw.com
2  Stephanie V. Trice, SBN 324944
   stephanie@milordlaw.com
3  **MILORD & ASSOCIATES, P.C.**
   10517 West Pico Boulevard
4  Los Angeles, California 90064
   Tel: (310) 226-7878
5  Fax: (310) 226-7879

6  Attorneys for Plaintiff
   POCKETBOOK INT'L SA
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  POCKETBOOK INT'L SA;                    Case No.:  2:20-cv-8708 DMG (PDx)

12         Plaintiff,                        **POCKETBOOK INT'L SA'S NOTICE**
                                             **OF MOTION AND MOTION TO**
13                                           **STRIKE DEFENDANTS' UNFAIR**
           vs.                               **COMPETITION COUNTERCLAIM**
14                                           **PURSUANT TO CCP 425.16, AND TO**
15  DOMAIN ADMIN/SITETOOLS, INC.;            **DISMISS UNDER RULE 12(b)(6) OR**
    and PHILIP ANCEVSKI aka FILIP            **STRIKE THE CANCELLATION,**
16                                           **REVERSE DOMAIN NAME**
    ANCEVSKI;                                **HIJACKING, AND UNFAIR**
17                                           **COMPETITION COUNTERCLAIMS**
18         Defendants.                       **AND TO STRIKE AFFIRMATIVE**
                                             **DEFENSES**
19  _____
20  AND RELATED COUNTERCLAIMS
21                                           Date:  June 18, 2021
                                             Time: 9:30 a.m.
22                                           Courtroom: 8C
23
24
25
26
27
28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**TO THE HONORABLE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on June 18, 2021 at 9:30 a.m., or as soon as counsel may be heard by the above-entitled Court, located at the First Street Courthouse, 350 W. 1st Street, Courtroom 8C, Los Angeles, CA 90012, before the Honorable Dolly M. Gee, Plaintiff Pocketbook Int'l SA ("Pocketbook") will and hereby moves the Court to strike Defendants Domain Admin/Sitetools, Inc. and Philip Ancevski's counterclaim for Section 17200 unfair competition under California Code of Civil Procedure § 425.16 ("anti-SLAPP statute"), dismiss the three counterclaims under Federal Rule of Civil Procedure § 12(b)(6), strike the counterclaim's references to the UDRP proceedings and rulings, and to strike the affirmative defenses under Rule 12(f). Pocketbook is to be awarded attorney's fees and costs under the anti-SLAPP statute.

This motion is based on the accompanying Memorandum of Points and Authorities, all pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of the hearing.

As required by Civil Local Rule 7-3, Pocketbook's counsel met and conferred with Defendants' counsel on May 13, 2021 telephonically, to discuss the filing of this motion and Defendants indicated they would not voluntarily withdraw the counterclaims, affirmative defenses, and would oppose the motion.

Dated: May 19, 2021

Respectfully submitted,

MILORD & ASSOCIATES, P.C.

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
POCKETBOOK INT'L SA

# **TABLE OF CONTENTS**

I.     INTRODUCTION AND FACTUAL BACKGROUND ................................................. 1

II.    LEGAL AUTHORITY ................................................................................................. 2

    A.    California's Anti-SLAPP Statute ...................................................................... 2

        1.    Defendants' Counterclaim Arises From Pocketbook's Protected Activity and Should Be Stricken ................................................................................. 4

        2.    Defendants Cannot Meet Their Burden to Establish a Probability of Prevailing on the Merits, Because California's Litigation Privilege Forecloses the Counterclaim ................................................................................................. 5

        3.    The Noerr-Pennington Doctrine Immunizes Pocketbook From Liability Under Section 17200 ................................................................................... 6

        4.    Pocketbook is Entitled to its Attorneys' Fees ...................................... 7

    B.    Dismissal Standard Under Rule 12(b)(6) and to Strike Under Rule 12(f) ......... 7

        1.    The Court Should Strike Defendants' References to the UDRP Proceeding and Ruling ...................................................................................................... 9

        2.    The Court Should Strike or Dismiss the Cancellation Cause of Action ............... 10

        3.    The Court Should Strike or Dismiss The Reverse Domain Name Hijacking Cause Of Action .............................................................................................. 11

        4.    The Court Should Alternatively Dismiss Defendants' Section 17200 Cause of Action if it is not Stricken Under Anti-SLAPP .................................................. 11

        5.    The Court Should Strike Defendants' Affirmative Defenses ............................. 12

            a.    Failure To Police Defense Should Be Stricken ........................................ 12

            b.    Laches Defense Should Be Stricken ..................................................... 13

            c.    Unclean Hands Defense Should Be Stricken ......................................... 13

            d.    Waiver Defense Should Be Stricken ..................................................... 13

            e.    Consent/Ratification/Acquiescence Defense Should Be Stricken ............ 14

            f.    Defendants' Innocent Intent Defense Should Be Stricken ...................... 14

            g.    Failure To Mitigate Damages Defense Should Be Stricken .................... 14

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

|   |   | h. | Failure To State A Claim Defense Should Be Stricken | 15 |
|   |   | i. | Good Faith Is Not A Defense And Should Be Stricken | 15 |
|   |   | j. | Lack Of Damages Is Not A Defense And Should Be Stricken | 15 |
|   |   | k. | Unjust Enrichment Is Not A Defense And Should Be Stricken | 16 |
|   |   | l. | Frivolous Claims Is Not A Defense And Should Be Stricken | 16 |
|   |   | m. | Right To Amend Is Not A Defense And Should Be Stricken | 16 |
| III. | CONCLUSION | | | 16 |

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

POCKETBOOK'S MOTION TO STRIKE PURSUANT TO CCP 425.16 AND DISMISS UNDER RULE 12(b)(6)

1

## <u>**TABLE OF AUTHORITIES**</u>

2

Page(s)

3

**Cases**

4

*Adams v. Johnson,*
5
  355 F.3d 1179 (9th Cir. 2004) ........................................................................8

*adidas–Am., Inc. v. Payless Shoesource, Inc.,*
6
  546 F. Supp. 2d 1029 (D.Or.2008) ..............................................................14

7

*Aevoe Corp. v. Pace,*
  2012 WL 13069926 (N.D. Cal. Apr. 6, 2012) ...............................1, 5, 11, 12
8

*Airs Aromatics, L.L.C. v. Victoria's Secret Stores Brand Mgmt.,*
9
  744 F.3d 595 (9th Cir. 2014) ......................................................................10

*AirWair Int'l Ltd. v. Schultz,*
10
  84 F. Supp. 3d 943 (N.D. Cal. 2015) ..........................................................13

11

*Amini Innovation Corp. v. McFerran Home Furnishings Inc.,*
  2014 WL 360048 (C.D. Cal. Jan. 31, 2014) ................................................14
12

*Ashcroft v. Iqbal,*
13
  556 U.S. 662 (2009) .........................................................................7, 8, 10

*Barcelona.com, Inc. v. Excelenti si mo Ayuntami ento de Barcelona,*
14
  330 F.3d 617 (4th Cir. 2003) ...................................................................6, 9

15

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...................................................................................7, 8
16

*Blanchard v. DIRECTV, Inc.,*
17
  20 Cal. Rptr. 3d 385 (Cal. Ct. App. 2004) ....................................................5

18

*Cassirer v. Thyssen-Bornemisza Collection Found.,*
  2014 WL 5510996 (C.D. Cal. Oct. 31, 2014) ..............................................16
19

*Celebrity Chefs Tour, L.L.C. v. Macy's, Inc.,*
20
  16 F. Supp. 3d 1141 (S.D. Cal. 2014) ........................................................10

21

*Coach, Inc. v. Kmart Corps.,*
  756 F. Supp. 2d 421 (S.D.N.Y. 2010) ........................................................15
22

*Coal. for ICANN Transparency Inc. v. VeriSign, Inc.,*
23
  452 F. Supp. 2d 924 (N.D. Cal. 2006) ..........................................................4

24

*Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC,*
  2020 WL 7087705 (C.D. Cal. Nov. 13, 2020) ..............................................3
25

*eCash Techs., Inc. v. Guagliardo,*
26
  127 F. Supp. 2d 1069 (C.D. Cal. 2000) ........................................................5

27

*EDC Techs., Inc. v. Seidel,*
  225 F. Supp. 3d 1058 (N.D. Cal. 2016) ........................................................5

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

*Equilon Enterprises v. Consumer Cause, Inc.*,
  29 Cal. 4th 53 (2002) ...................................................................................2
*Erickson v. Pardus*,
  551 U.S. 89 (2007) .......................................................................................8
*Eurotech, Inc. v. Cosmos Eur. Travels Aktiengesellschaft*,
  189 F. Supp. 2d 385 (E.D. Va. 2002) ......................................................6, 9
*Exergen Corp. v. Wal-Mart Stores*,
  575 F.3d 1312 (Fed. Cir. 2009)..................................................................13
*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) .....................................................................9
*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*,
  350 F.3d 1327 (Fed. Cir. 2003).................................................................13
*Formula One Licensing v. Purple Interactive*,
  2001 WL 34792530 (N.D. Cal. Feb. 6, 2001) .............................................7
*Foster v. Carson*,
  347 F.3d 742 (9th Cir. 2003) .....................................................................11
*Franklin v. Murphy*,
  745 F.2d 1221 (9th Cir. 1984) .....................................................................8
*Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*,
  754 F.2d 591 (5th Cir. 1985) .....................................................................15
*Ganley v. Cty. of San Mateo*,
  2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ............................................12
*Gencarelli v. Twentieth Century Fox Film Corp.*,
  2018 WL 376664 (C.D. Cal. Jan. 11, 2018) .............................................12
*Greenwich Ins. Co. v. Rodgers*,
  729 F. Supp. 2d 1158 (C.D. Cal. 2010) .......................................................9
*Hana Fin., Inc. v. Hana Bank*,
  500 F. Supp. 2d 1228 (C.D. Cal. 2007) .......................................................1
*Hermes Int'l v. Lederer de Paris Fifth Avenue, Inc.*,
  219 F.3d 104 (2d Cir. 2000)........................................................................13
*Hilton v. Hallmark Cards*,
  599 F.3d 894 (9th Cir. 2010) .......................................................................2
*Image Online Design, Inc. v. ICANN*, No. 12-08968 DDP,
  2013 WL 489899 (C.D. Cal. Feb. 7, 2013) ................................................4
*International Bancorp, L.L.C. v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco*,
  192 F. Supp. 2d 467 (E.D. Va. 2002) ..........................................................9
*Japan Telecom, Inc. v. Japan Telecom Am. Inc.*,
  287 F.3d 866 (9th Cir.2002) ......................................................................13

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

*Joe Hand Promotions, Inc. v. Davis,*
  2012 WL 4803923 (N.D. Cal. Oct. 9, 2012) ................................................ 16

*Johnson v. Golden Empire Transit Dist.,*
  2015 WL 1541285 (E.D. Cal. Apr. 7, 2015) ................................................ 16

*JPMorgan Chase Bank, N.A. v. Parkside Lending, LLC,)*
  2013 U.S. Dist. LEXIS 16981 (N.D. Cal. Feb. 7, 20133) ............................. 15

*Ketchum v. Moses,*
  24 Cal. 4th 1122 (2001) ................................................................................. 7

*Knievel v. ESPN,*
  393 F.3d 1068 (9th Cir. 2005) ....................................................................... 8

*Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.,*
  2015 WL 5436784 (E.D. Cal. 2015) ............................................................ 15

*Loblaw Companies Ltd. v. Azimi,*
  2001 WL 36028016 (N.D. Cal. Oct. 17, 2001) ........................................... 11

*Maiden v. Finander,*
  2013 WL 5969840 (C.D. Cal. Nov. 6, 2013) ................................................. 8

*Mansell v. Otto,*
  108 Cal. App. 4th 265 (2003) ........................................................................ 5

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
  521 F.3d 1097 (9th Cir. 2008) ....................................................................... 8

*Mir v. Little Co. of Mary Hosp.,*
  844 F.2d 646 (9th Cir. 1988) ......................................................................... 8

*Mireskandari v. Associated Newspapers, Ltd.,*
  665 Fed. Appx. 570 (9th Cir. 2016) ............................................................... 7

*Monster Energy Co. v. Schechter,*
  7 Cal. 5th 781 (2019) ..................................................................................... 3

*Moore v. Conliffe,*
  7 Cal.4th 634 (1994) ...................................................................................... 5

*Nardico v. J.P. Morgan Chase & Co.,*
  2013 WL 144096 (N.D. Cal. Jan. 11, 2013) ................................................ 11

*Novell, Inc. v. Weird Stuff, Inc.,*
  1993 WL 13767335 (N.D.Cal. Aug. 2, 1993) .............................................. 14

*Park v. Board of Trustees of California State University,*
  2 Cal. 5th 1057 (2017) ................................................................................... 3

*People ex. rel. Gallegos v. Pac. Lumber Co.,*
  70 Cal. Rptr. 3d 501 (Cal. Ct. App. 2008) .................................................... 6

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.,*
  737 F.3d 546 (9th Cir. 2013) ......................................................................... 4

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

POCKETBOOK'S MOTION TO STRIKE PURSUANT TO CCP 425.16 AND DISMISS UNDER RULE 12(b)(6)

*Philipson & Simon v. Gulsvig*,
  154 Cal. App. 4th 347 (2007) ...................................................................... 4
*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  890 F.3d 828 (9th Cir. 2018) ....................................................................... 3
*Price v. Stossel*,
  620 F.3d 992 (9th Cir. 2010) ....................................................................... 3
*Rodeo Realty, Inc. v. Santangelo*,
  2012 WL 13012468 (C.D. Cal. Mar. 16, 2012) ......................................... 15
*Rubin v. Green*,
  4 Cal.4th 1187 (1993) .................................................................................. 6
*SEC v. Sands*,
  902 F. Supp. 1149 (C.D. Cal. 1995) ............................................................ 9
*Silberg v. Anderson*,
  50 Cal. 3d 205 (1990) .................................................................................. 5
*Sosa v. DIRECTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) ....................................................................... 6
*Sparling v. Bank of America Business Lending Services*,
  2018 WL 5099667 (C.D. Cal. June 12, 2018) ............................................ 7
*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ....................................................................... 8
*Talbot v. Robert Matthews Distrib. Co.*,
  961 F.2d 654 (7th Cir. 1992) ....................................................................... 9
*Wang v. Golf Tailor, LLC*,
  2017 WL 5068569 (N.D. Cal. Nov. 3, 2017) ............................................ 12
*Warner Bros., Inc. v. Gay Toys, Inc.*,
  724 F.2d 327 (2d Cir. 1983) ...................................................................... 13
*Warrior Ins. Group, Inc. v. Insureon.com, Inc.*,
  2000 WL 1898868 (N.D. Ill. Dec. 29, 2000) ............................................ 16

**Statutes**

15 U.S.C. § 1114(2)(D) .............................................................................. 11
15 U.S.C. § 1114(2)(D)(v) .......................................................................... 11
15 U.S.C. § 1119 ........................................................................................ 10
Cal. Bus. & Prof. Code § 17200 ............................................................. 6, 7
Cal. Civ. Code § 47(b) ............................................................................ 5, 6
Cal. Code Civ. P. 425.16(b)(1) ................................................................... 4
Cal. Code Civ. P. 425.16(e)(2) ................................................................... 4
Cal. Code Civ. P. § 425.16(a) ..................................................................... 2

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Cal. Code Civ. P. § 425.16(e)(1)-(2) ................................................................ 2

Cal. Code Civ. P. § 425.16 ................................................................... 1, 3, 7

**Rules**

Federal Rule of Civil Procedure 9(b) ............................................................. 6

Federal Rule of Civil Procedure 12(b)(6) ....................................... 3, 7, 15, 17

 Federal Rule of Civil Procedure Rule 12(f) ........................................ 9, 12

Federal Rule of Evidence 403 ................................................................. 10

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-viii-

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

## I.   INTRODUCTION AND FACTUAL BACKGROUND

4

   Defendants are sophisticated longtime cyber-squatters.  Defendants' counsel is also

5

well versed in Uniform Domain Name Dispute Resolution Policy ("UDRP") proceedings

6

before the World Intellectual Property Organization ("WIPO") Arbitration and Mediation

7

Center and the courts.  The gravamen of Defendants' counterclaims is based on

8

Pocketbook's filing of a UDRP complaint and the instant complaint in this Court.

9

Defendant's Section 17200 claim is specifically based on Pocketbook's protected activity

10

of petitioning, which is subject to a special motion to strike under California's anti-

11

SLAPP statute.

12

   Defendants' refusal to voluntarily dismiss their unfounded counterclaims and

13

affirmative defenses is intended to merely multiply the proceedings.  Defendants' counsel

14

is fully aware that the Section 17200 counterclaim is meritless because in a prior similar

15

matter the court struck the cause of action under California's anti-SLAPP statute and

16

awarded attorneys' fees and costs against his client.  *Aevoe Corp. v. Pace*, No. C 11-

17

03215 JSW, 2012 WL 13069926, at *6-7 (N.D. Cal. Apr. 6, 2012).  The *Aevoe Corp*.

18

court also dismissed a carbon copy reverse domain name hijacking counterclaim because,

19

as here, the domain name is not actually "suspended, disabled or transferred."  *Id*. at *4.

20

   In addition, this Court previously denied defendant's motion to dismiss and ruled

21

that the UDRP ruling is not binding on this Court, and will review the matter de novo.

22

ECF No. 23, Order.  Despite this Court's unequivocal mandate, the counterclaim

23

improperly references the UDRP proceeding, including quoting verbatim the UDRP

24

ruling.  Thus, the Court should strike from the counterclaim any reference to the UDRP

25

proceeding or ruling.

26

   The first cause of action for cancellation of Pocketbook's trademark registrations

27

with the U.S. Patent and Trademark Office ("USPTO") is not only improper, but it is

28

"disfavored, however, and carries a heavy burden of proof" as a possible defense.  *Hana*

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

POCKETBOOK'S MOTION TO STRIKE PURSUANT TO CCP 425.16 AND DISMISS UNDER RULE 12(b)(6)

*Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1234 (C.D. Cal. 2007).  In addition, all of Defendants' affirmative defenses should be stricken under Rule 12(f) because they are not affirmative defenses or are insufficiently pleaded.

## II.    LEGAL AUTHORITY

### A.    California's Anti-SLAPP Statute

The purpose of the anti-SLAPP statute is to curtail a "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances" and to ensure that such constitutional rights "should not be chilled through the judicial process."  Cal. Code Civ. P. § 425.16(a).

Under California's Anti-SLAPP law, an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, ... or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  Cal. Code Civ. P. § 425.16(e)(1)-(2).  The statute is designed to "be construed broadly"  *Id.* at § 425.16(a); *Hilton v. Hallmark Cards*, 599 F.3d 894, 905-06 (9th Cir. 2010) ("Because 'it is in the public interest to encourage continued participation in matters of public significance, and [because] this participation should not be chilled through abuse of the judicial process,' the anti-SLAPP statute is to be construed broadly.") (alteration in original).

To succeed on a motion to strike under the Anti-SLAPP statute, the movant must first establish that "the challenged cause of action is one arising from protected activity." *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002).  "If the

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.'" *Park v. Board of Trustees of California State University*, 2 Cal. 5th 1057, 1061 (2017).  The second prong is like a "summary-judgment-like procedure." *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 788 (2019).  Thus, "in making this determination, 'the court is not limited to examining the allegations of the complaint alone but rather considers the pleadings and the factual material submitted in connection with the [ ] motion to strike.'" *Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, No. CV205486 DSF ADSX, 2020 WL 7087705, at *4 (C.D. Cal. Nov. 13, 2020)*Diamond Resorts*, 2020 WL 7087705, at *4 (citation omitted) (alteration in original).

The Anti-SLAPP statute applies in federal court.  *Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010).  Courts in the Ninth Circuit "review anti-SLAPP motions to strike under different standards depending on the motion's basis," in an effort "to prevent the collision of California state procedural rules with federal procedural rules." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018).  Thus, "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* at 834.  By contrast, "[i]f a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Id.*

Pocketbook's Anti-SLAPP motion against Defendants' counterclaim for unfair competition is premised entirely upon constitutional activities, *i.e.*, filing a UDRP proceeding, which is protected speech and petitioning activity.  Based upon the law – of which Defendants are fully aware – and the facts, the counterclaim must be stricken.

### 1.  Defendants' Counterclaim Arises From Pocketbook's Protected Activity and Should Be Stricken

California's Anti-SLAPP statute applies to "[a] cause of action against a person arising from any act ... in furtherance of the person's right of petition or free speech." Cal. Code Civ. P. 425.16(b)(1).  The statute specifically defines an "act in furtherance" to include "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law..."  Cal. Code Civ. P. 425.16(e)(2).

Here, the gravamen of Defendants' unfair competition claim arises from Pocketbook's filing of a domain name dispute proceeding.  ECF No. 25, ¶¶ 10-12.  Thus, Pocketbook meets its burden of demonstrating the counterclaim is aimed at a protected activity.  "ICANN is a California public benefit corporation that has been authorized by the United States government to administer the Internet's primary domain name system." *Image Online Design, Inc. v. ICANN*, No. CV 12-08968 DDP, 2013 WL 489899, at *1 (C.D. Cal. Feb. 7, 2013).  "ICANN's bylaws provide that it shall introduce and promote competition in the registration of domain names where practicable and beneficial in the public interest." *Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924, 927 (N.D. Cal. 2006) (internal quotation marks and citation omitted).  "[T]he UDRP ... establishes an expedited and inexpensive arbitration process for resolving cybersquatting claims." *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 548 n.1 (9th Cir. 2013) *cert. denied*, 135 S. Ct. 55 (2014).  Pocketbook's filing and pursuing the UDRP arbitration action is protected activity subject to California's anti-SLAPP law. *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 358 (2007) (concluding that an administrative fee arbitration "is an official proceeding established by statute to address a particular type of dispute" and constitutes "petitioning" under California's anti-SLAPP law).

Thus, Defendants' unfair competition claim based on Pocketbook's UDRP filing is aimed at protected activity and should be stricken under the anti-SLAPP, just as the court

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

in *Aevoe Corp.* struck Mr. Rodenbaugh's client's "unfair competition claim that [was] premised upon the mere filing of the original complaint." *Aevoe Corp. v. Pace*, No. C 11-03215 JSW, 2012 WL 13069926, at *6 (N.D. Cal. Apr. 6, 2012); *Blanchard v. DIRECTV, Inc.*, 20 Cal. Rptr. 3d 385, 394-95 (Cal. Ct. App. 2004) (applying anti-SLAPP statute to Section 17200 unfair competition claim).

### 2. Defendants Cannot Meet Their Burden to Establish a Probability of Prevailing on the Merits, Because California's Litigation Privilege Forecloses the Counterclaim

The litigation privilege, Cal. Civ. Code § 47(b), "protects participants in judicial proceedings from derivative tort actions based on communications in or regarding the judicial proceeding." *EDC Techs., Inc. v. Seidel*, 225 F. Supp. 3d 1058, 1066 (N.D. Cal. 2016) (quoting *eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1082 (C.D. Cal. 2000)).  California's litigation privilege is an "absolute" privilege and is not subject to qualification based on the subjective motives of a party.  *Silberg v. Anderson*, 50 Cal. 3d 205, 215 (1990), as modified (Mar. 12, 1990); *Mansell v. Otto*, 108 Cal. App. 4th 265, n.47 (2003) ("[T]he presence or absence of malice or good or bad faith is irrelevant to the inquiry whether the litigation privilege is applicable.").  The litigation privilege barring action against statements made in judicial proceeding applies to private contractual arbitration, such as the UDRP.  *Moore v. Conliffe*, 7 Cal.4th 634, 638 (1994).

Defendants' unfair competition counterclaim states only the bare conclusion that Pocketbook's "wrongful acts, as described in these Counterclaims, are unlawful and unfair, and have caused damage to Defendant and substantial injury to its business, in violation of section 17200 *et seq.*"  ECF No. 25, ¶ 25.  The only allegation, incorporated by reference, Defendants allege is wrongful and resulted in their damages is Pocketbook's UDRP complaint filing.  But Pocketbook's UDRP filing cannot, as a matter of law, form the basis for a claim of unfair competition.  Under Section 17200, conduct can be actionable only if it is an "unlawful, unfair or fraudulent business act or practice."

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Cal. Bus. & Prof. Code § 17200.  Irrefutably, filing a UDRP action is not unlawful, especially when federal trademark law recognizes same.  See *Barcelona.com, Inc. v. Excelenti si mo Ayuntami ento de Barcelona*, 330 F.3d 617, 624-25 (4th Cir. 2003) (describing interaction between the UDRP and ACPA).  Also, Defendants failed to plead "with particularity," as required by Fed.R.Civ.P. 9(b), any fraudulent conduct by Pocketbook.  And Defendants cannot plead any "unfair" conduct under Section 17200.

Thus, despite the broad leeway provided by Section 17200, Pocketbook's UDRP complaint filing is immunized under California's litigation privilege.  Cal. Civ. Code §47(b).  The unfair competition statute cannot form the basis of a claim barred by the litigation privilege.  *Rubin v. Green*, 4 Cal.4th 1187, 1204 (1993).

### 3.    The Noerr-Pennington Doctrine Immunizes Pocketbook From Liability Under Section 17200

The *Noerr-Pennington* Doctrine immunizes "those who petition any department of the government for redress…from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006).  "The *Noerr--Pennington* doctrine has been extended to preclude virtually all civil liability for a defendant's petitioning activities before not just courts, but also before administrative and other governmental agencies." *People ex. rel. Gallegos v. Pac. Lumber Co.*, 70 Cal. Rptr. 3d 501, 513 (Cal. Ct. App. 2008).  The *Noerr-Pennington* Doctrine has been extended to WIPO UDRP proceedings because "the United States Department of Commerce participated in establishing WIPO's UDRP procedures to provide a streamlined, inexpensive administrative dispute-resolution procedure for Internet domain names" and "[t]hus, given WIPO's quasi-public nature, it is reasonable and appropriate that the *Noerr-Pennington* doctrine, already applicable to cover resort to the judicial process, should also apply to the initiation and maintenance of WIPO arbitration proceedings." *Eurotech, Inc. v. Cosmos Eur. Travels Aktiengesellschaft*, 189 F. Supp. 2d 385, 392-93 (E.D. Va. 2002) (internal quotation and citation omitted).  Defendants' unfair competition claim arising

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-6-

from Pocketbook's UDRP filing fails under the Noerr-Pennington Doctrine because it constitutes petitioning conduct.  *See Formula One Licensing v. Purple Interactive*, No. C 00-2222 MMC, 2001 WL 34792530 (N.D. Cal. Feb. 6, 2001) (dismissing plaintiff's Section 17200 and antitrust claims based on defendant's UDRP filing under the *Noerr-Pennington* Doctrine).

### 4.    Pocketbook is Entitled to its Attorneys' Fees

"[I]n any action subject to [a special motion to strike], a prevailing defendant ... shall be entitled to recover his or her attorney's fees and costs." (Code Civ. P., § 425.16, subd. (c), emphasis added).  "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).  "Attorneys' fees generally may be awarded to a defendant even if it did not prevail on 'the whole of its anti-SLAPP motion.'" *Sparling v. Bank of America Business Lending Services*, 2018 WL 5099667, at *2 (C.D. Cal. June 12, 2018) (citing *Mireskandari v. Associated Newspapers, Ltd.*, 665 Fed. Appx. 570, 572 (9th Cir. 2016)). Upon granting of the Motion, Pocket requests the Court's leave to file its motion for attorneys' fees.

### B.    Dismissal Standard Under Rule 12(b)(6) and to Strike Under Rule 12(f)

A complaint or counterclaim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).  In making this determination, a court must accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff.  *See Twombly*, 550 U.S. at 556; *see also Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  "For an allegation to be entitled to the assumption of truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion." *Maiden v. Finander*, 2013 WL 5969840, at *2 (C.D. Cal. Nov. 6, 2013) (citing *Iqbal*, 556 U.S. at 678–79).  Thus, "[t]he Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Id.*; *see also Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004).

When ruling on a motion to dismiss, the Court may consider not only the allegations, but also documents that are incorporated into the counterclaim by reference and any matters subject to judicial notice.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).  Importantly, the Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice.  *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).  The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."  *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).  Granting "a motion to strike falls on the sound discretion of the district court."  *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (citation and internal quotation marks omitted).

### 1.   The Court Should Strike Defendants' References to the UDRP Proceeding and Ruling

In denying Defendants' motion to dismiss, this Court held that "the UDRP does not contemplate that its alternative dispute resolution panels shall make final decisions that have preclusive effect on contemporaneous or subsequent civil actions."  ECF No. 23, Order at 4; citing *Barcelona.com*, 330 F.3d at 624.  See also footnote 5, *Eurotech*, 189 F. Supp. 2d 385 (E.D. Va. 2002) (noting a prior UDRP decision "is neither admissible, nor entitled to any deference, with respect to the merits issues present in this suit... [r]eview...must be de novo and independent of any" UDRP decision); *International Bancorp, L.L.C. v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco,* 192 F. Supp. 2d 467, 475 n. 16 (E.D. Va. 2002) (noting "that the result reached in the WIPO proceeding is neither admissible nor entitled to any deference on the liability issues presented in this suit... [r]eview... must be de novo and independent of any WIPO panel conclusion").  The authority is unwavering that UDRP decisions are inadmissible,

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

impertinent, and irrelevant, thus Defendants' citation of the UDRP decision and documents in ¶¶ 10-13 of the counterclaims should be stricken.

Federal Rule of Evidence 403 precludes the admission of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. As the counterclaim merely parrots the inadmissible UDRP decision and allegations of the parties, there is a tremendous risk of confusion and prejudice when the issues are meant to be evaluated de novo.

## 2. The Court Should Strike or Dismiss the Cancellation Cause of Action

Defendants' First Cause of Action seeks to cancel Pocketbook's Registration Nos. 4,820,128 and 3,675,976 pursuant to 15 U.S.C. § 1119. Section 1119, however, does not create an independent cause of action but instead provides merely a remedy. *See Airs Aromatics, L.L.C. v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 599 (9th Cir. 2014) (§ 1119 "creates a remedy" and is not "available as an independent cause of action"). Defendants merely allege "[u]pon information and belief" that Pocketbook did not use the marks in the U.S. from 2012 to 2018 and failed to police the marks, and nothing more. However, this is insufficient because Defendants failed to plead a single fact - let alone a plausible factual basis - in support of its counterclaim for cancellation based upon abandonment. The pleading is nothing more than a bare and insufficient legal conclusion and the cause of action for cancellation should be dismissed. *See Celebrity Chefs Tour, L.L.C. v. Macy's, Inc.,* 16 F. Supp. 3d 1141, 1154 (S.D. Cal. 2014) ("[T]he Court finds that Plaintiffs' conclusory allegations ... are fatally defective to stating a 'facial[ly] plausib[le]' claim."), quoting *Iqbal*, 556 U.S. 662, 678 (2009)).

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

### 3.     The Court Should Strike or Dismiss The Reverse Domain Name Hijacking Cause Of Action

"As there is no independent cause of action for reverse domain name hijacking, Loblaw's motion for summary judgment on that claim is granted. . ." *Loblaw Companies Ltd. v. Azimi*, No. C 00 3591 WHO, 2001 WL 36028016, at *16 (N.D. Cal. Oct. 17, 2001).  The Court should dismiss the counterclaim for reverse domain name hijacking because it is not a viable claim.  But even if it were, the second cause of action's only relevant allegation states that the "[d]omain was suspended by the domain name registrar for the pendency of the UDRP proceeding."  ECF No. 25, ¶ 21.  Because Defendants' domain name is currently not suspended, as admitted, Defendants are not entitled to any injunctive relief and an action under 15 U.S.C. § 1114(2)(D) cannot stand.  *Aevoe Corp*, 2012 WL 13069926, at *4 (dismissing reverse domain name hijacking cause of action "because a claim for reverse hijacking requires that the domain name actually be suspended, disabled or transferred, Defendant cannot make out such a cause of action."); *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003) ("Where the activities sought to be enjoined already have occurred, and the ... courts cannot undo what has already been done, the action is moot, and must be dismissed.") (citation omitted).  Further, the statute provides no monetary damages – only injunctive relief – and Paragraph 23 should also be stricken in addition to the prayer for relief seeking monetary damages.  15 U.S.C. § 1114(2)(D)(v).

### 4.     The Court Should Alternatively Dismiss Defendants' Section 17200 Cause of Action if it is not Stricken Under Anti-SLAPP

To properly plead a Section 17200 cause of action, Defendants "must specify whether [they are] alleging an unlawful business practice (and which law defendants are alleged to have violated), an unfair business practice (and why the practice is unfair), or a fraudulent business practice (which must be pled with particularity under Rule 9(b)." *Nardico v. J.P. Morgan Chase & Co.*, No. C 12-4891 PJH, 2013 WL 144096, at *2 (N.D.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Cal. Jan. 11, 2013) (granting motion to dismiss where plaintiff failed to specify conduct that was unlawful, unfair, or fraudulent business practice).  Here, Defendants failed to plead any specifics as to whether Pocketbooks conduct was unlawful, unfair, or fraudulent, merely providing a rote recitation of the elements of a Section 17200 cause of action.  To the extent they incorporate by reference their deficient first and second causes of action, the Section 17200 claim also fails for depending from dismissible claims. *Aevoe Corp*, 2012 WL 13069926, at *5 ("Defendant's asserted claim under Section 17200 fails because it rests on his other deficient causes of action" of reverse domain name hijacking).

### 5.    The Court Should Strike Defendants' Affirmative Defenses

While the Ninth Circuit has not ruled on the applicability of the *Iqbal* and *Twombly* plausibility standard to a motion to strike an affirmative defense under F. R. Civ. P. 12(f), district courts, including this district, apply the standard to a motion to strike an affirmative defense.  *See Gencarelli v. Twentieth Century Fox Film Corp.*, No. 2:17-02818-DW (AJW), 2018 WL 376664, at *2 (C.D. Cal. Jan. 11, 2018) (*Twombly*/*Iqbal* apply to affirmative defenses), *and Wang v. Golf Tailor, LLC*, No. 17-cv-00898-LB, 2017 WL 5068569, at *4 (N.D. Cal. Nov. 3, 2017) (*same*).  A motion to strike an affirmative defense is appropriate when the defense is insufficient as a matter of law.  *Gencarelli*, 2018 WL 376664, at *4.  "An affirmative defense is insufficient as a matter of law when the court is convinced 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'"  *Id.* quoting *Ganley v. Cty. of San Mateo*, No. 06–3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007).

### a.    Failure To Police Defense Should Be Stricken

To establish the defense of abandonment by failure to police a trademark, "it is necessary to show either the owner's intent to abandon the mark, or a course of conduct

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

on the part of the owner causing the mark to become generic or lose its significance as a mark." *Hermes Int'l v. Lederer de Paris Fifth Avenue, Inc.,* 219 F.3d 104, 110 (2d Cir. 2000). A defendant bears a "high burden of proof" to show abandonment through failure to police. *Warner Bros., Inc. v. Gay Toys, Inc.,* 724 F.2d 327, 334 (2d Cir. 1983) (citation omitted). Defendants' pleading fails to sufficiently plead the defense and it should be stricken with prejudice.

### b.  Laches Defense Should Be Stricken

Defendants' laches affirmative defense fails to please any facts establishing prejudice and should be stricken. *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 956 (N.D. Cal. 2015) (striking laches defense where defendant had failed to state how it had been prejudiced by the purported delay). Defendants' purported defense should be stricken with prejudice.

### c.  Unclean Hands Defense Should Be Stricken

"To make out an unclean hands defense, a trademark defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.,* 287 F.3d 866, 870 (9th Cir.2002) (internal quotation marks omitted). Usually, this defense would involve the assertion that "plaintiff used the trademark to deceive consumers." *Id.* Defendants make no such assertion and the defense should be stricken, including because "'inequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (*quoting Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). Thus, the defense should be stricken with prejudice.

### d.  Waiver Defense Should Be Stricken

"[F]ailure to act, without more, is insufficient evidence of a trademark owner's

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

intent to waive its right to claim infringement." *Novell, Inc. v. Weird Stuff, Inc.,* No. C92–20467 JW/EAI, 1993 WL 13767335, at *13 (N.D.Cal. Aug. 2, 1993). Defendants have failed to plead any facts in support of their waiver defense, which should be stricken with prejudice.

### e.   Consent/Ratification/Acquiescence Defense Should Be Stricken

"The distinguishing feature of the acquiescence defense [from a laches defense] is the element of *active* or *explicit* consent to the use of an allegedly infringing mark." *adidas–Am., Inc. v. Payless Shoesource, Inc.,* 546 F. Supp. 2d 1029, 1075 (D.Or.2008) (internal quotation marks omitted and emphasis in original). Defendants have failed to plead any facts in support of this defense, which should be stricken with prejudice.

### f.   Defendants' Innocent Intent Defense Should Be Stricken

"Defendants have failed to plead any facts to support their defense of innocent intent. Defendants must still tie their defense to some factual allegation to give Plaintiff fair notice of the nature and grounds of the defense. As a result, the Court GRANTS Plaintiff's Motion to Strike Defendants' second affirmative defense" of innocent intent to infringement. *Amini Innovation Corp. v. McFerran Home Furnishings Inc.*, No. CV 13-6496 RSWL SSX, 2014 WL 360048, at *3 (C.D. Cal. Jan. 31, 2014). Similarly, the Defendants' innocent intent defense should be stricken with prejudice because it lacks any factual basis therefor.

### g.   Failure To Mitigate Damages Defense Should Be Stricken

"Based on even the most generous reading of the pleadings, there is no indication that Plaintiffs failed to take reasonable efforts to mitigate any of their alleged damages. Thus, there is no question of fact or law that might allow Defendants' failure to mitigate damages defense to succeed, and the defense is therefore insufficient as a matter of law."

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-14-

*Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 430–31 (S.D.N.Y. 2010).  Defendants have failed to plead any facts in support of the defense and it should be stricken with prejudice.

### h.    Failure To State A Claim Defense Should Be Stricken

In striking a defendants' failure to state a claim defense, the court in *Rodeo Realty* held that a "failure to state a claim is appropriately brought as a motion to dismiss under Rule 12(b)(6)" and not an affirmative defense.  *Rodeo Realty, Inc. v. Santangelo*, No. CV1108372RGKAGRX, 2012 WL 13012468, at *5 (C.D. Cal. Mar. 16, 2012); *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.* , 2015 WL 5436784, at *12 (E.D. Cal. 2015) ("Failure to state a claim is not an affirmative defense; rather it is an assertion of a defect in a plaintiff's prima facie case").  Here, Defendants failure to dismiss defense is improper and should be stricken with prejudice.

### i.    Good Faith Is Not A Defense And Should Be Stricken

"Good faith is not a defense to trademark infringement.  The reason for this is clear: if potential purchasers are confused, no amount of good faith can make them less so."  *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha,* 754 F.2d 591, 596 (5th Cir. 1985).  Defendants' good faith defense is not recognized in the trademark law and should be stricken with prejudice.

### j.    Lack Of Damages Is Not A Defense And Should Be Stricken

"[A]n assertion that the plaintiff suffered no damages is not an affirmative defense, because it is essentially an allegation that the plaintiff cannot prove the elements of its claims."  *JPMorgan Chase Bank, N.A. v. Parkside Lending, LLC*, 2013 U.S. Dist. LEXIS 16981, at *4 (N.D. Cal. Feb. 7, 2013).  Defendants' lack of damages is not a proper defense and should be stricken with prejudice.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

### k.    Unjust Enrichment Is Not A Defense And Should Be Stricken

Unjust enrichment is not an affirmative defense to trademark infringement. *Warrior Ins. Group, Inc. v. Insureon.com, Inc.,* 2000 WL 1898868 (N.D. Ill. Dec. 29, 2000); *Joe Hand Promotions, Inc. v. Davis*, 2012 WL 4803923, at *5 (N.D. Cal. Oct. 9, 2012) (allegation that "Plaintiff would be unjustly enriched if it were awarded all the damages that it seeks" does not support unjust enrichment affirmative  defense: "Because Defendant does not state a sufficient basis to assert unjust enrichment, the Court strikes Defendant's ninth affirmative defense without leave to amend.").  The Court should strike with prejudice Defendants' unjust enrichment defense.

### l.    Frivolous Claims Is Not A Defense And Should Be Stricken

Frivolous claims is not an affirmative defense, but an – incorrect – opinion and Defendants' purported defense should be stricken with prejudice.  *Johnson v. Golden Empire Transit Dist.*, No. 1:14-CV-001841 LJO, 2015 WL 1541285, at *8 (E.D. Cal. Apr. 7, 2015) (granting without leave to amend affirmative defense that the plaintiff's claims are frivolous).

### m.    Right To Amend Is Not A Defense And Should Be Stricken

Right to amend is not an affirmative defense and the Court should strike same with prejudice.  *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. CV 05-03459 GAF EX, 2014 WL 5510996, at *4 (C.D. Cal. Oct. 31, 2014) (striking reservation of right to amend or add affirmative defenses because it "is clearly not an affirmative defense, but a reservation of a supposed right not reflected in the Federal Rules of Civil Procedure.").

## III.   CONCLUSION

Because Defendants' Section 17200 counterclaim arises from Pocketbook's protected activity of filing the UDRP proceeding, this Court should strike cause of action

-16-

and award Pocketbook's attorneys' fees and costs.  The Court should also dismiss the cancellation of trademark cause of action and the reverse domain name hijacking cause of action because they are not viable claims under Rule 12(b)(6).  The Court should also strike all references to the UDRP proceeding and ruling from the claims because this Court previously ruled that the UDRP ruling is not binding on the Court, which reviews Pocketbook's claims de novo.  Finally, the Court should also dismiss Defendants' affirmative defenses because they are either not affirmative defenses or are insufficiently pleaded.

Dated:  May 19, 2021

**MILORD & ASSOCIATES, P.C.**

/s/Milord A. Keshishian

Milord A. Keshishian
Attorneys for Plaintiff
POCKETBOOK INT'L SA

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878