UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 1 of 9 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO STRIKE AND DISMISS [27]**

Before the Court is Plaintiff Pocketbook International SA's Motion to Strike or Dismiss the Answer and Counterclaims of Defendants Domain Admin/Site Tools, Inc. ("SiteTools") and Philip Ancevski. [Doc. # 27.] Specifically, Plaintiff seeks to strike one of Defendants' counterclaims under California's statute prohibiting strategic lawsuits against public participation ("anti-SLAPP statute"), Cal. Civ. Proc. Code § 425.16. [Doc. # 27.] Plaintiff also seeks to strike under Federal Rule of Civil Procedure 12(f) or dismiss under Federal Rule of Civil Procedure 12(b) Defendants' two remaining counterclaims, as well as to strike a quotation to the Uniform Domain Name Dispute Resolution Policy ("UDRP") panel decision from the Counterclaim and to strike affirmative defenses from the Answer. The motion is fully briefed. [Doc. ## 29, 33.]

For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

The Court incorporates by reference the factual background about ICANN and the UDRP and the procedural history of this action set forth in its prior Order denying Defendants' motion to dismiss one claim in the Complaint. April 13, 201 Ord. at 3 [Doc. # 23].[1]

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 2 of 9 |

As alleged in Defendants' Counterclaim, SiteTools acquired the "Pocketbook.com" domain name (the "Domain") in 2010. Counterclaim at ¶ 1. In July 2010, Defendants applied to register the trademark "POCKETBOOK.COM" for a computer service featuring software to enable blogging and link building, among other functions. *Id.* at ¶ 2. Defendants used the POCKETBOOK.COM mark in commerce for the first time on December 10, 2010. *Id.* The Domain now redirects to the website and domain name "refinancemortgage.com," where "Pocketbook" is described as "an online application to manage and share your financial goals and needs." *Id.* at ¶ 4.

On July 26, 2017, Plaintiff's representative contacted Defendants offering to purchase the Domain for $5,000. *Id.* at ¶ 7. Defendant Ancevski refused the offer, and after receiving several more emails from Plaintiff, informed it that the Domain was not for sale. *Id.* at ¶¶ 8-9.

Two years later, on August 15, 2019, Plaintiff submitted a UDRP complaint concerning the Domain, alleging that Defendants registered and used the Domain in bad faith. *Id.* at ¶ 10. Defendants assert that the Complaint contained numerous knowing and material misrepresentations. *Id.* at ¶ 11. The filing of the UDRP complaint immediately caused Defendants' domain name registrar to temporarily disable their ability to update or transfer the Domain registration while the UDRP proceeding remained pending. *Id.* at ¶ 12. After arbitration, the three-member UDRP panel denied Plaintiff's complaint, finding insufficient evidence of Defendants' bad faith. *Id.* at ¶ 13.

Defendants also allege that a significant number of third parties have registered and used "pocketbook"-related marks in association with their business or in their domain names, and Plaintiff has not taken any action to police such use. *Id.* at ¶ 14.

Defendants now allege three counterclaims: (1) cancellation of trademark registration/abandonment based on Plaintiff's failure to use its mark in United States commerce from 2012 to 2018; (2) reverse domain name hijacking due to the Domain's suspension during the pendency of the UDRP proceeding; and (3) violation of California's Unfair Competition Law ("UCL") based on Plaintiff's wrongful acts. *Id.* at ¶¶ 17-26. Their Answer also asserts 13 affirmative defenses. Answer at 9-11.

In its motion, Plaintiff seeks three distinct rulings. First, it argues that Defendants' UCL counterclaim arises out of a protected activity under California's anti-SLAPP statute and, thus, should be stricken. Mot. at 13. Second, Plaintiff moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or strike under Rule 12(f) Defendants' two federal-law counterclaims for (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 3 of 9 |

cancellation of trademark registration based on abandonment and (2) reverse domain name hijacking. Third, Pocketbook seeks to strike under Rule 12(f) the quoted paragraph from the UDRP panel decision in the Counterclaim and to strike affirmative defenses from the Answer.

## II.
## LEGAL STANDARDS

The Court stated the legal standard governing motions to dismiss in its prior MTD Order and therefore need not repeat it here. April 13, 2021 Ord. at 4.

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored . . . and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Bianchi v. St. Farm Fire and Cas. Co.*, 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000) (alteration in original) (quoting *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F. Supp. 1072, 1073 (M.D. Fla. 1989)). Without an adequate showing of prejudice, courts may "deny motions to strike even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." *N.Y. City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (internal quotations omitted). The decision to "grant a motion to strike lies within the sound discretion of the district court." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

For the reasons stated below, the Court need not set forth California's anti-SLAPP motion to strike standard to resolve Plaintiff's motion.

## III.
## DISCUSSION

The Court begins with Plaintiff's arguments to dismiss or strike the federal trademark abandonment and reverse domain hijacking counterclaims, before turning to Plaintiff's anti-SLAPP arguments to strike the UCL counterclaim. Lastly, the Court addresses Plaintiff's arguments to strike portions of the Answer and Counterclaim under Rule 12(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 4 of 9 |

**A.    Motion to Dismiss or Strike Federal Counterclaims**

As an initial matter, the Court will analyze the federal trademark abandonment and reverse domain name hijacking counterclaims only under the Rule 12(b)(6) standard. It does not find either counterclaim so redundant, immaterial, impertinent, or scandalous to justify striking under Rule 12(f).

**1.    Trademark abandonment**

Pursuant to Section 1127 of the Lanham Act, a trademark is considered abandoned "[w]hen its use has been discontinued with intent not to resume such use." 15 U.S.C. § 1127; *see also Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1072 (9th Cir. 2014), *as amended* (Mar. 11, 2014). A *prima facie* case for abandonment is presented where claimant can demonstrate three consecutive years of non-use by the mark owner. 15 U.S.C. § 1127; *see also Herb Reed Enters., LLC*, 736 F.3d 1239, 1247–48 (9th Cir. 2013). Non-use requires "'*complete* cessation or discontinuance of trademark use,' where 'use'" signifies any use in commerce." *Herb Reed*, 736 F.3d at 1248 (quoting *Electro Source, LLC v. Brandess–Kalt–Aetna Grp., Inc.*, 458 F.3d 931, 936, 938 (9th Cir. 2006)). If a *prima facie* case is made, the trademark owner must show valid reasons for non-use or a lack of intent to abandon. *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 411 (9th Cir. 1996).

Defendants have adequately pled that Plaintiff discontinued its use of the POCKETBOOK mark in the United States between 2012 to 2018 and demonstrated lack of intent to resume use of the mark due to its failure to police the mark. Counterclaim at ¶¶ 17-18. Neither side argues that a mark cannot be considered abandoned if it is used in commerce outside the United States, and the Court is not aware of any authority to that effect. Moreover, Defendants have allegedly suffered damage based on Plaintiff's attempts to enforce the validity of its mark, including being forced to defend themselves in the UDRP proceedings over the related Domain and this litigation. *Id.* at ¶¶ 12-13; *see* 15 U.S.C. § 1064 (permitting a petition to cancel registration of an abandoned mark by "any person who believes that he is or will be damaged . . . by the registration of a mark"). At the pleading stage, these allegations are sufficient to present a *prima facie* case of abandonment and the remedy of cancellation.

Therefore, Defendants have stated a counterclaim for trademark cancellation based on abandonment. The Court **DENIES** Plaintiff's motion for dismissal of this counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 5 of 9 |

### 2. Reverse domain name hijacking

The federal Anticybersquatting Consumer Protection Act ("ACPA") prohibits reverse domain name hijacking, which occurs when "overreaching trademark owners" interfere with a domain name registrant's lawful use of a domain name. *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 625 & n.1 (4th Cir. 2003); *see* 15 U.S.C. § 1114(2)(D)(v). It offers a domain name registrant such as Defendant SiteTools the right to sue a trademark owner for injunctive relief. A reverse domain hijacking plaintiff must prove four elements: (1) the plaintiff is a domain name registrant; (2) plaintiff's domain name was "suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II);" (3) the trademark owner prompting the domain name to be transferred "has notice of the action;" and (4) plaintiff's use or registration of the domain name is not unlawful under the ACPA. *Ricks v. BMEzine.com, LLC*, 727 F. Supp. 2d 936, 959 (D. Nev. 2010) (citing *Barcelona.com, Inc.*, 330 F.3d at 626).

The requirement that the domain name "has been suspended, disabled, or transferred" does not include temporary suspension. 15 U.S.C. § 1114(2)(D)(v). Other subsections of the ACPA's remedies provision note that a domain name registrar, registry, or registration authority shall not be liable for "temporarily disabling" a domain name. *Id.* § 1114(2)(D)(i)-(ii). But the reverse domain name hijacking section does not include the word "temporary." *Id.* § 1114(2)(D)(v). And a claim seeking an injunction against transfer of a domain name and a declaration of the rightful ownership of a domain name cannot be ripe for review, where there is no pending transfer order and the domain name has been declared to belong to the registrant. Indeed, as the Fourth Circuit noted, "a suit for declaratory judgment and injunctive relief under § 1114(2)(D)(v) appears to be precisely the mechanism designed by Congress to empower a party whose domain name is subject to a transfer order like the one in the present case to *prevent the order from being implemented*." *Barcelona.com*, 330 F.3d at 627 (emphasis added). Accordingly, courts have interpreted the ACPA not to provide a reverse domain name hijacking claim for injunctive relief where a party's domain name is not shut down or transferred. *See Aevoe Corp. v. Pace*, No. C 11-03215 JSW, 2012 WL 13069926, at *4 (N.D. Cal. Apr. 6, 2012); *Loblaw Companies Ltd. v. Azimi*, No. C 00-3591 WHO, 2001 WL 36028016, at *16 (N.D. Cal. Oct. 17, 2001); *cf. Strong Coll. Students Moving Inc. v. Coll. Hunks Hauling Junk Franchising LLC*, No. CV-12-01156-PHX (DJHx), 2015 WL 12602438, at *4, 7-11 (D. Ariz. May 15, 2015) (finding a reverse domain name hijacking claim sufficiently pled where the UDRP panel had ordered the plaintiff's domain transferred to the defendant); *AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX (FJMx), 2011 WL 5007919, at *3 (D. Ariz. Oct. 20, 2011) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 6 of 9 |

In this case, although Defendants' Domain was temporarily suspended "for the pendency of the UDRP proceedings," the Domain is once again live. Counterclaim at ¶ 21. The Counterclaim makes clear that the UDRP proceeding against Defendants was unsuccessful, and Plaintiff currently has no right to the Domain. Any reverse domain name hijacking claim here is therefore preemptive. Defendants make no compelling argument to the contrary.

The Court therefore **GRANTS** Plaintiff's motion to dismiss the reverse domain name hijacking counterclaim.

**B.**     **Anti-SLAPP Motion to Strike UCL Counterclaim**

Defendants' UCL counterclaim is so vague that the Court cannot ascertain what specific conduct by Plaintiff is meant to support it. Defendants allege merely that "Plaintiff's wrongful acts, as described in these Counterclaims, are unlawful and unfair, and have caused damage to Defendant and substantial injury to its business, in violation of section 17200 et seq. of the California Business and Professions Code." Counterclaim at ¶ 25. The UCL counterclaim therefore fails to meet even Federal Rule of Civil Procedure 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, to the extent that Defendants concede that the UCL counterclaim is premised on the reverse domain name cybersquatting counterclaim, the Court concluded that the reverse domain name cybersquatting counterclaim is insufficiently pled. Accordingly, the Court need not delve into the anti-SLAPP standard to conclude that the UCL claim also fails.

The Court **DISMISSES** the UCL claim and **DENIES** the anti-SLAPP motion to strike **as moot**.

**C.**     **Motion to Strike Affirmative Defenses and References to the UDRP**

Pocketbook seeks to strike (1) all of Defendants' affirmative defenses from their Answer and (2) any mention of the UDRP proceeding from the Counterclaim.

1.     **Affirmative defenses**

Defendants agree to strike from their Answer their "affirmative defenses" for failure to state a claim, lack of damages, unjust enrichment, frivolous claims, and right to amend— presumably because they are not affirmative defenses. Opp. at 22-23. The remaining affirmative defenses Pocketbook seeks to strike are failure to police, laches, waiver,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 7 of 9 |

consent/ratification/acquiescence, unclean hands, failure to mitigate damages, good faith, and innocent intent.

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial," *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). That is why, though "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense" at all, courts do not always strike such negative defenses. *Zivkovic v. S. Cal. Edison Co.*, 302 F. 3d 1080, 1088 (9th Cir. 2002); *see Perez v. Nuzon Corp.*, SA CV 16-363-CJC (KESx), 2016 WL 11002544, at *2 (C.D. Cal. June 6, 2016) ("[M]otions to strike affirmative defenses infrequently simplify litigation and conserve resources, even when the defenses at issue are not perfectly pleaded or when they are more accurately described as negative defenses."). Because of the "kitchen sink" approach to affirmative defenses in most answers, courts do not always "pars[e] each of Defendants' affirmative actions" because it is unclear how such parsing will "serve the stated purpose of motions to strike: to 'streamline a judge's inquiry by focusing his or her attention on only the real issues in the case.'" *Id.* (quoting *F.T.C. v. Swish Mktg.*, CV 09-3184 RS, 2010 WL 653486, at *6 (N.D. Cal. Feb. 22, 2010)); *see also Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 629 (E.D. Cal. 2014) ("[W]hile it is true these assertions are not technically 'affirmative defenses,' the court cannot conceive of how the presence of these assertions in the Answer will prejudice plaintiffs."); *Bagramian v. Legal Recovery Law Offices*, No. CV 12-1512-CAS MRWx, 2013 WL 1688317, at *2 (C.D. Cal. Apr. 16, 2013) ("The Court concludes that plaintiff's motion to strike should be denied, as plaintiff's motion does nothing to streamline the litigation of this action or eliminate spurious issues from consideration.").

Furthermore, this Court applies the more lenient "fair notice" pleading standard to affirmative defenses, not the heightened standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *Agricola Cuyuma SA v. Corona Seeds, Inc.*, CV 17-8220-DMG (SKx), 2019 WL 1878353, at *2 (C.D. Cal. Feb. 20, 2019) (describing three reasons to apply the fair notice standard: the Ninth Circuit has continued to apply the standard, the language of Rule 8 suggests different pleading standards for claims and for defenses, and for practicality and efficiency of litigation). Because affirmative defenses need not be pled in great detail, "motions to strike affirmative defenses are largely a waste of time unless prejudice can be shown." *Id.*

Applying the standard set forth above, the Court finds Defendants' remaining affirmative defenses to be adequately pled to give fair notice, and Plaintiff has not specifically identified any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | October 19, 2021 |
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 8 of 9 |

prejudice arising from their inclusion in Defendants' Answer. *See Bianchi*, 120 F. Supp. 2d at 841. Accordingly, the Court **DENIES** Plaintiff's motion to strike the affirmative defenses of failure to police, laches, waiver, consent/ratification/acquiescence, unclean hands, failure to mitigate damages, good faith, and innocent intent.

### 2.     UDRP panel decision

The Court has already held that the UDRP proceeding has no precedential value in this litigation. April 13, 2021 Ord. at 6. Moreover, Defendants' quotation from the UDRP panel decision is not relevant to Defendants' surviving abandonment counterclaim. *See* Counterclaim at ¶ 13. Because the quotation of the UDRP panel decision is thus "immaterial," and may cause prejudice to Plaintiff by citing to the panel's non-binding conception of the legal standard in that arbitration, the Court **GRANTS** Plaintiff's motion to strike the quoted paragraph. *See* Fed. R. Civ. P. 12(f); *Bianchi*, 120 F. Supp. 2d at 841.

### IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as follows:

1. The motion to dismiss or strike the cancellation of trademark/abandonment counterclaim is **DENIED**.
2. The motion to dismiss or strike the reverse domain name hijacking counterclaim is **GRANTED**, and the reverse domain name hijacking counterclaim is **DISMISSED, with leave to amend**.
3. The UCL claim is **DISMISSED, with leave to amend**, and the Court **DENIES as moot** the anti-SLAPP portion of the motion.
4. The motion to strike the defenses of failure to state a claim, lack of damages, unjust enrichment, frivolous claims, and right to amend is **GRANTED**, and those defenses are **STRICKEN**.
5. The motion to strike the affirmative defenses of failure to police, laches, waiver, consent/ratification/acquiescence, unclean hands, failure to mitigate damages, good faith, and innocent intent is **DENIED**.
6. The motion to strike the quotation of the paragraph of the UDRP panel decision at Counterclaim Paragraph 13 is **GRANTED**, and the quotation is **STRICKEN**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-8708-DMG (PDx) | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc. and Philip Ancesvki* | Page | 9 of 9 |

    Defendants shall file their First Amended Counterclaim, or file a notice of their decision not to amend, within 21 days after the date of this Order. Plaintiff shall file its response within 21 days after the First Amended Counterclaim, if any, or the notice of non-amendment, is filed and served.

**IT IS SO ORDERED**.