1   Milord A. Keshishian, SBN 197835
    milord@milordlaw.com
2   Stephanie V. Trice, SBN 324944
    stephanie@milordlaw.com
3   Jordan M. Zim, SBN 332757
    jordan@milordlaw.com
4   MILORD & ASSOCIATES, P.C.
    10517 West Pico Boulevard
5   Los Angeles, California 90064
    Tel: (310) 226-7878
6   Fax: (310) 226-7879

7   Attorneys for Plaintiff
    POCKETBOOK INT'L SA
8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12   POCKETBOOK INT'L SA;                 Case No.: 2:20-cv-8708 DMG (PDx)

13                                        Honorable Dolly M. Gee
          Plaintiff,
14                                        **POCKETBOOK INT'L SA'S MOTION
15        vs.                             TO MODIFY SCHEDULING ORDER
                                          TO CONTINUE PRE-TRIAL AND
16   DOMAIN ADMIN/SITETOOLS, INC.;        TRIAL DATES BY APPROXIMATELY
     and PHILIP ANCEVSKI aka FILIP        90 DAYS**
17   ANCEVSKI;
18
19        Defendants.
                                          Date:      January 7, 2022
20   _____     Time:      9:30 a.m.
                                          Location:  Courtroom 8C
21   AND RELATED COUNTERCLAIMS                       350 West 1st Street,
22                                                   Los Angeles, CA 90012
23

24

25

26

27

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1  **TO THE HONORABLE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF**

2  **RECORD:**

3      **NOTICE IS HEREBY GIVEN** that on January 7, 2022, at 9:30 a.m., or as soon

4  thereafter as counsel may be heard by the above-entitled Court, located at the First Street

5  Courthouse, 350 West 1st Street, Courtroom 8C, Los Angeles, CA 90012, before

6  Honorable Dolly M. Gee, Plaintiff Pocketbook Int'l SA ("Pocketbook") will and hereby

7  does move the Court to modify the Scheduling Order (ECF No. 34-1) and extend the pre-

8  trial and trial deadlines by approximately 90 days, pursuant to Federal Rules of Civil

9  Procedure 16(b).

10      This Motion is based on the accompanying Memorandum of Points and

11  Authorities, Declaration of Milord A. Keshishian, all pleadings and papers on file, and

12  upon such other matters as may be presented to the Court at the time of the hearing.

13  Pursuant to Local Rule 7-3, the Parties began their discussion regarding stipulating to

14  continue the pre-trial and trial deadlines on October 28, 2021, and on November 15,

15  2021, the Parties met and conferred regarding Pocketbook's contemplated motion to

16  compel, wherein the parties discussed the stipulation and counsel for Defendants

17  indicated that he will not stipulate to continue the dates.  Declaration of Milord A.

18  Keshishian ("Keshishian Decl.") ¶ 2.  Upon Defendants' refusal to stipulate, Pocketbook

19  is forced to bring the instant motion to avoid being prejudiced by Defendants' month-

20  long delays and reneged agreements.

21

22  Dated: December 3, 2021           Respectfully submitted,

23                                         **MILORD & ASSOCIATES, P.C.**

24

25                                         /s/ Milord A. Keshishian

26                                       Milord A. Keshishian
                                     Attorney for Plaintiff

27                                       Pocketbook Int'l SA

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

POCKETBOOK'S MOTION TO MODIFY SCHEDULING ORDER TO
CONTINUE DATES BY APPROXIMATELY 90 DAYS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3
After month-long delays and Defendants' reneged agreements, Pocketbook is

4
forced to seek modification of the Court's Scheduling Order to continue the pre-trial and

5
trial deadlines to avoid being further prejudiced by Defendants' conduct.  Through a

6
series of communications between counsel, the parties were unable to agree on the

7
continuance, and Defendants have refused to provide supplemental responses to

8
Pocketbook's discovery requests after agreeing to do so.  Thus, Pocketbook requests the

9
Court grant the instant Motion to continue the pre-trial and trial deadlines by

10
approximately 90 days.

11

12

## II.   PROCEDURAL BACKGROUND

13
Pocketbook Int'l SA ("Pocketbook") filed this action against Defendants Domain

14
Admin/Sitetools, Inc. and Philip Ancevski aka Filip Ancevski (collectively,

15
"Defendants") on September 22, 2020.  ECF No. 1.  After being served with the

16
summons and complaint, Pocketbook and Defendants (collectively, the "Parties")

17
stipulated to provide Defendants additional time to respond to the complaint.  ECF No.

18
13.  After Pocketbook voluntarily dismissed its second cause of action for trademark

19
dilution (ECF No. 14), Defendants filed their motion to dismiss.  ECF No. 15.  The Court

20
denied Defendants' motion and ordered Defendants to answer.  ECF No. 23.  On April

21
28, 2021, Defendants filed their answer and counterclaims (ECF No. 25), and Pocketbook

22
filed its Motion to Dismiss and/or Strike on May 19, 2021.  ECF No. 27.  On July 6,

23
2021, the Court issued its Schedule and Case Management Order and Schedule of Pretrial

24
& Trial Dates (Jury Trial), setting the operative dates in this case.  ECF Nos. 34, 34-1.

25
The Court only recently ruled on Pocketbook's motion striking Defendants' allegations

26
regarding the UDRP panel decision and affirmative defenses of failure to state a claim,

27
lack of damages, enjust enrichment, frivolous claims, and right to amend, and dismissing

28
Defendants' counterclaims for cancellation of trademark/abandonment, reverse domain

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-1-

1   name hijacking, and unfair competition.  ECF No. 37.  Only three weeks ago, Defendants

2   filed notice that they would not amend the Counterclaim.  ECF No. 40.

3          To date, no request to continue any pre-trial or trial date has been brought to the

4   Court.

5

6   **III.    FACTUAL BACKGROUND**

7          On October 28, 2021, the parties began discussing a stipulation to continue the pre-

8   trial and trial dates after the Court's October 19 order granting in part and denying in part

9   Pocketbook's motion to dismiss with leave to amend.  Declaration of Milord A.

10  Keshishian ("Keshishian Decl."), ¶ 3, Ex. 1.  Defendants responded on November 1,

11  2021 and engaged in a several week discussion regarding a simple protective order.  *Id.* at

12  ¶ 4, Ex. 2.  After Defendants filed their notice of non-amendment, declining to amend

13  their counterclaims on November 9, 2021 (ECF No. 40), Defendants emailed Pocketbook

14  discounting the stipulation to continue the pre-trial and trial dates and on November 16,

15  2021, Pocketbook again reiterated the need to continue the pre-trial and trial dates.

16  Keshishian Decl., at ¶ 5, Ex. 3.

17         Defendants did not respond and on November 17, 2021, Pocketbook again

18  requested Defendants' comments or approval to the stipulation.  *Id.* at ¶ 6, Ex. 4.

19  Defendants' counsel responded the same day stating that he will confer with his client

20  and revert.  *Id.* at ¶ 7, Ex. 5.  On November 18, 2021, Pocketbook again followed up with

21  Defendants and Defendants thereafter informed Pocketbook that it will not agree to any

22  extension of the pre-trial and trial deadlines.  *Id.* at ¶ 8, Exs. 6, 7.

23         The parties met and conferred on November 15, 2021 to discuss Pocketbook's

24  contemplated motion to compel.  *Id.* at ¶ 2.  During the conference, Pocketbook identified

25  each and every deficiency with Defendants' discovery responses, and after deliberation,

26  Defendants' agreed to supplement their responses.  *Id.* at ¶ 9.  Specifically, Defendants

27  agreed to supplement their responses to Pocketbook's interrogatories and requests for

28  admission, and to review its production of documents for specific documents no later

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-2-

1   than November 22, 2021.  *Id.* at Ex. 8.  Defendants never produced documents or

2   supplemental responses on November 22, and on November 29, Defendants emailed

3   Pocketbook reneging their agreement to produce documents and supplemental responses.

4   *Id.* at ¶ 10, Ex. 9.  Thus, Pocketbook delayed filing the instant motion until it was clear

5   Defendants would not cooperate.

6       After enduring unfounded delays and reneged agreements as detailed below,

7   Pocketbook unfortunately must seek the Court's intervention to remedy Defendants'

8   delays and continue the pre-trial and trial deadlines by approximately 90 days.

9

10   **IV.   LEGAL ARGUMENT**

11       **A.   Legal Standard**

12       A schedule set forth by the Court "may be modified only for good cause and with

13   the judge's consent."  Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*,

14   975 F.2d 604, 608 (9th Cir. 1992) ("Orders entered before the final pretrial conference

15   may be modified upon a showing of 'good cause'") (citing Fed. R. Civ. P. 16(b)).

16   Federal Rule of Civil Procedure 16(b)'s "good cause" standard "primarily considers the

17   diligence of the party seeking the amendment."  *Meggitt, Inc. v. Yongzhong*, No. 13-

18   0239-DOC (DFMx), 2014 WL 12588988, at *1 (C.D. Cal. Apr. 8, 2014) (citing *Johnson*,

19   975 F.2d at 609).  "[T]he focus of the inquiry is upon the moving party's reasons for

20   seeking modification."  *Id.*

21       Under Rule 16, the dispositive factor in determining whether a court should modify

22   a scheduling order is the moving party's diligence.  *Zivkovic v. S. Cal. Edison Co.*, 302

23   F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent,

24   the inquiry should end and the motion to modify should not be granted.") (internal

25   quotations omitted).  Thus, "[t]he district court may modify the pretrial schedule if it

26   cannot reasonably be met despite the diligence of the party seeking the extension."

27   *Johnson*, 975 F.2d at 609 (citations omitted).

28       As discussed below, Pocketbook was diligent in seeking the continuance, and

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1   Pocketbook has good cause to modify the Scheduling Order.

2

3       **B.      There is Good Cause to Modify the Scheduling Order**

4       There is good cause to modify the scheduling order to continue the pre-trial and

5   trial deadlines by approximately 90 days.

6

7           **1.      Defendants have delayed the discovery process and reneged on**

8                   **their agreements to supplement responses.**

9           **a.      Defendants took more than one month to agree to a**

10                  **stipulated protective order.**

11      Defendants' counsel caused undue delay throughout the discovery process in this

12  case.  Defendants' delay arises from their dilatory tactics in negotiating a simple

13  protective order, which was finally overcome by pointing to a pethora of similar

14  protective orders entered into by Defendants' counsel in numerous other similar cases.

15  On October 7, 2021, Pocketbook drafted and circulated to Defendants a stipulation for

16  protective order and all necessary documents needed to file the stipulation.  Keshishian

17  Decl., ¶ 11, Ex. 10.  Nearly one week later, on October 13, 2021, after not hearing back

18  from Defendants, Pocketbook again sought an update from Defendants regarding the

19  protective order.  *Id.* at ¶ 12, Ex. 11.  Defendants did not provide their initial comments

20  on the draft protective order until October 18, 2021, wherein they objected to the

21  inclusion of a two-tiered protective order accounting for documents marked as "attorneys

22  eyes only."  *Id.* at ¶ 13, Ex. 12.  Pocketbook responded the next day, clarifying its need

23  for a two-tiered protective order, and circulating an updated draft applying Defendants'

24  suggested revisions.  *Id.* at ¶ 14, Ex. 13.  Again, on October 28, 2021, after not hearing

25  back from Defendants, Pocketbook sought an update from Defendants regarding the

26  protective order.  *Id.* at ¶ 15, Ex. 14.

27      Defendants responded to Pocketbooks' request on November 1, 2021, albeit to

28  further object to a two-tiered protective order that Defendants – renowned cybersquatters

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1  – should be entitled to review Pocketbook's trade secrets.  *Id.* at ¶ 16, Ex. 15.  Following

2  Defendants' objection, Pocketbook responded to Defendants, incorporating supporting

3  authorities and a non-exhaustive list of the requests calling for attorneys' eyes only

4  information.  *Id.* at ¶ 17, Ex. 16.  Notwithstanding Pocketbook's legal authority,

5  Defendants continued their objections on November 5, 2021, citing no authority.  *Id.* at ¶

6  18, Ex. 17.  The next day, Pocketbook responded to Defendants, reiterating its position

7  with additional authorities in support, pointing out other trademark and cybersquatting

8  cases in which Defendants' counsel used a two-tiered protective order, and informing

9  Defendants of Pocketbook's intent to file a motion for protective order.  *Id.* at ¶ 19, Ex.

10 18.  On November 10, 2021, Defendants agreed to a two-tiered protective order.  *Id.* at ¶

11 20, Ex. 19.  The protective order was not filed until after the Parties met and conferred

12 regarding Pocketbook's contemplated Motion to Compel on November 15, 2021, wherein

13 the Parties agreed Pocketbook would file the protective order the next day.  *Id.* at ¶ 21.

14        Defendants' more than one-month delay regarding a simple stipulation that is

15 customary in trademark cases – including Defendants' counsel's numerous other

16 trademark cases – is unreasonable and has exacerbated delays in this case.  The Court

17 should not reward Defendants' dilatory tactics that prejudice resolution on the merits.

18

19                    **b.        Defendants agreed to provide supplemental discovery**

20                               **responses only to renege their agreement.**

21        Defendants' dilatory conduct is not limited to the protective order.  To avoid a

22 motion to compel, Defendants agreed to produce documents and supplement their

23 responses to discovery, only to then renege on the agreement once the deadline to file had

24 passed.

25        On September 16, 2021, Pocketbook served its Requests for Production, Requests

26 for Admission, and Interrogatories, Set One, to Defendant Domain Admin/Sitetools, Inc.

27 Keshishian Decl., ¶ 23, Exs. 20-22.  Defendant served its responses on October 16, 2021,

28 but its interrogatory responses were late and not served until October 19, 2021.  *Id.* at ¶

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

23, Exs. 23-25.  On November 3, 2021, pursuant to Local Rule 37-1, Pocketbook sent Defendants a meet and confer letter, specifically identifying the deficiencies with Defendant's discovery responses, and detailing its requested relief.  *Id.* ¶ 24, Ex. 26.

Defendants also attempted to meet and confer regarding Pocketbook's responses to discovery, but on November 3, 2021, Pocketbook informed Defendants that their correspondence failed to comply with Local Rule 37-1 and Magistrate Judge Donahue's standing order regarding discovery disputes.  *Id.* at ¶ 25, Ex. 27.  On November 5, 2021, Defendants proposed meeting on November 8 in the afternoon and Pocketbook accepted and sent an exact time.  *Id.* at ¶ 26.  On November 8, Defendants refused to meet and confer as the "time was never confirmed, nor were the topics of discussion" – despite Pocketbook's detailed Local Rule compliant correspondence – and suggested the Parties meet and confer the following Monday, November 15, 2021.  *Id.* at ¶ 26, Ex. 28.

The Parties met and conferred on November 15 to discuss Pocketbook's contemplated Motion to Compel based on Defendants' deficient responses, and Defendants agreed to supplement their discovery responses by November 22, 2021.  *Id.* at ¶ 9, Ex. 8.  On November 22, 2021, Defendants did not respond.  *Id.* at ¶ 10.  Instead, on November 29, Defendants emailed that they will not provide supplemental responses or documents.  *Id.* at ¶ 10, Ex. 9.

This Court should not reward Defendants for their discovery misconduct and breach of their agreements.  Thus, the Court should grant Pocketbook's Motion and continue the pre-trial and trial dates by approximately 90 days.

### 2.     Pocketbook's counsel was diagnosed with COVID-19.

On or about July 19, 2021, Mr. Keshishian, counsel for Pocketbook, discovered that he was exposed to COVID-19, and began quarantine protocol.  Keshishian Decl., ¶ 27.  On July 21, 2021, Mr. Keshishian began experiencing COVID-19 symptoms, and on July 23, 2021, via testing, was diagnosed with COVID-19 and was required to quarantine.  *Id.*  Mr. Keshishian's COVID-19 diagnois delayed his involvement in all

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

POCKETBOOK'S MOTION TO MODIFY SCHEDULING ORDER TO
CONTINUE DATES BY APPROXIMATELY 90 DAYS

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1   matters by at least four weeks.  *Id.*  Mr. Keshishian's COVID-19 symptoms have since

2   subsided, but the effects of long-COVID persist.  *Id.*

3

4           **3.**      **Pocketbook is awaiting discovery from non-party Vistaprint.com.**

5        Good cause exists because Defendants finally disclosed Vistaprint.com as the

6   purported source of their trademark specimen, which Pocketbook alleges was

7   fraudulently submitted to the USPTO.  Pocketbook has yet to receive responses from

8   Vistaprint.com in response to Pocketbook's subpoenas.

9        In response to Pocketbook's interrogatory requesting Defendants identify who was

10   hired to print Defendants' business cards, Defendants identified Vistaprint.com.  *Id.* at

11   Ex. 25.  On November 22, 2021, Pocketbook served subpoenas on Vistaprint.com.  *Id.* at

12   ¶ 28, Ex. 29.  The subpoenas call for a response by December 10, 2021.  *Id.*  Depending

13   on the responses provided by Vistaprint, Pocketbook may need to move to compel further

14   responses.  To afford Pocketbook the appropriate time to review Vistaprint's responses

15   and arrange a time to meet and confer with Vistaprint's counsel, Pocketbook seeks

16   continuation of the pre-trial and trial dates.

17

18           **4.**      **The Court's ruling on Pocketbook's May 19, 2021 motion to**

19                 **dismiss was not entered until October 19, 2021.**

20        Pocketbook filed its motion to dismiss Defendants' counterclaims on May 19,

21   2021.  ECF No. 27.  Pocketbook's motion sought to dismiss or strike Defendants'

22   counterclaims for reverse domain name hijacking and unfair competition.  *Id.*  The Court

23   granted the Parties' stipulation to extend Pocketbook's deadline to file its reply brief and

24   simultaneously took the motion under submission on June 8, 2021.  ECF No. 32.  The

25   Court's Order issued on October 19, 2021, granting in part and denying in part

26   Pocketbook's motion, granting Defendants leave to amend.  ECF No. 37.  While the

27   claims and defenses were unsettled from June to October 2021, Pocketbook preserved its

28   resources regarding discovery on claims and defenses that could be moot.  Thus, the

POCKETBOOK'S MOTION TO MODIFY SCHEDULING ORDER TO
CONTINUE DATES BY APPROXIMATELY 90 DAYS

1   Court should afford the Parties additional time to conduct discovery by modifying the

2   Scheduling Order to continue the pre-trial and trial deadlines by approximately 90 days.

3          This Court's October 19, 2021 Order granted Defendants leave to amend their

4   counterclaims not later than November 9, 2021.  ECF No. 37.  Defendants waited until

5   the last possible opportunity, November 9, 2021, to file a notice of non-amendment.  ECF

6   No. 40.  As stated in Pocketbook's emails to opposing counsel, "Defendants have not yet

7   filed their amended counterclaims.  This leaves Plaintiff in the dark as to what discovery

8   should be sought and the topics of any depositions to be had.  We anticipate Defendants

9   will file their amended counterclaims no earlier than November 9, 2021, the deadline set

10  by the court."  Keshishian Decl., at Ex. 2.

11         Instead of addressing Pocketbook's concerns regarding the deadlines in this case or

12  informing Pocketbook their intent not to amend their counterclaims, Defendants chose to

13  cause delay by arguing about the protective order and reneging on agreements.

14  Nonetheless, in response to Defendants' notice of non-amendment, Pocketbook filed its

15  answer on November 29, 2021, just four days ago.  ECF No. 43.

16

17         **C.      Pocketbook's Proposed Modification to the Scheduling Order**

18         For good cause shown, and in light of Pocketbook's diligence, Pocketbook

19  respectfully requests this Honorable Court modify the Scheduling Order and continue the

20  pre-trial and trial deadlines by approximately 90 days as shown below:

| Event | Current Date | Requested Date |
|---|---|---|
| Trial Date | Tuesday, April 19, 2022 | Tuesday, July 19, 2022 |
| Final Pre-Trial Conference | Tuesday, March 22, 2022 | Tuesday, June 21, 2022 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | Tuesday, December 14, 2021 | Tuesday, March 15, 2022 |
| Motion Cut-Off (filing deadline) | Friday, December 17, 2021 | Friday, March 18, 2022 |

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

POCKETBOOK'S MOTION TO MODIFY SCHEDULING ORDER TO
CONTINUE DATES BY APPROXIMATELY 90 DAYS

| Event | Current Date | Requested Date |
|---|---|---|
| Last hearing date for dispositive motions | Friday, January 21, 2022 | Friday, April 22, 2022 |
| Initial Expert Disclosure & Report Deadline | Tuesday, January 18, 2022 | Tuesday, April 19, 2022 |
| Rebuttal Expert Disclosure & Report Deadline | Tuesday, February 15, 2022 | Tuesday, May 17, 2022 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Settlement Conference Completion Date | Tuesday, February 22, 2022 | Tuesday, May 24, 2022 |
| Joint Status Report re Settlement | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Motions in Limine Filing Deadline | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Opposition to Motion in Limine Filing Deadline | Tuesday, March 8, 2022 | Tuesday, June 7, 2022 |
| Proposed Pretrial Conference Order | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Contentions of Fact/Law | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Pretrial Exhibit Stipulation | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Joint Exhibit List | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Witness Lists & Joint Trial Witness Time Estimate Form | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Agreed Statement of the Case | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Proposed Voir Dire Questions | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Joint Statement of Jury Instructions & Joint Statement of Disputed Instructions | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |
| Verdict Forms | Tuesday, March 1, 2022 | Tuesday, May 31, 2022 |

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-9-

**V.    CONCLUSION**

Pocketbook respectfully requests an order from this Court modifying the scheduling order to continue the pre-trial and trial deadlines by approximately 90 days, for good cause.

Dated: December 3, 2021                    Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorney for Plaintiff
Pocketbook Int'l SA

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

POCKETBOOK'S MOTION TO MODIFY SCHEDULING ORDER TO
CONTINUE DATES BY APPROXIMATELY 90 DAYS