Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
Jordan M. Zim, SBN 332757
jordan@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
POCKETBOOK INT'L SA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POCKETBOOK INT'L SA;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DOMAIN ADMIN/SITETOOLS, INC.; and PHILIP ANCEVSKI aka FILIP ANCEVSKI;<br><br>　　　　Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | Case No.: 2:20-cv-8708 DMG (PDx)<br><br>Honorable Dolly M. Gee<br><br>**POCKETBOOK INT'L SA'S *EX PARTE* APPLICATION TO CONTINUE HEARING DATE AND RELATED DEADLINES BY ONE WEEK** |

# NOTICE

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to L.R. 7-19 and Federal Rule of Civil Procedure 45(d)(3), Plaintiff Pocketbook Int'l SA ("Pocketbook") hereby applies *ex parte* to the Court for an Order Continuing Defendants Domain Admin/SiteTools, Inc. and Philip Ancevski's (collectively, "Defendants") Motion for Summary Judgment (the "Motion") hearing date, and related deadlines by one week.  Specifically, Pocketbook respectfully requests the Court continue the hearing to January 28, 2022, and Pocketbook's opposition deadline to January 7, 2022.

This *Ex Parte* Application is based on this Notice, the Memorandum of Points and Authorities in support, the Declaration of Milord A. Keshishian, the papers and records on file herein, and all other matters and evidence that may be presented in support of this application.  This *Ex Parte* Application is made following oral and written notice and good faith attempt to verbally discuss with Defendants' counsel pursuant to L.R. 7-19.1.  Defendants' contact information is:

>Mike Rodenbaugh
>546 Market Street, Box 55819
>San Francisco, CA 94104
>mike@rodebaugh.com
>(415) 738-8087

On December 29, 2021 at approximately 3:07 p.m., Pocketbook's counsel contacted Defendants' counsel, Mr. Rodenbaugh, via telephone to advise Defendants that Pocketbook intends to file the instant Application.  Declaration of Milord A. Keshishian ("Keshishian Decl.") ¶ 7.  Pocketbook's counsel left a voicemail following up on the detailed email regarding the instant application and for Defendants' counsel to contact him to discuss further.  *Id.*  Pocketbook's counsel also emailed Defendants' counsel, Mr. Rodenbaugh, informing him of Pocketbook's anticipated *ex parte* application filing today and requesting Defendants' position by 6:00 p.m. on December 29, 2021.  *Id.* at Ex. B.  By 7:00 p.m. on December 29, 2021, Defendants had not responded to Pocketbook's

1  counsel indicating whether or not they will oppose this Application. *Id.* at ¶ 8.
2      Pocketbook respectfully requests the Court continue by merely one week the
3  Motion hearing date to January 28, 2022, and its opposition due date to January 7, 2022,
4  or an alternative length of time deemed appropriate by the Court.

5  Dated: December 29, 2021      Respectfully submitted,

6      **MILORD & ASSOCIATES, P.C.**

8  /s/ Milord A. Keshishian
   Milord A. Keshishian
9  Attorney for Plaintiff
   Pocketbook Int'l SA

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants waited until the deadline to file dispositive motions to file its Motion for Summary Judgment, and filed their Motion without first meeting and conferring in violation of the Local Rules. Setting the hearing on January 21, 2022 requires Pocketbook to respond by December 31, 2021, and during this time of the holidays, Pocketbook's counsel has been unable to communicate with the individual designated to sign Pocketbook's declaration, located in Ukraine, to confer regarding Pocketbook's opposition. In light of these facts establishing Pocketbook's emergency application, the Court should grant Pocketbook's *Ex Parte* Application under *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## II. STATEMENT OF FACTS

Four days after requesting Pocketbook's availability to meet and confer, Defendants filed their Motion for Summary Judgment (the "Motion"), in violation of this Court's Local Rules. On December 13, 2021, Defendants requested Pocketbook's availability to meet and confer regarding the Motion. Keshishian Decl., ¶ 2, Ex. A. On December 17, without first meeting and conferring, Defendants filed their Motion. ECF No. 52; Keshishian Decl., ¶ 3. Defendants' Motion hearing is currently set for January 21, 2022. ECF No. 52. Thus, Defendants created this crisis by failing to meet and confer with Pocketbook's counsel to discuss the merits of Defendants' Motion.

Pocketbook's lead counsel has attempted to communicate with his clients, located in Ukraine but due to the holidays, the individual designated to sign Pocketbook's declaration is unavailable and unable to discuss the documents and Russian translations. Keshishian Decl., ¶ 4. Unable to communicate with his clients, Pocketbook's counsel cannot proceed to properly oppose Defendants' dispositive Motion. *Id.* Without a short continuance of merely one week, Pocketbook would be prejudiced by not allowing its lead counsel to properly oppose Defendants' dispositive motion.

## III. EX PARTE RELIEF IS APPROPRIATE

An *Ex Parte* Application is appropriate where: (a) the moving party will be irreparably prejudiced if the underlying request is heard on a regularly noticed motion calendar; and (b) the moving party is without fault in creating the crisis, or the crisis resulted from excusable neglect. *Mission Power Engineering Co. v. Continental Ca. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Ex Parte* applications are proper when "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

Proceeding on the current hearing date of January 21, 2022 imposes significant prejudice on Pocketbook. As noted above, Defendants set their Motion hearing date without first meeting and conferring with Pocketbook's counsel. Keshishian Decl., at ¶ 3. In fact, Defendants did not request Pocketbook's availability to meet and confer regarding their contemplated Motion until December 13, 2021 but filed their Motion just four days later. Keshishian Decl., ¶¶ 2-3, Ex. A; ECF No. 52. Defendants thus failed to comply with this Court's Local Rules requiring the moving party to wait seven days after meeting and conferring to file their Motion. C.D. Cal. L.R. 7-3 ("The conference shall take place **at least seven (7) days prior to the filing of the motion**.").

Further, Rule 56(d)(2) provides that if the nonmoving party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow the nonmoving party time to obtain affidavits or declarations or to take discovery to support its opposition. Fed. R. Civ. P. 56(d). Rule 56(d) "was designed to ensure that a nonmoving party will not be forced to defend a summary judgment motion without having an opportunity to marshal supporting evidence." *Woodard v. Labrada*, No. EDCV 16-00189-JGB (SPx), 2016 WL 3436434, at *11 (C.D. Cal. May 12, 2016); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). In preparing to oppose Defendants' Motion during the

1  holidays, Pocketbook's counsel has attempted to communicate with his clients for
2  clarification regarding documents and responding to Defendants' Motion.  Keshishian
3  Decl., ¶ 4.  The individual designated to sign Pocketbook's declaration is located in
4  Ukraine, and given the holidays and different time zones, is unavailable to further discuss
5  Pocketbook's opposition.  *Id.*

6  Notwithstanding the above, Pocketbook's lead counsel has also suffered a back
7  injury on December 23, preventing him from working in the office.  *Id.* at ¶ 5.
8  Pocketbook's lead counsel has been unable to access his firm's cloud-based server during
9  his absence, hindering his ability to complete the draft opposition and prepare supporting
10 documentation.  *Id.*

11 Without the extension, Pocketbook would be prejudiced because Pocketbook's
12 counsel is unable to properly or completely prepare its opposition to Defendants' Motion
13 due to Defendants' failure to timely meet and confer, Pocketbook's counsel's inability to
14 communicate with his clients during the holidays, and Pocketbook's lead counsel's
15 injury.

16 On the other hand, the requested extension would not prejudice Defendants.
17 Defendants' Motion relies overwhelmingly on Defendants' own documents, and
18 Defendants could have filed its Motion earlier, affording time for the parties to meet and
19 confer.  In addition, Defendants' counsel could have discussed its Motion, which relies
20 primarily on Defendants' own documents, during the telephone conference between
21 counsel on November 15, when the parties met and conferred regarding Pocketbook's
22 contemplated motion to compel, but instead filed its motion without meeting and
23 conferring.  Keshishian Decl., ¶ 6.  Thus, Pocketbook was not at fault in creating the
24 crisis requiring continuing the Motion hearing date or its opposition due date, as any
25 crisis would have been avoided had Defendants complied with the rules mandating
26 conference of counsel.

27 The Court should grant Pocketbook's *Ex Parte* application continuing the Motion
28 hearing date and opposition due date by one week, or an amount of time deemed

appropriate by the Court, to allow Pocketbook's lead counsel time to confer with his client to obtain further information, and to recover from his injury.  Pocketbook will be irreparably harmed if *ex parte* relief is not granted and it was not at fault in creating the crisis.

Dated: December 29, 2021             Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorney for Plaintiff
Pocketbook Int'l SA

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878