Michael L. Rodenbaugh (California Bar No. 179059)
Jonathan A. Frost (California Bar No. 273189)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, California 94104
Phone: (415) 738-8087
Email: mike@rodenbaugh.com

*Attorneys for SiteTools, Inc. and Philip Ancevski*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POCKETBOOK INT'L SA, | Case No.: 2:20-CV-8708-DMG (PDx) |
| Plaintiff, | **Defendants' Opposition to Plaintff's *Ex Parte* Motion to Continue Hearing Date** |
| vs. | |
| DOMAIN ADMIN/SITETOOLS, INC., and PHILIP ANCEVSKI, | |
| Defendants. | |
| *AND RELATED COUNTERCLAIMS*. | |

Defendants hereby oppose the Plaintiff's *ex parte* motion for an order continuing the hearing date and briefing schedule on Defendants' Motion for Summary Judgment. Defendant states as follows in opposition to this motion:

1. As stated in the Motion for Summary Judgment, specifically in the "Meet and Confer Statement" (Docket #52, p.2), Defendants' counsel attempted to meet and confer about that motion as soon as they were able to review the 15,000 pages of

documents dumped by Plaintiff's counsel late on December 6.  Though they were due on October 18, and had been repeatedly requested since.  And, 13,000 of these pages were improperly designated "Attorneys Eyes Only", requiring heightened review and consideration.  It reasonably took Defendants' counsel a week to review them and conclude that Plaintiff has produced almost nothing to support any of its claims.  (Rodenbaugh Decl., #1.)

2. As shown in Exhibit A to Plaintiff's counsel's declaration supporting the *ex parte* motion, Defendants' counsel sought to meet and confer with Plaintiff's counsel, as to a Motion for Summary Judgment on "all claims and counterclaims", via email at about 11a.m. on Monday, December 13.  As of 11p.m. on Friday, December 17, when the Motion was due and was filed (a full work week later), Plaintiff's counsel had not even responded to the meet and confer request.  Obviously, counsel were not likely to resolve any issues to narrow or avoid the motion, given the Plaintiff only produced documents on December 6, and the dispositive motion filing deadline was December 17 -- and the motion is intended to seek judgment on all claims and counterclaims..  (*Id.*, #2.)

3. Defendants' Motion for Summary Judgment is based much more on the absence of evidence to support Plaintiff's claims, than on "Defendants' documents" as repeatedly stated in the *ex parte* motion.  Plaintiff raised its claims more than a year ago, and so has had ample time to prove its case.  It is now too late for Plaintiff to produce additional documents or non-expert testimony, as fact discovery closed on December 14.

4. The Court set both the dispositive motion deadline, and the hearing date on Defendants' Motion for Summary Judgment. Defendants' motion was timely filed on December 17, and Plaintiff's counsel apparently hurt his back on December 23. Yet, no mention of any hardship whatsoever was made until December 29 at 3p.m., just two days before the Plaintiff's opposition is due. Still, no mention is made as to when or how Plaintiff's counsel attempted to communicate with their client, nor is there any allegation as to why such communication is even necessary.

5. Plaintiff's counsel blames this "crisis" on his back injury and alleged inability to access his own files. Yet, Plaintiff's counsel offers no excuse for his negligence in failing to maintain remote access to his files. Or, in failing to raise either issue until six days later.

6. Plaintiff's counsel also blames this "crisis" on an alleged failure to meet and confer re the Summary Judgment motion. However, Defendants' counsel did try to meet and confer via email on December 13, and timely filed the motion on December 17, yet did not hear a word from Plaintiff's counsel until 3pm on December 29, just two days before the opposition deadline. (Rodenbaugh Decl., #3.). Plaintiff offers no explanation as to how any alleged failure to meet and confer has had any impact on Plaintiff's ability to timely oppose Defendants' timely motion. Common sense dictates otherwise.

7. Plaintiff's counsel also blames this "crisis" on the notion that he cannot communicate with his client "over the holidays". But again, no mention was made of this problem until 3pm on December 29, even though Plaintiff's counsel

Opposition to *Ex Parte* Motion
to Continue Hearing Date
Case No. 2:20-CV-8708 (DMG) (PDx)

3

knew of the motion as of December 13, and it was served on December 17. Also, Defendants' counsel requested Plaintiff's Rule 30(b)(6) deposition availability no less than <u>ten times</u> from September 18 to November 29, finally issuing a Deposition Notice on December 7, 2021.  Defendants also requested the identity of witnesses via Interrogatories served on September 18, 2021.  Still, Plaintiff never produced the identity of any witness, and refused to make any witness available for deposition prior to the discovery cut-off.  (*Id.*, #4.)  Plaintiff still does not identify the purported "declarant" that it seeks to rely upon now, but any such testimony will meet objection from Defendants who sought such testimony months ago.

8. As stated, Plaintiff offers three reasons for the "crisis" that it suddenly finds itself in.  But none of this alleged hardship was caused by Defendants, and none of those reasons hold up to even the slightest scrutiny.

9. Plaintiff's cited caselaw provides for the granting of a continuance only upon a showing of excusable neglect.  But failing to communicate between Plaintiff and Plaintiff's counsel, even though the deadlines are perfectly clear, cannot be considered excusable.  Waiting six days to complain about a back injury and remote access failure is not excusable.  Filing another frivolous motion to modify and delay the case schedule is not excusable.

10. Plaintiff's cited case is highly skeptical of *Ex Parte* Motions:

> "Ex parte applications have reached epidemic proportions in the Central District." Judge Rymer warned us of this in 1989 in *In re Intermagnetics America, Inc.,* 101 B.R. 191 (C.D.Cal.1989). Since then the abusive use of ex parte motions has worsened. This abuse is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of

Opposition to *Ex Parte* Motion
to Continue Hearing Date
Case No. 2:20-CV-8708 (DMG) (PDx)

4

   litigation and present ever-increasing problems for the parties, their lawyers, and for the court.

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489-490 (C.D. Cal. 1995) ("Ex parte motions are rarely justified….").

11. "*Ex parte* applications are solely for extraordinary relief and should be used with discretion." (Initial Standing Order, #9 – Sanctions may be imposed for misuse of ex parte applications.")

12. Accordingly, to justify *ex parte* relief, an applicant must establish that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *E.g., Swift Harvest USA, LLC v. Boley Int'l HK Ltd.,* 2019 WL 10631253, *1 (C.D. Cal. 2019) (Hon. Dolly M. Gee) (*quoting, Mission Power Eng'g Co.,* 883 F. Supp. at 492).

13. The Court's Initial Scheduling Order also states about Continuances:

> This Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, a stipulation to continue or extend the date of any matter before this Court must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support and a showing of due diligence, stipulations continuing dates set by this Court will not be approved.

14. The Court generally does not grant last-minute *ex parte* applications. *Barrera v. Costco Wholesale, Inc.*, 2021 WL 4893371, *1 (C.D. Cal. 2021) (Hon. Dolly M. Gee); *see also,* Court website (https://www.cacd.uscourts.gov/honorable-dolly-m-gee), #7 ("**Counsel should avoid submitting requests for continuance or extension of time less than at least five (5) court days prior to the expiration of the scheduled date.**") (emphasis in original). The Court also generally does

not entertain belated dispositive motions or permit reliance on late-disclosed witnesses. *Barrera*, 2021 WL 4893371, *1.

15. Here, Plaintiff's counsel waited until late Wednesday afternoon, December 29, to make any mention whatsoever of any problems in opposing by the deadline on Friday, December 31. That is just two court days. Then, suddenly they conjured up three flimsy excuses and decided to file a motion, *ex parte*. Yet, they had the Motion for Summary Judgment for twelve days since December 17, and knew it was coming as of December 13. And, they have had more than a year to produce evidence and/or witnesses in support of their case.

16. Plaintiff offers no excuse for its failure to produce evidence or witnesses in support of its case.

17. Plaintiff offers no excuse for its counsel's neglect in: 1) failing to timely confer with their client; 2) failing to maintain remote access to their files; or 3) waiting until the last minute to seek a continuance.

18. There is no "excusable neglect" or good cause here, indeed none is even alleged. There is just a demonstrated pattern of unexplained neglect by Plaintiff and its counsel, entirely failing to prove their case after more than a year of litigation. Then, waiting until the last possible moment to request a continuance.

19. Plaintiff fails to demonstrate any good cause or excusable neglect warranting a continuance, nor any modicum of diligence in seeking it. Thus, the Court should deny the motion. The Court is also requested to sanction Plaintiff and its counsel for bringing it, in the amount of $1,225 for legal fees (2.5 hours at $490/hr. for undersigned counsel, with 25+ years of experience).

Opposition to *Ex Parte* Motion
to Continue Hearing Date
Case No. 2:20-CV-8708 (DMG) (PDx)

6

RESPECTFULLY SUBMITTED, December 30, 2021

          RODENBAUGH LAW

By: _____/s/ Mike Rodenbaugh_____
          Mike Rodenbaugh

*Attorneys for Defendants and Counterclaimants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 30, 2021, I served the foregoing Opposition to *Ex Parte* Motion via email, per agreement of counsel, to the following:

Jordan Zim <Jordan@milordlaw.com>
Milord Keshishian <milord@milordlaw.com>

By: /s/ Mike Rodenbaugh