Michael Rodenbaugh (California Bar No. 179059)
Jonathan Frost (California Bar No. 273189)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, California 94104
Phone:  (415) 738-8087
Email:  mike@rodenbaugh.com

*Attorneys for SiteTools, Inc. and Philip Ancevski*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POCKETBOOK INT'L SA, <br><br> Plaintiff, <br><br> vs. <br><br> DOMAIN ADMIN/SITETOOLS, INC.,[1] and PHILIP ANCEVSKI, <br><br> Defendants. <br><br>─── <br><br> *AND RELATED COUNTERCLAIMS*. | Case No.: 2:20-CV-8708-DMG (PDx) <br><br> **DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; POINTS AND AUTHORITIES IN SUPPORT** <br><br> **[F.R.C.P. 12(b)(1)]** <br><br> Date:   April 8, 2022 <br> Time:  9:30 a.m. <br> Judge: Hon. Dolly M. Gee |

---

[1] Plaintiff has incorrectly named this party "Domain Admin/SiteTools, Inc."

DEFENDANTS' MOTION TO DISMISS          1
PLAINTIFF'S SOLE REMAINING CLAIM

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on April 8, 2022 before the Honorable Judge Dolly Gee in the above-referenced court, or as soon thereafter as this matter may be heard, Defendants and Counter-claimants SiteTools Inc. and Philip Ancevski (collectively "Defendants") will move to dismiss all pending claims and counterclaims in this action, pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks Article III standing to assert such a claim.

Defendants' motion is based on this Notice and the Memorandum of Points and Authorities contained herein, the files and records in this action, a Reply brief to be filed, argument of counsel, and any other and further matter adduced at hearing or of which the court takes judicial notice.

## STATEMENT RE MEET & CONFER

Pursuant to Local Rule 7.3, counsel for all parties met and conferred about this motion via teleconference on February 25, 2022, and were unable to resolve any of the issues presented herein.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SOLE REMAINING CLAIM

2

# TABLE OF CONTENTS

I.     INTRODUCTION..................................................................................6

II.    ARGUMENT .......................................................................................6

A.    PLAINTIFF LACKS STANDING BECAUSE THE COURT HAS ALREADY FOUND THAT THE PARTIES' PRODUCTS ARE ENTIRELY UNRELATED. ..............................................................................................7

1.    PLAINTIFFS HAVE FAILED TO ALLEGE THAT IT HAS SUSTAINED ANY PARTICULARIZED INJURY-IN-FACT AS TO DEFENDANT'S MARK. ....................................................................................9

2.    PLAINTIFFS HAVE FAILED TO ALLEGE OR PROVE THAT PLAINTIFF HAS SUSTAINED ANY INJURY THAT IS FAIRLY TRACEABLE TO THE REGISTRATION OF DEFENDANT'S MARK. .....11

3.    A DECISION BY THIS COURT TO CANCEL DEFENDANT'S MARK WOULD NOT REDRESS ANY ALLEGED INJURY. ........................12

4.    THE *LEXMARK* ZONE OF INTEREST REQUIREMENT ..................13

B.    DEFENDANTS HAVE STANDING FOR THEIR CANCELLATION CLAIM……………………………………………………………………...14

III.   CONCLUSION..................................................................................14

## TABLE OF AUTHORITIES

Allen v. Wright, 468 U.S. 737, 751 (1984) ............................................................. 9

Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946) ...................... 7

Boardman v. Shulman, No. 12-00639, 2012 WL 6088309, at *2 (E.D. Cal. Dec. 6, 2012) ........................................................................................................................ 7

Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) ............................... 7

City of St. Louis v. Dep't of Transp., 936 F.2d 1528, 1532 (8th Cir. 1991) ............. 7

Consumer Watchdog v. Wis. Alumni Rsch. Found., 753 F.3d 1258, 1261 (Fed. Cir. 2014) ........................................................................................................................ 8

Corcamore, LLC v. SFM, LLC, 978 F.3d 1298, 1303 (Fed. Cir. 2020) ................ 13

Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ...................................................... 7

E. Iowa Plastics, Inc. v. PI, Inc., 832 F.3d 899, 904 (8th Cir. 2016) .................... 10

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 7, 8

Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc., 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) .................................................. 8

GoPets v. Hise, 657 F.2d 1024, 1031-32 (9th Cir. 2011) ......................................... 6

Hollingsworth v. Perry, 570 U.S. 693, 693, 133 S. Ct. 2652, 2656, 186 L. Ed. 2d 768 (2013) ................................................................................................................ 7

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) .................. 8

Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014) ............................................................................ 13

Lujan v. Defs. of Wildlife, 504 U.S. 555, 590, 112 S. Ct. 2130, 2152, 119 L. Ed. 2d 351 (1992) ................................................................................................................ 9

Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 140 (2010) ......................... 8

Phigenix, Inc. v. Immunogen, Inc., 845 F.3d 1168 (Fed. Cir. 2017) ....................... 8

DEFENDANTS' MOTION TO DISMISS            4
PLAINTIFF'S SOLE REMAINING CLAIM

Selva & Sons, Inc. v. Nina Footwear, Inc., 705 F.2d 1316, 1324–25 (Fed. Cir. 1983) ................................................................................................................13

Sierra Club v. EPA, 292 F.3d 895, 899 (D.C. Cir. 2002).........................................9

Silveira v. Beard, No. 1:13- CV-0084 AWI BAM, 2013 WL 2458393, at *1 (E.D. Cal. June 6, 2013) ................................................................................................8

Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1249-50 (9th Cir. 2006) ........................8

Warth v. Seldin, 422 U.S. 490, 491 (1975) .............................................................12

# POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seek an order dismissing Plaintiff's final remaining claim, for cancellation of Defendant SiteTools' U.S. Trademark Reg. No.: 4,099,793 for the Pocketbook.com mark. Based on recent Supreme Court and Federal Circuit precedent, the court lacks subject matter jurisdiction because Plaintiff lacks Article III standing to assert such claim against Defendant.

## II. ARGUMENT

In its complaint, Plaintiff stated claims of Cybersquatting under the ACPA, Trademark Infringement under the Lanham Act, Unfair Competition under three theories, and Cancellation of SiteTools' trademark registration under the Lanham Act, 15 U.S.C. Sec. 1064. All of those claims have now been dismissed on Summary Judgment, except the statutory trademark cancellation claim. This court dismissed the ACPA claim because the domain name was registered in 1997, long before Plaintiff allegedly began using its mark in 2008. This court followed clear Ninth Circuit precedent holding that the first element of an ACPA claim requires proof that Plaintiff owned a distinctive mark at the time the domain name property was originally registered. GoPets v. Hise, 657 F.2d 1024, 1031-32 (9th Cir. 2011). This court also dismissed Plaintiff's trademark infringement and unfair competition claims.

Thus, Plaintiff's sole remaining claim is to cancel SiteTools' trademark registration based on abandonment for non-use, as stated in Plaintiff's Seventh Cause of Action. Docket #1, Complaint, #61-65 ("Defendants have abandoned the U.S. Registration….")

### A. Plaintiff Lacks Standing Because The Court Has Already Found that the Parties' Products Are Entirely Unrelated.

A motion to dismiss is proper under Rule 12(b)(1) whenever it is determined that the court lacks jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). When a party moves to dismiss for lack of subject matter jurisdiction, "the plaintiff bears the burden of demonstrating that the court has jurisdiction." Boardman v. Shulman, No. 12-00639, 2012 WL 6088309, at *2 (E.D. Cal. Dec. 6, 2012) ("The court presumes that jurisdiction is lacking until the plaintiff proves otherwise."), *aff'd sub nom.*, Boardman v. C.I.R., 597 F. App'x 413 (9th Cir. 2015). If a plaintiff lacks standing, then the court lacks subject matter jurisdiction under Article III of the U.S. Constitution. Cetacean Cmty. V. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."); Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived …. Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court.").

At the outset of a suit, a nonfrivolous claim of injury is enough to establish jurisdiction, even if the possibility exists that the plaintiff will ultimately not be able to succeed in its claim—else courts would have to resolve the merits of the claim in order to determine whether they had jurisdiction to hear it in the first place. *E.g.,* Bell v. Hood, 327 U.S. 678, 682 (1946); City of St. Louis v. Dep't of Transp., 936 F.2d 1528, 1532 (8th Cir. 1991). It is equally true, however, that standing must "persist throughout all stages of litigation." Hollingsworth v. Perry, 570 U.S. 693, 693, 133 S. Ct. 2652, 2656, 186 L. Ed. 2d 768 (2013)(" Standing

'must be met by persons seeking appellate review', just as it must be met by persons appearing in courts of first instance."). Moreover, standing must be demonstrated "separately for each form of relief sought," Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc., 528 U.S. 167, 185 (2000) (noting that a plaintiff can have standing to pursue damages but not injunctive relief).

For this reason, this Court's ruling that the Parties' services are entirely unrelated abrogates Plaintiff's standing on its trademark cancellation claim, pursuant to very recent Federal Circuit authorities relying upon recent Supreme Court jurisprudence re Article III standing. To establish Article III standing, Plaintiff must prove that its injury is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *E.g.,* Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 140 (2010). The court presumes a lack of subject matter jurisdiction until the plaintiff meets its burden of establishing subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); Silveira v. Beard, No. 1:13- CV-0084 AWI BAM, 2013 WL 2458393, at *1 (E.D. Cal. June 6, 2013) (*citing* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994); Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1249-50 (9th Cir. 2006)).

The "Lanham Act does not set forth the exclusive test for standing when a decision of an administrative agency is appealed in federal court. The plaintiff must also satisfy the requirements of Article III. Phigenix, Inc. v. Immunogen, Inc., 845 F.3d 1168 (Fed. Cir. 2017) (dismissing claim because "Phigenix has not substantiated its alleged injury in fact"); Consumer Watchdog v. Wis. Alumni Rsch. Found., 753 F.3d 1258, 1261 (Fed. Cir. 2014) ("[A]lthough Article III standing is not necessarily a requirement to appear before an administrative agency [such as the TTAB], once a party seeks review in a federal court, 'the

constitutional requirement that it have standing kicks in."); *quoting,* Sierra Club v. EPA, 292 F.3d 895, 899 (D.C. Cir. 2002))).

This is because Article III of the U.S. Constitution limits federal courts to hearing "Cases" or "Controversies," U.S. Const., Art. III, § 2, cl. 1, and "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to [an appellant] who could not otherwise have standing." Phigenix, 845 F.3d at 1175 (*quoting,* Raines v. Byrd, 521 U.S. 811, 820 n.3, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)); Brooklyn Brewery Corp. v. Brooklyn Brew Shop, 17 F.4th 129, 137–38 (Fed. Cir. 2021). "To ensure the presence of a case or controversy, this Court has held that Article III requires, as an irreducible minimum, that a plaintiff allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief." Lujan v. Defs. Of Wildlife, 504 U.S. 555, 590 (1992); *quoting* Allen v. Wright, 468 U.S. 737, 751 (1984).

In its Complaint, Plaintiff does not allege any injury or harm that is traceable to the Defendant SiteTools' registration of the Pocketbook.com trademark. Instead, Plaintiff relies only on its claims of infringement and unfair competition to supply the requisite injury. *See generally,* Complaint. As those claims are dismissed, Plaintiff now must prove standing as to the remaining claim, which the Court, in essence, has already found that Plaintiff cannot do.

### 1. Plaintiffs Have Failed to Allege that It has Sustained any Particularized Injury-in-Fact as to Defendant's Mark.

The Federal Circuit recently has held that trademark cancellation plaintiffs must meet the test for Article III standing: " To establish injury in fact in a trademark case, an opposer must demonstrate a concrete and particularized risk of interference with the rights that flow to it from registration of its own mark, or

some other Article III injury." <u>Brooklyn Brewery,</u> 17 F.4th at 138-139.  The Federal Circuit held that opposer Brewery did not have Article III standing because it could not show a "concrete and particularized risk of interference with the rights that flow to it from registration of its own mark, or some other Article III injury." This failure to show an Article III injury from an application to register BROOKLYN BREW SHOP for sanitizing preparations was said to arise because the plaintiff, which uses its registered BROOKLYN BREWERY mark for beer, could not be injured by a registration of a similar mark for sanitizing preparations -- a product unrelated to any product made or sold by Plaintiff.

The Eighth Circuit has further explained that:

> It may well be that [the plaintiff's] false and fraudulent declaration misled the PTO into registering its trademarks.  And it is plausible to suppose that there is some generalized injury that results from the PTO's Register of Trademarks containing marks that it shouldn't contain.  But any such injury is not particular to [the plaintiff]".

<u>East Iowa Plastics, Inc. v. PI, Inc.</u>, 832 F.3d 899, 904 (8th Cir. 2016) ("Once the district court had determined that [plaintiff] did not suffer any damages from [defendenant's] violation of section 38, there was no further basis for [plaintiff] to have standing to seek cancellation of the [defendant's] registrations.").

The same logic as applied in <u>Brooklyn Brewery</u> and <u>East Iowa Plastics</u> applies in this case, where the parties' respective products are entirely unrelated, as already recognized by this court in its order granting summary judgment:

> *[T]here is no question that the goods and services Pocketbook's and Defendants' trademarks connote are not closely related. …*
>
> The Court concludes that the majority of the factors weigh against finding a likelihood of confusion. *Because Pocketbook's and Defendants' products are so dissimilar, there is nothing that would cause confusion here* except Defendants' use of the domain name Pocketbook.com as the web address for Defendants' site, which is more properly addressed in an ACPA claim. The

Court therefore GRANTS Defendants' MSJ as to Pocketbook's trademark infringement claim.

Docket # 74, Order on Summary Judgment, p. 17 (emphasis added).

In its complaint, Plaintiff has neither alleged nor offered any proof of any harm that it has suffered as a result of SiteTools' trademark registration. All allegations of "harm" or "injury" to the Plaintiff are related either its infringement claims or unfair competition claims, which have already been dismissed. Complaint ¶¶ 8, 30, 32, 33, 37, 38, 39 49, 56, 60. Nowhere in the Complaint does Plaintiff allege that the registration of Defendant's mark has caused any injury to Plaintiff. The Court's reasoning forecloses any such argument now.

Thus, because Plaintiff's causes of action have already been found to be without merit, and the Parties' products have been found entirely unrelated, the Court now should recognized that Defendant has not suffered any injury-in-fact. Therefore, Plaintiff lacks standing and the Court lacks subject matter jurisdiction over the remaining claim, which must be dismissed

### 2. Plaintiffs Have Failed to Allege or Prove that Plaintiff has Sustained Any Injury that is Fairly Traceable to the Registration of Defendant's Mark.

As stated, Plaintiffs lack Article III standing to bring their claims because they fail to specifically allege any harm from Defendant's registration. Even if it could alleged and prove some harm, which it cannot, Plaintiff still would suffer the samve fate because any such harm is not "*fairly traceable*" to Defendant's registration of the Pocketbook.com mark. Brooklyn Brewery, 17 F.4th at 138.

In short, Plaintiff must show that the registration of the Pocketbook.com mark is the cause of harm to Plaintiff. Under Brooklyn Brewery, a Plaintiff must do more than "merely showing the registrant competes with the

opposer and receives a benefit from an unlawful trademark … A more particularized showing of harm is required." Brooklyn Brewery, 17 F.4th at 139.

Here, Plaintiff has not alleged and cannot prove any competition between the parties, or that their respective products are related in any cognizable way. Because Plaintiff has not even alleged that it has suffered an injury-in-fact, it cannot prove that it has suffered injury that is *fairly traceable* to Defendant's trademark registration. Additionally, the costs that Plaintiff has suffered from "[b]eing compelled to litigate a lawsuit …, by itself, is not sufficient to satisfy the requirements of Article III standing because such injury would not be "fairly traceable to the defendant's allegedly unlawful conduct."" E. Iowa Plastics, Inc., 832 F.3d at 905, *quoting,* Allen, 468 U.S. at 751.

Thus, because Plaintiff can point to no injury that is fairly traceable to Defendant's trademark registration, the second element of Article III standing also is not met. Plaintiff's sole remaining claim must be dismissed for that reason, as well.

### 3. A Decision by this Court to Cancel Defendant's Mark Would Not Redress Any Alleged Injury.

To demonstrate standing, Plaintiff "must allege specific, concrete facts demonstrating that [Defendant's trademark registration] harms [plaintiff], and that [plaintiff] personally would benefit in a tangible way from the court's intervention." Warth v. Seldin, 422 U.S. 490, 491 (1975). Here, Plaintiff lacks Article III standing to bring its cancellation claim because it fails to identify any relief that will ameliorate any harm that Plaintiff may now try to allege.

Here, the Plaintiff seeks a finding that Defendant abandoned its mark through non-use, and that the cancellation of the Defendant's mark would be the proper remedy. However, Plaintiff cannot explain what harm, if any, cancellation

1. of the Defendant's mark would remedy.  As this court has already found that each of Plaintiff's allegations of Defendant's unlawful conduct are without merit, and the Parties' products entirely unrelated, the court has effectively already ruled that Plaintiff has no injury to redress.  As a result, the Plaintiffs lack standing, the Court lacks subject matter jurisdiction, and the claim must be dismissed.  Cetacean Cmty, 386 F.3d at 1174.

### 4. The *Lexmark* Zone of Interest Requirement

In additional to the tripart *Lujan* test for standing, federal statutory causes of action, including actions for the cancellation of trademarks, must demonstrate that the plaintiff is in the "zone of interest" protected by the statute:

> In *Lexmark*, the Supreme Court established two requirements for determining whether a party is entitled to bring or maintain a statutory cause of action: a party must demonstrate (i) an interest falling within the zone of interests protected by the statute and (ii) proximate causation. (citation omitted). The [*Lexmark*] Court explained that those two requirements "suppl[y] the relevant limits on who may sue" under a statutory cause of action. (citation omitted). The [*Lexmark*] Court made clear that the zone-of-interests requirement applies to all statutory causes of action, and that proximate causation generally applies to all statutory causes of action.

Corcamore, LLC v. SFM, LLC, 978 F.3d 1298, 1303 (Fed. Cir. 2020), cert. denied, 210 L. Ed. 2d 833 (May 24, 2021) (applying the "Zone of Interest" test to a trademark cancellation claim), *quoting*, Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014).

The Corcamore court found that the *Lexmark* test was met when there was a "reasonable allegation that its trademark ... and the trademark [sought to be canceled] are confusingly similar" Corcamore, LLC at 1307, *quoting,* Selva & Sons, Inc. v. Nina Footwear, Inc., 705 F.2d 1316, 1324–25 (Fed. Cir. 1983).

Conversely, as discussed above, this court has already determined that there is no likelihood of confusion between Defendant's Pocketbook.com mark and

plaintiff's Pocketbook mark.  Thus, because Plaintiff does not have a trademark registration that is confusingly similar to Defendant's mark, because their products are entirely unrelated, Defendant is not within the zone of interest intended for protection by the Lanham Act.  Thus, on this basis as well, Plaintiff lacks standing to proceed with its trademark cancellation cause of action.

### B. Defendants Have Standing for Their Cancellation Claim

Because Plaintiff has sued Defendants based on Plaintiff's trademark registrations, Defendants have suffered material harm flowing from those registrations.  Plaintif put the validity of its registrations at issue by asserting them against Defendants, forcing Defendants to spend money and resources to defend against Plaintiff's claims.  Such harm must be cognizable under Article III, giving Defendants standing on their sole remaining counterclaim for cancellation of Plaintiffs' two federal registrations.

However, Defendants are prepared to voluntarily dismiss their cancellation counterclaim in the event the Court dismisses Plaintiff's sole remaining claim.  Defendants are of the view that this litigation should terminate, as neither party is harmed by the existence of the other's registration – provided there are no remaining claims against Defendants.  Indeed, Plaintiff has offered such a "walk-away" resolution to Plaintiff, but that offer was refused, thus requiring this motion.

## III. CONCLUSION

Because Plaintiff's allegation fails to meet all three elements for Article III standing under *Lujan,* and independently fails the Zone of Interest test for statutory standing under *Lexmark*, this court must dismiss Plaintiff's final claim for cancellation of Defendant's trademark registration.

RESPECTFULLY SUBMITTED, on March 11, 2022

By: *Mike Rodenbaugh* (signature)

Mike Rodenbaugh
RODENBAUGH LAW

*Attorneys for Defendants and Counterclaimants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

By: /s/ Mike Rodenbaugh