Michael Rodenbaugh (California Bar No. 179059)
Jonathan Frost (California Bar No. 273189)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, California 94104
Phone:  (415) 738-8087
Email:  mike@rodenbaugh.com

*Attorneys for SiteTools, Inc. and Philip Ancevski*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POCKETBOOK INT'L SA,<br><br>Plaintiff,<br><br>vs.<br><br>DOMAIN ADMIN/SITETOOLS, INC.,[1] and PHILIP ANCEVSKI,<br><br>Defendants.<br>_____<br><br>*AND RELATED COUNTERCLAIMS.* | Case No.: 2:20-CV-8708-DMG (PDx)<br><br>**<u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND TO AMEND COMPLAINT</u>**<br><br>Date:    April 15, 2022<br>Time:   9:30 a.m.<br>Judge:  Hon. Dolly M. Gee |

_____

[1] Plaintiff has incorrectly named this party "Domain Admin/SiteTools, Inc."

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION.................................................................................................. 3

II.  ARGUMENT ...................................................................................................... 6

   A.Plaintiff's Motion Is Unduly Delayed ......................................................6

   B.The Proposed Amendment Would Unduly Prejudice the Defendant by Unfairly Increasing Defendants' Litigation Costs. ........................................................................7

   C. Proposed Amendment Is Futile Because Plaintiff Lacks Standing.............8

   D. Proposed Amendment Is Futile Because Claim is Time-Barred.................10

   E. Proposed Amendment Not Supported by Substantial Showing...................13

III.  CONCLUSION .............................................................................................. 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    <u>INTRODUCTION</u>

Plaintiff already sought and was granted a 90-day extension of fact discovery and other case deadlines. (Dkt. #75). Now, having done nothing at all in those 90 days, Plaintiff seeks a further extension of 180 days. Plaintiff now further seeks to amend its Complaint eighteen months after it was filed – and well after the Court granted summary judgment denying all of Plaintiff's salient claims. (Dkt. #74).

There is no good cause for any further extension, nor good cause for any amendment. Plaintiff cites FRCP 16(a) and authorities for the propositions that "good cause" analysis "primarily considers the diligence of the party seeking amendment, and the "focus of the inquiry is upon the moving party's reasons for seeking modification." (Mot., p.2). Here, Plaintiff has done nothing whatsoever since the last schedule modification, and has only nefarious motives for extending this litigation.

Under the amended schedule, fact discovery was reopened until March 15, 2022. (Dkt. #75). But Plaintiff did not serve any additional discovery requests, and has not served any since September, 2021. Plaintiff also did not produce any additional documents to support its case, since its document production in December 2021. Furthermore, Plaintiff has not requested to meet and confer with Defendants as to any alleged discovery deficiencies, which would be the first step in seeking to file a motion to compel. Therefore, since the Court last extended the case schedule, Plaintiff has not been diligent, and indeed has done nothing at all but file frivolous motions.

Plaintiff's motivation is only to extend the litigation, apparently in order to file a desperate motion to compel, and to continue to try to extort Defendants' pocketbook.com domain name for a lowball price, under threat of continued

DEFENDANTS' OPPOSITION TO
MOTION TO AMEND SCHEDULING
ORDER AND TO AMEND COMPLAINT

3

litigation. *See, Mot.,* p.1.  But Plaintiff nowhere discusses what evidence it would seek to compel, or why.  And the Court has already dismissed Plaintiff's salient claims, making it clear that Defendants have no obligation to sell their valuable domain name property to Plaintiff.  Hopefully the Court will end Plaintiff's quixotic litigation now, rather than give Plaintiff six more months to waste Defendants' time and money, and this Court's scarce resources.

As Defendants argue in their pending Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #81), Plaintiff suffers no injury from Defendant's trademark registration and so lacks standing to maintain a cancellation claim under Article III of the U.S. Constitution, under any theory.  Defendants fully incorporate those arguments in opposition to this motion, and herein explain that such claim anyway would be barred by limitations and/or laches since it arose in February 2012 when the Pocketbook.com mark was registered.  Therefore, for either or both of those reasons, Plaintiff's proposed amendment would be futile -- and so leave to amend must be denied.

Whether to grant a motion for leave to amend rests "within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962).  Under Fed. R. Civ. P. 15(a)(2), leave to amend pleadings should be granted "freely" if the situation is one in which "justice so requires." However, the Ninth Circuit has clarified:

> This strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of [undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'

Schlacter-Jones v. Gen. Tel. of California, 936 F.2d 435, 443 (9th Cir. 1991), *abrogated on other grounds*, Cramer v. Consol. Freightways, Inc., 255 F.3d 683 (9th Cir. 2001) (*citing,* Foman, 371 U.S. at 182) (denying leave to amend).  Thus, leave to amend is "not to be granted automatically." Jackson v. Bank of Hawaii,

902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend may be denied "where there is any apparent or declared reason for doing so." Lockman Found. v. Evangelical Alliance Mission, 930 28 F.2d 764, 772 (9th Cir. 1991) (citing Foman, 371 U.S. at 182).

"Undue delay is a valid reason for denying leave to amend." Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990) (affirming denial of motion to amend where plaintiffs "failed to present this [claim] in either their initial or first amended complaint"). In evaluating undue delay, courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment [at the time of] the original pleading." AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 953 (9th Cir. 2006). The absence of a satisfactory explanation for delay can suggest that the amendment is being sought in bad faith – another reason for denying a motion to amend under Foman. Inline Connection Corp. v. AOL Time Warner Inc., 237 F.R.D. 361, 369 (D. Del. 2006) ("Undue delay which is not satisfactorily explained is equivalent to bad faith."); Jackson, 902 F.2d at 1388 (leave to amend was properly denied where eight-month delay was "inexplicable and unjustified").

Additionally, the existence of a "pending summary judgment motion, and the futility of most of the proposed claims. The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weigh[] heavily against allowing leave." Schlacter-Jones, 936 F.2d at 443.  Courts in our Circuit have expanded on this requirement:  "district court cases within the Ninth Circuit do indicate that where there is a summary judgment motion pending, leave to amend may be denied when the plaintiff has not made a 'substantial showing' to support the amendment." E.g., Oncology Therapeutics Network Connection v. Virginia Hematology Oncology PLLC, No. C

05-3033 WDB, 2006 WL 334532, at *13 (N.D. Cal. Feb. 10, 2006) (citations omitted).

Finally, prejudice to the non-moving party weighs heavily against a requested amendment. <u>Jackson</u>, 902 F.2d at 1387 ("Prejudice to the opposing party is the most important factor."). In this case, Defendants are clearly prejudiced by Plaintiff's frivolous and fanciful efforts to maintain the litigation, even long after all salient claims have been dismissed. Plaintiff seeks only to use the ongoing litigation to extort the Defendants' domain name for a lowball price. That is an improper purpose, and is costing Defendants' ongoing legal fees and executive resources to defend against Plaintiff's many very late, very frivolous motions. Plaintiff is also wasting this Court's valuable and scarce resources.

## II.   <u>ARGUMENT</u>

### A.   <u>Plaintiff's Motion Is Unduly Delayed</u>

Plaintiff unduly delayed eighteen months before requesting to amend its complaint, including a full four months since Plaintiff claimed to have evidence purporting to show that the Defendant committed fraud on the USPTO. During briefing on Plaintiff's first Motion to Modify Scheduling Order, Plaintiff acknowledged that it had the purported evidence from Vistaprint as of December 9, 2021. (Dkt. #56, p.2). Yet it waited until March 17, 2022 to file this Motion, after the 90 days it previously was granted.

During that time, Plaintiff has done nothing whatsoever to further discover evidence from Defendants or Vistaprint, or to produce evidence in support of Plaintiff's case. Plaintiff offers no explanation for waiting four months to bring the instant Motion. As the Ninth Circuit has made very clear: "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify

should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

**B.    The Proposed Amendment Would Unduly Prejudice the Defendant by Unfairly Increasing Defendants' Litigation Costs.**

The Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

An order granting Plaintiff leave to amend its complaint as such a late point in this litigation would unfairly prejudice Defendants by driving up their costs unreasonably. Fact discovery opened June 1, 2021, but Plaintiff did not serve discovery requests for 108 days, until mid-September. Plaintiff was aware of Vistaprint upon receipt of Defendants' interrogatory responses October 19, 2021. They then waited more than a month to send a subpoena, just three weeks prior to close of discovery (as of that time). If Plaintiff had acted reasonably by seeking timely discovery in the first place, or even since the Court allowed three more months already, then Plaintiff would not need additional time now. Instead, Plaintiff has done nothing with the 90 days it was given, and now wants 180 days to do nothing more than file a desperate motion to compel (which it has not even begun to meet and confer about) and otherwise prolong this litigation.

Plaintiff also relies upon the purported "new evidence" of URLs that contained Plaintiff's "Surfpad" mark, which apparently were created by Plaintiff and then archived by the Wayback Machine in 2012. Defendants rely upon their arguments in Opposition to Plaintiff's Motion for Reconsideration (Dkt. # 88), as if fully set forth herein. In fact, this is not new evidence, as it has been readily available to Plaintiff since at least 2018. That is another basis for denying Plaintiff's motion. Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1990) (affirming

1
2
3

denial of leave to amend where documents supporting the amendment were "known to Kaplan from the beginning" of the case). This purported evidence is also inconsequential as a matter of law, as argued therein.

4
5
6
7
8
9
10

Prolonging this case will further prejudice Defendants due to the difference in financial resources between the Plaintiff and Defendants. Kaplan, 49 F.3d at 1370 ("Expense, delay, and wear and tear on individuals and companies count toward prejudice."). Plaintiff is an international organization, apparently with substantial legal resources, while Defendant is one-person company suffering the weight and expense of unjustified litigation. Unwarranted prolongment of this litigation therefore is far more burdensome on Defendant than on Plaintiff.

11

## C.   **Proposed Amendment Is Futile Because Plaintiff Lacks Standing.**

12
13
14
15
16
17
18

Leave to amend should not be granted if the amendment would be futile. E.g., Mueller v. Auker, 700 F.3d 1180, 1191 (9th Cir. 2012) (denying leave to amend). Plaintiff seeks to amend its complaint to add an additional theory for cancellation of Defendant's <pocketbook.com> trademark on the basis of fraud. But as with its existing cancellation claim, it also lacks Article III standing to assert cancellation based on fraud per 15 U.S.C. Sec. 1120.

19
20
21
22
23
24
25
26
27

Plaintiff incorporates is Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #88), herein, as well as the arguments filed in Reply today as to that motion. Plaintiff's own authorities stand for the proposition that Plaintiff must allege particularized harm, directly attributable to Defendants' trademark registration, in order to maintain any sort of cancellation claim. Because Plaintiff has three trademark registrations of its POCKETBOOK mark, and has never been denied anything nor otherwise been harmed as a result of Defendants' mark, it cannot assert any cognizable harm. Therefore, Plaintiff lacks standing, the court lacks jurisdiction, and Plaintiff's amendment is futile.

28

DEFENDANTS' OPPOSITION TO                              8
MOTION TO AMEND SCHEDULING
ORDER AND TO AMEND COMPLAINT

Plaintiff, in its proposed First Amended Complaint, adds only the following bare allegations that it has sustained any injury as a result of the registration of Defendant's Pocketbook.com mark:

- "As a result of the illicitly registered trademarks, which registrations were secured and maintained through the false and fraudulent scheme outlined above, Pocketbook has suffered damages from Defendants' purported exclusive rights in the POCKETBOOK.COM® registration, including Defendants' false claim that the registration is actually for merely POCKETBOOK® on their website." [Complaint, pg. 13].

This allegation is only a bare assertion of injury, with no explanation of any purported, concrete injury. It should therefore be disregarded.

- "By virtue of ownership of the federal registration, Defendants enjoy a false aura of exclusive rights in the POCKETBOOK® and POCKETBOOK.COM®, which they have used to create an aura of legitimacy to disrupt Pocketbook's business operations." [*Id.*, pg. 13].

This allegation of interference with Plaintiff's business is untenable because the court has already found for the Defendant on the issue of likelihood of confusion, as Plaintiff fails to allege any concrete facts as to how Defendant's trademark has "disrupt[ed] [Plaintiff's] business operations." Indeed, Plaintiff fails to even allege how its business operations have been disrupted, at all.

- "Pocketbook has suffered damages based on at least diverted staff time and marketing expenses to counter Defendant's use of the federal trademark registration to misdirect customers and to cause loss in the number of prospects." [Complaint, pg. 13].

Again, Plaintiff's allegation that Defendant's trademark registration somehow has caused the misdirection of Plaintiff's customer and loss of prospects is undermined by this court's finding that there is no likelihood of confusion

DEFENDANTS' OPPOSITION TO
MOTION TO AMEND SCHEDULING
ORDER AND TO AMEND COMPLAINT

9

between Defendant's use of Pocketbook.com and Plaintiff's mark.  Plaintiff's claim is further undermined by the fact that Plaintiff has never produced evidence of even a single instance of actual consumer confusion, despite the parties' respective marks co-existing for ten years.  See, e.g., Cohn v. Petsmart, Inc., 281 F.3d 837, 842 (9th Cir. 2002) (no likelihood of confusion where marks co-existed for six years without any actual confusion – "some evidence of actual confusion should have become available if Petsmart's coexisting use had created a genuine likelihood of confusion").

- "Pocketbook has incurred both monetary damages due to lost sales and reputational damages as a proximate result of Defendants' false or fraudulent federal registration." [Complaint, pg. 13].

Again, this is only a bare assertion of injury, with no explanation of any purported, concrete injury that possibly could be attributed to Defendants.  Plaintiff does not allege how Defendants' trademark registration somehow causes reputational harm or lost sales to Plaintiff.  It should therefore be disregarded.

Nowhere in the proposed Amended Complaint does Plaintiff plausibly allege that the registration of Defendants' Pocketbook.com mark has caused any injury particular to Plaintiff.  Thus, because Plaintiff cannot allege any concrete injury, Plaintiff lacks standing and this court lacks jurisdiction.  Therefore, this court granting leave to amend would be futile.

## D.   Proposed Amendment Is Futile Because Claim is Time-Barred

In addition to the foregoing, Plaintiff's cancellation claim is futile because Plaintiff's unreasonable and prejudicial delay constitutes laches.  In the Ninth Circuit, "[i]t is well established that laches is a valid defense to Lanham Act claims." E.g., Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002) (affirming summary judgment). A party asserting laches must show that

(1) the plaintiff's delay in filing suit was unreasonable, and (2) it would suffer prejudice caused by the delay if the suit were to continue. _Id_. at 838 (holding that seven-year delay in filing suit was both unreasonable and prejudicial) (citing, Danjaq LLC v. Sony Corp., 263 F.3d 942, 951 (9th Cir. 2001)).

Plaintiff cites to Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993) to argue that Plaintiff has standing to bring a trademark fraud claim, but that case primarily stands for the rule that, in order to avoid a laches defense, an aggrieved party must file its claim within the statute of limitations of the fraud statute for the applicable state. So, the court applied Oregon's 2-year statute of limitations to bar a Section 1120 claim. In this case, the applicable laches period is 3 years under California's fraud statute. It is certainly much less than eight or ten years...

The Goss court held that the claim accrued upon the defendant's trademark registration date, which in these Defendants' case was February 2012. Moreover, Plaintiff knew of Defendants' Pocketbook.com trademark registration and website at least by 2014 when it first contacted Defendant to inquire about purchasing the domain name.

Plaintiff's delay cannot possibly be deemed reasonable, as a matter of law. Plaintiff incorporates herein its Motion for Summary Judgment (Dkt. #52, and related Reply, Dkt. #64) briefing and evidence produced on the issue of laches. The reasonableness of the plaintiff's delay is considered in light of the time allotted by the analogous limitations period. Jarrow, 304 F.3d at 838 (finding a 3-year analogous limitations period for trademark infringement claims, adopting the California fraud statute); Danjaq, 263 F.3d at 952 ("Generally speaking, the relevant delay is the period from when the plaintiff knew (or should have known) of the allegedly infringing conduct, until the initiation of the lawsuit in which the defendant seeks to counterpose the laches defense.").

Plaintiff delayed filing suit for nearly seven years since it first wrote to Defendants. Thus, there can be no question that such delay is clearly unreasonable. <u>See, e.g., RSI Corp. v. IBM Corp.</u>, 2012 WL 3277136, at *15 (N.D. Cal. 2012) (finding that seven-year delay was unreasonable); <u>Saul Zaentz Co. v. Wozniak Travel, Inc.</u>, 627 F.Supp.2d 1096, 1117 (N.D. Cal. 2008) (granting summary judgement because "the court concludes that plaintiff's delay of at least eighteen years is unreasonable"); <u>Grupo Gigante SA De CV v. Dallo & Co., Inc.</u>, 391 F.3d 1088, 1105 (9th Cir. 2004) (finding laches from delay of four years); <u>Jarrow</u>, 304 F.3d at 839 ("seven-year delay is more than double the time available to file suit under the analogous limitations period.").

The Ninth Circuit recognizes "two chief forms of prejudice in the laches context -- evidentiary and expectations-based. Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died. A defendant may also demonstrate prejudice by showing that it took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly. <u>Danjaq</u>, 263 F.3d at 955. Sitetools has suffered both types of prejudice from Plaintiff's unexcused delay in bringing this suit now.

Defendants operated their business for nearly 10 years before hearing any complaints from Plaintiff or anyone else regarding the Pocketbook.com trademark registration. Indeed, Plaintiff inquired at least three times about purchasing the pocketbook.com domain name, without ever raising a legal claim until 2019. During that time, Sitetools invested substantial effort and planning into its business, and has relied on the revenue that <pocketbook.com> generates.

In addition, Defendants have had to defend against Plaintiff's claim to its trademark registration, based on documents and business records which have grown stale over time. Not many people or businesses can prove in much detail what they were doing 10 years ago, through documentary evidence or otherwise.

Sitetools has located only a small subset of the relevant documents from that time period, as many email, financial and other electronic records were destroyed years ago. Many witnesses and the vast majority of documents are not available at this time, including mortgage brokers who paid for Defendants' service. Therefore, Defendants have proved their laches defense as a matter of law, such that any and all of Plaintiffs' claims should be dismissed on that basis, as well.

## E.   Proposed Amendment Not Supported by Substantial Showing

"[W]here there is a summary judgment motion pending, leave to amend may be denied when the plaintiff has not made a "substantial showing" to support the amendment." Oncology Therapeutics Network Connection, 2006 WL 334532, at *13:

> We conclude that, *in this Circuit,* whether there is a summary judgment motion pending is a factor the Court may consider in assessing whether there has been undue delay and/or prejudice to the defendant. Typically, summary judgment motions are brought after the parties have substantially developed the case through discovery. Under those circumstances (which are *not* present here) the Court should take special care to ensure that plaintiff is not abusing the system and that defendants will not be unduly prejudiced.

In this case, discovery has already closed, summary judgment has been granted, and a motion for reconsideration is currently pending before this court. Thus, because this case is in such a late stage, the Ninth Circuit's heightened showing requirement to amend a complaint applies.

However, Plaintiff has not supported any of its allegations with a substantial showing of any evidence. For instance, Plaintiff makes various allegations of Defendants' intentions regarding its statements before the USPTO in its various filings. But Plaintiff has provided no substantial showing of evidence regarding Defendant's intent or state of mind, which is a necessary element of the alleged

DEFENDANTS' OPPOSITION TO
MOTION TO AMEND SCHEDULING
ORDER AND TO AMEND COMPLAINT

13

1
2
trademark fraud.  Likewise, Plaintiff has provided no evidence whatsoever of any damage it particularly has suffered, that can be attributable to Defendants.

3
4
   Thus, because Plaintiff failed to make a substantial showing of evidence as to the veracity of its trademark fraud claim, this court should deny leave to amend.

5
## III. <u>CONCLUSION</u>

6
7
   Therefore, for the reasons stated above, Plaintiff's motion must be denied.

8
RESPECTFULLY SUBMITTED, on March 25, 2022.

9
10
By: _____

11
  Mike Rodenbaugh
  RODENBAUGH LAW
*Attorneys for Defendants and Counterclaimants*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO    14
MOTION TO AMEND SCHEDULING
ORDER AND TO AMEND COMPLAINT