UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-8708-DMG (PDx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 1 of 9 |

Present: The Honorable  **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTION TO DISMISS FOR LACK OF JURISDICTION, MOTION FOR RECONSIDERATION, AND MOTION TO AMEND THE SCHEDULING ORDER [81] [82] [85]**

Before the Court are three fully-briefed motions: Defendants' Motion to Dismiss for Lack of Jurisdiction ("MTD") [Doc. # 81 (motion), 87 (opposition), 90 (reply)], Plaintiff's Motion for Reconsideration of the Court's Summary Judgment Order ("MFR") [Doc. # 82 (motion), 88 (opposition), 91 (reply)], and Plaintiff's Motion to Amend the Scheduling Order and File a First Amended Complaint ("MLA") [Doc. # 85 (motion), 89 (opposition), 94 (reply)]. Having carefully considered the parties' submissions, the Court **DENIES** Plaintiff's MFR, **DENIES** Plaintiff's MLA, and **GRANTS** Defendants' MTD.

**I.
BACKGROUND**

The Court has previously described the factual and procedural background of this case, and incorporates its prior description herein. *See, e.g.*, Order re Defendants' Motion for Summary Judgment ("MSJ") at 2-7 [Doc. # 74]. Relevant for purposes of this Order, Plaintiff Pocketbook Int'l SA ("Pocketbook") filed this action in this Court on September 22, 2020, asserting claims for (1) trademark infringement under the Lanham Act, (2) trademark dilution under the Lanham Act, (3) unfair competition under the Lanham Act, (4) cybersquatting under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), (5) common law trademark infringement, (6) violation of California's Unfair Competition Law ("UCL"), and (7) cancellation of a trademark registered by Defendants. [Doc. # 1.] Pocketbook subsequently dismissed its claim for trademark dilution. [Doc. # 14.] Defendants SiteTools, Inc. and Philip Ancevski filed an Answer asserting counterclaims for (1) abandonment of trademark, (2) reverse domain name hijacking, and (3) unfair competition under the UCL. [Doc. # 25.] The reverse domain name hijacking counterclaim and the UCL claim were also dismissed. *See* Order re Plaintiff's Motion to Strike and Dismiss [Doc. # 37], Notice of Non-Amendment [Doc. # 40].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-8708-DMG (PDx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 2 of 9 |

On February 2, 2022, the Court granted summary judgment for Defendants on Pocketbook's claims for trademark infringement, unfair competition, cybersquatting, common law trademark infringement, and violation of California's UCL. *See* Order re Defendants' Motion for Summary Judgment ("MSJ") [Doc. # 74]. After summary judgment, only Pocketbook's claim for cancellation of Defendants' trademarks and Defendants' counterclaim for abandonment of trademark remained. *See id*. The Court also granted Pocketbook's motion to continue the trial, and extended the discovery deadline to March 15, 2022 to allow Pocketbook to take additional discovery on its cancellation claim. [*See* Doc. # 75.]

On March 12, 2022, Defendants filed the instant MTD, and Pocketbook filed its MFR. On March 17, 2022, Pocketbook filed its MLA.

## II.
## DISCUSSSION

Although the parties have filed a total of three separate motions, they are intertwined, so the Court summarizes all three motions at the outset of the discussion.

Pocketbook moves for reconsideration of the Court's MSJ Order on the basis that newly-discovered evidence shows Defendants intentionally misdirected internet traffic away from Pocketbook and toward Defendants' website. Pocketbook argues this new evidence shows the Court erred in failing to consider Pocketbook's initial interest confusion theory of trademark infringement. *See* MFR at 7.[1]

Defendants seek an order dismissing Pocketbook's remaining claim for cancellation of Defendants' Pocketbook.com trademark because Pocketbook lacks standing to pursue that claim. Because the Court concluded there was no likelihood of confusion of Defendants' products with Pocketbook's trademark, Defendants contend Pocketbook cannot show an injury sufficient to support its cancellation claim. *See* MTD at 8.

As an alternative to its MFR, Pocketbook moves to extend the trial date by 180 days and to file a first amended complaint ("FAC") based on the newly-discovered evidence discussed in its MFR. The proposed FAC would add a claim for false or fraudulent trademark registration, and drop all the claims on which the Court found in Defendants' favor at summary judgment. *See* MLA at 3.

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-8708-DMG (PDx) | Date | June 6, 2022 |
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 3 of 9 |

### A.  Motion for Reconsideration

Defendants argue that Pocketbook's MFR is untimely.  Local Rule 7-18 requires that parties seeking reconsideration of an order file their motion for reconsideration within 14 days of the entry of the order unless the party can show good cause for delay.  C.D. Cal. L.R. 7-18.  While Pocketbook does not use the words "good cause," Pocketbook asserts that it did not discover the new evidence until after this 14-day period had elapsed, and therefore asks the Court to consider its MFR.  *See* Konovalov Decl. ¶ 6 [Doc. # 82-1].

Pocketbook's new evidence consists of screenshots from Archive.org showing that Defendants' website, pocketbook.com, included references to another of Pocketbook's trademarks, "Surfpad," in the post-domain path of its uniform resource locator ("URL") in two locations.[2]  Pocketbook contends that Defendants should have turned over this information in discovery.[3]  Defendants respond that they did not in fact use Pocketbook's "Surfpad" trademark, but rather that Pocketbook or someone else used Pocketbook's "Surfpad" trademark in a site path and that Archive.org mistakenly archived the use as one by Defendants.[4]  If Defendants did not actually use Pocketbook's "Surfpad" trademark in their post-domain URL, it would have been impossible for Defendants to turn that information over in discovery.  Given that the pages reflecting "Surfpad" in their URL include ads for financial products, which do not compete with Pocketbook's e-readers, Defendants' explanation appears more plausible.  The Court therefore concludes that Pocketbook has not met its burden to show good cause for its failure to uncover this information, and present it to the Court, in opposition to Defendants' MSJ.

---

[2] The Archive.org screenshots show links for "www.pocketbook.com/products/pocketbook-surfpad-u7" and "www.pocketbook.com/us/products/pocketbook-surfpad-u7."

[3] Pocketbook appears to concede the argument, raised in its MFR, that it was unable to discover this evidence until now because Archive.org was unable until recently to search archived sitemaps.  In response, Defendants present evidence that Archive.org in fact could search archived sitemaps by 2018 at the latest, and Pocketbook changes course in its Reply.

[4] Defendants do not argue that Pocketbook hacked or otherwise logged into Defendants' website to insert this information.  Rather, Defendants assert that Pocketbook or another party inadvertently linked to www.pocketbook.com/products/pocketbook-surfpad-u7 (using Defendants' domain name) instead of www.pocketbook-int.com/products/pocketbook-surfpad-u7 (using Pocketbook's actual domain name).  Defendants suggest that, in attempting to reach the link, the internet browser redirected to Defendants' homepage, where Archive.org's web crawler picked up the activity.  Pocketbook seems to misunderstand Defendants' argument, and asserts in its Reply only that it did not have access to passwords for Defendants' websites, and so could not have inserted the "Surfpad" trademark into the post-domain path of a page on www.pocketbook.com.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | June 6, 2022 |
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 4 of 9 |

Even if Pocketbook had uncovered this evidence sooner, however, and even accepting Pocketbook's interpretation of the evidence (*i.e.*, that Defendants intentionally used Pocketbook's "Surfpad" trademark in their URL), it would not have changed the Court's reasoning with respect to Defendants' MSJ. Determination of a party's motion for reconsideration rests within the Court's discretion. *See United States v. Brobst*, 558 F.3d 982, 994 (9th Cir. 2009); *see also United States v. Hobbs*, 31 F.3d 918, 923 (9th Cir. 1994). Under this district's Local Rules, the Court cannot reconsider a previous ruling unless the party requesting reconsideration meets the following standard:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion . . . .

C.D. Cal. Local Rule 7-18; *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (motion for reconsideration is not a vehicle to reargue the motion, present arguments which could reasonably have been raised earlier, or present evidence which should have been raised before). "Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citation omitted).

Pocketbook contends that this new evidence is a material difference in fact that supports its "initial interest confusion" theory. But the new evidence does not change the Court's analysis of this theory in the MSJ Order.

"Initial interest confusion is customer confusion that creates initial interest in a competitor's product. Although dispelled before an actual sale occurs, initial interest confusion impermissibly capitalizes on the goodwill associated with a mark and is therefore actionable trademark infringement." *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 936 n.2 (9th Cir. 2015). The Ninth Circuit has applied this doctrine to the use of another's trademark as a domain name. *See, e.g., Brookfield*, 174 F.3d at 1062. But "not every trademark.com domain name is likely to cause consumer confusion." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-8708-DMG (PDx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 5 of 9 |

F.3d 1171, 1178 n.4 (9th Cir. 2010) (citing *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 944–45 (9th Cir. 2002)).

In *Interstellar Starship*, the Ninth Circuit emphasized that "actionable initial interest confusion on the Internet is determined, in large part, by the relatedness of the goods offered and the level of care exercised by the consumer." 304 F.3d at 945. In *Interstellar Starship*, the plaintiff, who owned the trademark "EPIX," sued the owner of epix.com for trademark infringement. The plaintiff's and the defendant's "products" were "extraordinarily different": the plaintiff sold electronic imaging hardware and software; the defendant used epix.com to promote the Clinton Street Cabaret, a theater group in Portland, Oregon that performed *The Rocky Horror Picture Show*. *See id.* at 945, 939-40. The Ninth Circuit affirmed the district court's judgment in favor of the defendant, because:

> Upon arriving at [the defendant's] epix.com website, the consumer would not think that [the plaintiff] licensed, sponsored, or owned the [defendant's] website. She would simply come to the inevitable and correct conclusion that more than one company uses the EPIX name and that [the plaintiff] operates its website at a different address. Indeed, any consumer looking for [the plaintiff], who mistakenly guessed that it could be found at www.epix.com, would realize in one hot second that she was in the wrong place and either guess again or resort to a search engine to locate the [plaintiff's] site at www.epixinc.com.

304 F.3d at 946.

The same reasoning applies here. As the Court stated in its MSJ Order, Pocketbook's and Defendants' products are extremely different: Pocketbook sells e-readers, and Defendants redirect pocketbook.com to refinancemortgage.com, where they offer finance widgets. They also ascribe strikingly different meanings to their use of the compound word "pocketbook." These differences mean that "any consumer looking for [Pocketbook], who mistakenly guessed that it could be found at [www.pocketbook.com], would realize in one hot second that she was in the wrong place and either guess again or resort to a search engine" to find Pocketbook's website. Pocketbook's new evidence here does not change the Court's conclusion that there is no likelihood of confusion between Defendants' products and Pocketbook's trademark. The Court therefore declines to reconsider its MSJ Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8708-DMG (PDx)** | Date | June 6, 2022 |
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 6 of 9 |

**B.     Pocketbook's Motion to Amend the Schedule and To File a First Amended Complaint**

If it should lose its MFR, Pocketbook seeks leave to amend its complaint, to reopen discovery, and to continue the trial 180 days. Pocketbook's proposed FAC would add a claim for false or fraudulent trademark registration, under 15 U.S.C. section 1120, and remove all the claims on which the Court found in Defendants' favor at summary judgment. Pocketbook seeks to reopen discovery because the Court's previous extension did not give Pocketbook sufficient time to obtain the discovery it seeks.

In the case where a district court has filed a pre-trial scheduling order, and the date to amend the pleadings has expired, the plaintiff must first satisfy the "good cause" requirement of Federal Rule of Civil Procedure 16(b)(4) before a court may consider whether an amended pleading under Rule 15 is proper. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-609 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. If the moving party was not diligent, the inquiry ends. *Id.* Indeed, the Court's Initial Standing Order warns in language too clear to be misunderstood that "[a] request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence." Initial Standing Order at 11 [Doc. # 10] (emphasis in original).

The deadline to amend the pleadings in this matter was September 10, 2021, and the fact discovery cut-off (extended, at Pocketbook's request, in February) was March 15, 2022. Pocketbook filed its MLA on March 17, 2022. Pocketbook therefore must show good cause for its delay in seeking leave to amend. Pocketbook has not done so. Pocketbook's new fraud allegations are primarily based on evidence of Defendants' purportedly fraudulent submissions to the USPTO, which Pocketbook filed in support of its opposition to Defendants' MSJ in January. Had Pocketbook concluded, at the time it obtained that evidence, that amendment of its complaint was necessary, Pocketbook should have sought leave to amend at that time. Instead, Pocketbook waited until after the Court had already granted summary judgment in Defendants' favor on nearly all of Pocketbook's claims. Even now, Pocketbook seeks to amend only if the Court denies its MFR.

Indeed, with its MLA—which was filed a week after Defendants moved to dismiss Pocketbook's remaining claim for lack of subject matter jurisdiction—Pocketbook appears to seek to avoid dismissal of its claim for cancellation of Defendants' trademark. The Lanham Act does not provide an independent cause of action for cancellation of a trademark, so a cancellation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-8708-DMG (PDx) | Date | June 6, 2022 |
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 7 of 9 |

claim can be asserted only in conjunction with a trademark infringement claim or another claim concerning a trademark. *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014). Pocketbook contends that, if the Court grants its motion for leave to amend to assert a claim for fraud, that claim will serve as the predicate for its cancellation claim. In *SmileDirectClub, LLC v. Berkely*, No. SA CV 18-1236-JVS (KESx), 2018 WL 8131096 (C.D. Cal. Oct. 26, 2018), the court allowed the plaintiff to maintain a cause of action for cancellation, even in the absence of an independent claim for trademark infringement, because the plaintiff asserted a claim for fraudulent registration.

Pocketbook's desire to avoid the consequences of its loss at summary judgment do not constitute good cause under Rule 16. *Accord Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991) (affirming denial of motion for leave to amend brought after summary judgment, and shortly before trial); *see also Roberts v. Hayward Unified Sch. Dist.*, No. 18-CV-02209-JSC, 2019 WL 11250162, at *2 (N.D. Cal. May 3, 2019) (no good cause where plaintiff waited five months to seek leave to amend, "after summary judgment was decided and fact discovery closed"). Accordingly, Pocketbook's motion to amend the schedule to reopen discovery, continue trial, and allow it to file an amended complaint is **DENIED**.

**C.      Defendants' Motion to Dismiss**

Even if Pocketbook had shown good cause to amend the schedule, Pocketbook's MLA would be futile because Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the ground that Pocketbook has not alleged sufficient injury to support Article III standing for either its fraud or cancellation claims.

Only a person injured by a false or fraudulent trademark registration may pursue a claim for damages caused by such a registration. 15 U.S.C. § 1120. In the closely-related cancellation context, a petitioner "must show a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark." *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984). The Ninth Circuit has suggested that either a non-frivolous assertion of a likelihood of confusion or a rejection of the petitioner's trademark application could support standing, although "a petitioner's standing must be scrutinized case-by-case." *Id*.

Pocketbook's allegations of injury in its FAC are all predicated on confusion between Pocketbook's products and Defendants' products. Pocketbook asserts that "genuine and actual confusion exists in the marketplace as a result of the Defendants' actionable conduct." FAC ¶ 27. Pocketbook claims that "[a]s a result of Defendants' unlawful activities, Pocketbook has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-8708-DMG (PDx) | Date | June 6, 2022 |
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 8 of 9 |

suffered irreparable harm, and, unless this Court enjoins Defendants, will continue to suffer irreparable harm for which there is no adequate remedy at law." *Id.* at ¶ 31. Pocketbook also asserts it has

> suffered damages based on at least diverted staff time and marketing expenses to counter Defendants' use of the federal trademark registration to misdirect customers and to cause loss in the number of prospects. Pocketbook has incurred both monetary damages due to lost sales and reputational damages as a proximate result of Defendants' false or fraudulent federal registration.

*Id.* at ¶ 46.

Pocketbook's only specific allegations regarding the injuries it has suffered relate to its allegation that Defendants' use of pocketbook.com creates a likelihood of confusion with Pocketbook's trademark. The Court has already granted summary judgment for Defendants, and rejected Pocketbook's MFR, on the issue of likelihood of confusion. Pocketbook does not allege, and does not argue, that its trademark application has been rejected because of Defendants' trademark. *Cf. SmileDirectClub,* 2018 WL 8131096, at *7 (finding standing to bring fraudulent registration claim because the plaintiff's trademark application was rejected due to defendant's allegedly fraudulent registration). The Court therefore concludes that Pocketbook's proposed FAC does not allege an injury sufficient to support its Article III standing to bring a fraudulent registration or cancellation claim, and amendment would be futile.

Because Pocketbook's only remaining claim is a cancellation claim, and it cannot maintain an independent cancellation claim, Defendants' motion to dismiss that claim is **GRANTED**.

### III.
### CONCLUSION

In light of the foregoing, Pocketbook's MFR is **DENIED**, and Pocketbook's MLA is **DENIED**. Defendants' MTD is **GRANTED**. Pocketbook's sole remaining claim for cancellation of Defendants' trademark is **DISMISSED** for lack of jurisdiction.

In their filings, Defendants represent that they intend to dismiss their counterclaim for abandonment of trademark, in the event Pocketbook's remaining claim is dismissed. Defendants shall voluntarily dismiss their counterclaim, or the parties shall file a joint status report regarding what remains to be tried, by no later than June 13, 2022. The pretrial filing deadlines, final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-8708-DMG (PDx) | Date | June 6, 2022 |
|---|---|---|---|
| Title | *Pocketbook Int'l SA v. Domain Admim/Sitetools, Inc., et al.* | Page | 9 of 9 |

pretrial conference, and trial date are **VACATED**, to be re-set if necessary after the June 13 deadline.

**IT IS SO ORDERED**.